# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| Jesika Brodiski and Peter Hayward, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br> v.<br><br>Capital One Financial Corporation, Wikibuy LLC, and Wikibuy Holdings LLC,<br><br>     Defendants. | Case No. 1:25-cv-00023 |
| Brian Moses and Clearvision Media, Inc., on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br> v.<br><br>Capital One Financial Corporation, d/b/a Capital One, d/b/a Capital One Shopping,<br><br>     Defendant. | Case No. 1:25-cv-00039 |
| Shonna Coleman<br><br>     Plaintiff,<br> v.<br><br>Capital One Financial Corporation, Wikibuy LLC, and Wikibuy Holdings LLC,<br><br>     Defendant. | Case No. 1:25-cv-00060 |
| Storm Productions LLC, on behalf of itself and others similarly situated,<br><br>     Plaintiff,<br> v.<br><br>Capital One Financial Corporation, Wikibuy LLC, and Wikibuy Holdings LLC,<br><br>     Defendants. | Case No. 1:25-cv-00102 |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF JOINT MOTION FOR ORDER GRANTING TRANSFER AND CONSOLIDATION AND SETTING DEADLINES FOR APPOINTMENT OF INTERIM CLASS COUNSEL

**I.     INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiffs Jesika Brodiski, Peter Hayward, Brian Moses, Clearvision Media, Inc., Shonna Coleman, and Storm Productions LLC (collectively, "Plaintiffs") respectfully request consolidation of: (i) *Brodiski and Hayward v. Capital One Financial Holding Corporation, et al.*, Case No. 1:25-cv-00023 (E.D. Va., filed January 6, 2025)(the "*Brodiski* Action"); (ii) *Moses and Clearvision Media, Inc. v. Capital One Financial Corporation, et al.,* Case No. 1:25-cv-00039 (E.D. Va., filed January 9, 2025)(the "*Moses* Action"); (iii) *Coleman. v. Capital One Financial Corporation, et al.,* Case No. 1:25-cv-00060 (E.D. Va., filed January 13, 2025)(the "*Coleman* Action"); and (iv) *Storm Productions LLC v. Capital One Financial Corporation, et al*., Case No. 1:25-cv-00102 (E.D. Va., filed January 21, 2025)(the "*Storm* Action")(collectively, the "Related Actions") into the *Brodiski* Action, as well as any subsequently filed or transferred actions arising from the same subject matter, for all purposes before the Honorable District Judge Anthony J. Trenga and Magistrate Judge William B. Porter.

Transfer and consolidation is appropriate under Federal Rule of Civil Procedure 42(a) because the Related Actions involve common questions of law and/or fact insofar as they all name Capital One Financial Corporation ("Capital One" or "Defendant") as the defendant, arise from the same events, and assert overlapping claims on behalf of nearly identical classes.

In addition to consolidation, and consistent with the Manual for Complex Litigation, appointment of interim class counsel will clarify the roles and responsibilities of counsel on behalf of the class(es), avoid duplicative work and promote judicial efficiency. Plaintiffs respectfully

request that the Court implement a process for interested parties to submit applications for interim lead counsel appointments following consolidation of the Related Actions.

For the foregoing reasons and those that follow, Plaintiffs respectfully request the Court consolidate the Related Actions and set a schedule for briefing on motions to appoint interim class counsel.

## II.     BACKGROUND

The Related Cases arise from Capital One's alleged use of the Capital One Shopping browser extension to steal Plaintiffs' affiliate marketing commissions by displacing tracking tags and affiliate marketing cookies which would otherwise credit Plaintiffs with the referral and sale of products and services. As discussed below, each of the Related Actions arise from the same operative facts and raise the same questions of law and fact. Therefore, judicial economy weighs in favor of consolidation.

Plaintiffs in each of the Related actions allege that they are online marketers who earn revenue by participating in affiliate marketing programs wherein they promote products and services via affiliate marketing links. *Brodiski*, Dkt. 1 ¶¶ 12, 65-70; *Moses*, Dkt. 1 ¶ 1; *Coleman*, Dkt. 1 ¶¶ 58-60; *Storm*, Dkt. 1 ¶¶ 12-13, 21-23. Plaintiffs in each of the Related Actions further allege that Capital One, via the Capital One Shopping browser extension, stole credit for referrals and sales commissions by displacing their respective tracking tags and affiliate marketing cookies. *Brodiski*, Dkt. 1 ¶¶ 74, 80; *Moses*, Dkt. 1 ¶¶ 40-43; *Coleman*, Dkt. 1 ¶¶ 36, 61; *Storm*, Dkt. 1 ¶¶ 14-20, 24. The Related Actions name Capital One Financial Corporation and its wholly owned subsidiaries as Defendants. *Brodiski*, Dkt. 1 ¶¶ 18-20; *Moses*, Dkt. 1 ¶¶ 20, 22; *Coleman*, Dkt. 1 ¶¶ 16-20; *Storm*, Dkt. 1 ¶¶ 6-8. Furthermore, Plaintiffs in the Related Actions allege the same type

of conduct resulted in the theft of their affiliate marketing commissions. *Brodiski*, Dkt. 1 ¶¶ 74, 80; *Moses*, Dkt. 1 ¶¶ 28, 32; *Coleman*, Dkt. 1 ¶ 61; *Storm*, Dkt. 1 ¶¶ 14-20, 24.

### III.   ARGUMENT

#### A. The Court should Consolidate All of the Related Actions Under Rule 42(a)

Federal Rule of Civil Procedure 42(a) governs consolidation and states that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Under that rule, this Court enjoys considerable discretion to consolidate cases pending in the same district. *See A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928, 933 (4th Cir. 1977); *Harrell v. Tutt, Taylor & Rankin Real Est. LLC*, No. 1:20-CV-1347, 2020 WL 9348161, at *2 (E.D. Va. Dec. 9, 2020). In evaluating whether to consolidate cases under Rule 42(a), the Court looks to whether "specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982) (citing 9 C. Wright & A. Miller, Federal Practice & Procedure: Civil § 2383 (1971)). Here, the requirements of Rule 42(a) are met. *See Campbell v. Bos. Sci. Corp.*, 882 F.3d 70, 74 (4th Cir. 2018).

First, consolidation is appropriate because the Related Actions are substantively identical and are in the same stage of litigation. Each action: (i) is brought as a putative class action seeking to certify the same class of individuals; (ii) alleges nearly identical claims; and (iii) arise out of the same course of conduct—namely Capital One's use of the Capital One Shopping browser

extension—that inflicted the same alleged injuries. The identical factual predicate of each of the Related Actions, coupled with the identical questions of law the Related Actions present, merits consolidation. *Darrin v. Huntington Ingalls Indus.*, Nos. 4:23-cv-00053; 4:23-cv-00055; 4:23-cv-00059; 4:23-cv-00065, 2023 WL 4938072, at *1 (E.D. Va. July 6, 2023) (consolidating cases where "[a]ll four…cases arise out of the same alleged data breach…"). All Plaintiffs seek relief based on the same alleged harm and course of misconduct.  Indeed, a cursory review of the class allegations demonstrates that the Related Actions will require the same legal determinations regarding liability and harm. Consolidation is further supported by the fact that Defendants' anticipated defenses will share many common questions of law and fact.  In short, consolidating the Related Actions is the appropriate and sensible course of action.

Second, the risk or prejudice and possible confusion is not present here, and thus does not counsel against consolidation. "Courts primarily cite risk of prejudice and possible confusion as a factor counseling against consolidation in the Rule 42(a) context when there exists multiple similarly situated Plaintiffs.  In these cases, Courts are careful to ensure that jurors will not conflate similar albeit distinct claims raised by different plaintiffs to the unfair detriment of a Defendant." *Harrell*, 2020 WL 9348161, at *3 (E.D. Va. Dec. 9, 2020) (citing *Campbell*, 882 F.3d at 74-75) (internal citation omitted).  Here, however, both cases allege similar causes of action, class claims, and assert that class treatment is appropriate, obviating concerns about jury confusion. *Compare Brodiski*, Dkt. 1 *with Moses*, Dkt. 1, *Coleman*, Dkt. 1, and *Storm*, Dkt. 1. Rule 23 provides a mechanism through which the Court will advise the jury about treatment of different plaintiffs, and all plaintiffs have alleged claims against common defendants.

Third, time and cost burdens on the parties support consolidation. The cases are currently in identical stages of litigation – no case has been set for trial, the initial pre-trial conference has

not been set, and the current deadline for a responsive pleading and/or answer is due in early March for each case. Consolidating these cases at this time would cause no unnecessary delays to the Court and would instead streamline the resolution of the Related Actions by avoiding the need for duplicative proceedings and filing of virtually identical motions and/or pleadings and the conduct of virtually identical discovery. *See Switzenbaum v. Orbital Scis. Corp.*, 187 F.R.D. 246, 248 (E.D. Va. 1999).

Fourth and finally, judicial economy and the risk of inconsistent adjudication favor consolidation. Judicial economy generally favors consolidation, which is warranted here given the overlapping nature of the suits. *Switzenbaum*, 187 F.R.D. at 248. And, especially given the class-based nature of the claims, there exists a significant risk of "inconsistent adjudication if the cases remain separate . . . as both cases involve similar factual situations involving nearly identical legal claims." *THR Enterprises, Inc.*, 2014 WL 4748527, at *3 (E.D. Va. Sept. 23, 2014).

Accordingly, for the reasons set forth above, the Court is well within its authority to consolidate the above-referenced cases.

### B. The Court Should Implement A Process for Appointing Interim Class Counsel Pursuant to Fed. R. Civ. P. 23(g).

Rule 23(g)(3) provides that the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Appointing interim class counsel early into the litigation, during the pre-certification period, is particularly suited to complex actions such as this one. *See Blake v. R&B Corp. of Virginia*, No. 4:23-CV-66, 2023 WL 4646102, at *2 (E.D. Va. July 20, 2023)(consolidating cases and appointing three law firms as interim co-lead counsel in the context of a data breach lawsuit); *Darrin v. Huntington Ingalls Indus.*, No. 4:23-CV-53, 2023 WL 4938072, at *2 (E.D. Va. July 6, 2023); *In re: Capital One Customer Data Security Breach Litigation*, No. 1:19-md-02915 (E.D.

Va. Dec. 2, 2019).  The Rule authorizes a court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class.

Here, Plaintiffs anticipate at least five (5) actions will ultimately be consolidated, each of which include plaintiffs represented by different counsel. Under these circumstances, implementing a streamlined process for the appointment of interim class counsel under Rule 23(g)(3) will be beneficial to the effective prosecution of the class claims and will clarify the roles and responsibilities of counsel on behalf of the class. *See* Manual for Complex Litigation (Fourth) § 21.11 (2004) ("If . . . there are a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated, a number of lawyers may compete for class counsel appointment. In such cases, designation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities."). Accordingly, Plaintiffs propose the following streamlined process to facilitate appointment of interim class counsel:

Plaintiffs' counsel in any of the Consolidated Actions may file an individual or joint application for consideration as interim class counsel. Those motions shall be due ten (10) calendar days from the date of entry of the Court's order approving consolidation. Plaintiffs shall then file a consolidated complaint no later than 45 days following the entry of an order ruling on Plaintiffs' motion(s) to appoint interim class counsel or other designated counsel. Defendant will respond to the Consolidated Complaint within 45 days. If Defendant responds by way of motion, Plaintiffs will have 40 days to oppose the motion, and Defendant will have 21 days to reply.

IV. **DEFENDANT'S POSITION**

Prior to filing this Motion, and pursuant to Local Rule 7(e), Plaintiff Brodiski's counsel contacted counsel for Capital One. Defendant's counsel advised they do not oppose consolidation of the related actions or an order directing Plaintiffs to file a consolidated amended complaint. However, Defendant's counsel contends appointment of interim class counsel is premature. Plaintiff's counsel disagrees for the reasons stated above.

V. **CONCLUSION**

Thus, Plaintiffs respectfully request that the Court issue an Order: (1) transferring and consolidating the Related Actions into the first-filed *Brodiski* Action, Case No. 1:25-cv-00023, under the title *In re Capital One Financial Corporation, Affiliate Marketing Litigation*; (2) directing Plaintiffs' counsel to file any perspective Motion(s) to Appoint Interim Lead Counsel Pursuant to Rule 23(g) within seven (7) days of the Court granting Plaintiffs' Motion to Transfer and Consolidate the Related Actions; and (3) directing Plaintiffs to file their Consolidate Class Action Complaint within forty-five (45) days of the Court ruling on the Motion to Appoint Interim Lead Counsel Pursuant to Rule 23(g).

Dated:       January 23, 2025                    Respectfully Submitted,

By: */s/ Lee A. Floyd*
Lee A. Floyd (VSB No. 88459)
Justin M. Sheldon, Esq. (VSB No. 82632)
**BREIT BINIAZAN, PC**
2100 East Cary Street, Suite 310
Richmond, Virginia 23223
Telephone: (804) 351-9040
Facsimile: (804) 351-9170
Lee@bbtrial.com
Justin@bbtrial.com

Adam E. Polk (*pro hac vice* submitted)
Simon S. Grille (*pro hac vice* submitted)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
apolk@girardsharp.com
sgrille@girardsharp.com

Gary M. Klinger (*pro hac vice* forthcoming)
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (866) 252-0878
gklinger@milberg.com

Alexandra M. Honeycutt (*pro hac vice* forthcoming)
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
800 S. Gay St., STE 1100
Knoxville, TN 37929
Telephone: (866) 252-0878
ahoneycutt@milberg.com

E. Michelle Drake*
emdrake@bm.net
Marika K. O'Connor Grant*
moconnorgrant@bm.net
**BERGER MONTAGUE PC**
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
T. 612.594.5999; F. 612.584.4470

Sophia M. Rios*
srios@bm.net
**BERGER MONTAGUE PC**
8241 La Mesa Blvd., Suite A
La Mesa, CA 91942
T. 619.489.0300

9

Norman E. Siegel (*pro hac vice* forthcoming)
Barrett J. Vahle (*pro hac vice* forthcoming)
Joy D. Merklen (*pro hac vice* forthcoming)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
siegel@stuevesiegel.com
vahle@stuevesiegel.com
merklen@stuevesiegel.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 23, 2025, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF System and was thereby served on all counsel of record.

*/s/ Lee A. Floyd*
Lee A. Floyd (VSB No. 88459)
Justin M. Sheldon, Esq. (VSB No. 82632)
**BREIT BINIAZAN, PC**
2100 East Cary Street, Suite 310
Richmond, Virginia 23223
Telephone: (804) 351-9040
Facsimile: (804) 351-9170
Lee@bbtrial.com
Justin@bbtrial.com
