IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Jesika Brodiski and Peter Hayward, *on behalf of themselves and all others similarly situated*,<br>        Plaintiffs,<br><br>v.<br><br>Capital One Financial Corporation, *et al.*,<br>        Defendants.<br><br>Related Actions | No. 1:25-cv-00023 (AJT/WBP) |
| Brian Moses and Clearvision Media, Inc., *on behalf of themselves and all others similarly situated*,<br>        Plaintiffs,<br><br>v.<br><br>Capital One Financial Corporation, d/b/a Capital One, d/b/a Capital One Shopping,<br>        Defendant. | No. 1:25-cv-00039 (MSN/IDD) |
| Shonna Coleman, *on behalf of herself and all others similarly situated*,<br>        Plaintiff,<br><br>v.<br><br>Capital One Financial Corporation, *et al.*,<br>        Defendants. | No. 1:25-cv-00060 (AJT/IDD) |
| Storm Productions LLC, *on behalf of itself and others similarly situated*,<br>        Plaintiff,<br><br>v.<br><br>Capital One Financial Corporation, *et al.*,<br>        Defendants. | No. 1:25-cv-00102 (AJT/IDD) |

## ORDER

Before the Court is Plaintiff Jesika Brodiski and Peter Hayward's Motion to Consolidate Case and Setting Deadlines for Appointment of Interim Class Counsel, [Doc. No. 9] (the "Motion"). Plaintiffs move to consolidate four actions related to alleged violations arising from the Capitol One Shopping browser, along with any cases subsequently filed or transferred actions arising out of the same facts and circumstances as the four related cases, under *Brodiski and Hayward v. Capital One Financial Holding Corporation, et al.*, No. 1:25-cv-00023. The Defendants consent to consolidation of the cases but object to Plaintiffs' requested deadline for filing the Consolidated Class Action Complaint. [Doc. No. 13].

Federal Rule of Civil Procedure 42(a) allows a court to consolidate actions "[i]f actions before the court involve a common question of law or fact." FED. R. CIV. P. 42(a). District courts have broad discretion to consolidate cases pending in the same district. *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 959 (4th Cir. 1999). In exercising this discretion, district courts should consider "risks of prejudice and possible confusion from consolidation" against "risk of inconsistent adjudications, the burden on parties, witnesses, and available resources posed by multiple lawsuits, the length of time required to conclude multiple suits as a single one, and the relative expensive." *Campbell v. Boston Scientific Corp.*, 882 F.3d 70, 74 (4th Cir. 2018) (internal quotations omitted). Here, the Court finds that consolidation would not prejudice any party, and all factors set forth in *Campbell* weigh in favor of consolidation. Accordingly, it is hereby

**ORDERED** that the actions *Brodiski and Hayward v. Capital One Financial Holding Corporation, et al.* (Eastern District of Virginia, Case No. 1:25-cv-00023) ("*Brodiski*"), *Moses and Clearvision Media, Inc. v. Capital One Financial Corporation, et al.* (Eastern District of Virginia, Case No. 1:25-cv-00039) ("*Moses*"), *Coleman. v. Capital One Financial Corporation,*

*et al.* (Eastern District of Virginia, Case No. 1:25-cv-00060) ("*Coleman*"), and *Storm Productions LLC v. Capital One Financial Corporation, et al.*, (Eastern District of Virginia, Case No. 1:25-cv-00102) ("*Storm*") (collectively, the "Related Actions"), shall be, and same hereby are, **CONSOLIDATED** for all purposes under the *Brodiski* case number under the title *In re Capital One Financial Corporation, Affiliate Marketing Litigation* and assigned to Judge Anthony J. Trenga and Magistrate Judge William B. Porter; and it is further

**ORDERED** that any cases subsequently filed, transferred, or removed to this District arising out of the same facts and circumstances as the four related cases shall be, and the same hereby are, **CONSOLIDATED** for all purposes under the title *In re Capital One Financial Corporation, Affiliate Marketing Litigation;* and it is further

**ORDERED** that Plaintiffs' counsel shall file any Motion(s) to Appoint Interim Lead Counsel Pursuant to Rule 23(g) within ten (10) days of the date of this Order. No responses may be filed; and it is further

**ORDERED** that Plaintiffs shall file their Consolidated Class Action Complaint within fifteen (15) days of the date of this Order; and it is further;

**ORDERED** that Defendant will respond to the Consolidated Class Action Complaint within twenty-one (21) days. If Defendants respond by way of motion, Plaintiffs will have twenty-one (21) days to oppose the motion, and Defendant will have fifteen (15) days to reply; and it is further

**ORDERED** that Defendants' deadlines to respond to the pending four separate complaints in the *Brodiski*, *Moses*, *Coleman*, and *Storm* actions are **STAYED** in light of the consolidation of these matters and the forthcoming Consolidated Class Action Complaint.

The Clerk is directed to send a copy of this Order to all counsel of record.

January 27, 2025
Alexandria, Virginia

_____
Anthony J. Trenga
Senior U.S. District Judge