1

```
 1                UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF VIRGINIA
 2                      ALEXANDRIA DIVISION

 3  IN RE CAPITAL ONE FINANCIAL )  Case 1:25-cv-23
    CORPORATION, AFFILIATE      )
 4  MARKETING LITIGATION        )
                                )  Alexandria, Virginia
 5                              )  April 1, 2025
                                )  10:04 a.m.
 6  _____ )  Pages 1 - 15

 7
                    TRANSCRIPT OF STATUS CONFERENCE
 8
              BEFORE THE HONORABLE ANTHONY J. TRENGA
 9
                UNITED STATES DISTRICT COURT JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25      COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES
```

```
 1  APPEARANCES:

 2  FOR THE PLAINTIFFS:

 3       NORMAN E. SIEGEL, ESQUIRE, PRO HAC VICE
         STUEVE SIEGEL HANSON LLP
 4       460 Nichols Road, Suite 200
         Kansas City, MO   64112
 5       (816) 714-7112

 6       E. MICHELLE DRAKE, ESQUIRE, PRO HAC VICE
         BERGER MONTAGUE
 7       1229 Tyler Street, N.E., Suite 205
         Minneapolis, MN   55413
 8       (612) 594-5933

 9       DOUGLAS J. MCNAMARA, ESQUIRE, PRO HAC VICE
         COHEN MILSTEIN SELLERS & TOLL PLLC
10       1100 New York Avenue, N.W., Suite 800
         Washington, D.C.   20005
11       (202) 408-4600

12       STEVEN T. WEBSTER, ESQUIRE
         WEBSTER BOOK LLP
13       300 North Washington Street, Suite 404
         Alexandria, Virginia   22314
14       (888) 987-9991

15  FOR THE DEFENDANTS:

16       CONNOR KELLEY, ESQUIRE
         ANDREW SOUKUP, ESQUIRE, PRO HAC VICE
17       VALERIE L. HLETKO, ESQUIRE, PRO HAC VICE
         JEFFREY HUBERMAN, ESQUIRE, PRO HAC VICE
18       COVINGTON & BURLING LLP
         One City Center
19       850 10th Street, N.W.
         Washington, D.C.   20001
20       (202) 662-5166:

21

22

23

24

25
```

```
 1                P R O C E E D I N G S
 2              THE COURTROOM DEPUTY:  Civil Action
 3   No. 1:25-cv-23, In re Capital One Financial
 4   Corporation, Affiliate Marketing Litigation.
 5              Counsel, will you please note your
 6   appearances for the record.
 7              MR. SIEGEL:  Good morning, Your Honors.  Norm
 8   Siegel for the plaintiffs.  Nice to see the Court
 9   again.
10              It's my pleasure to introduce James
11   Pizzirusso from Hausfeld --
12              MR. PIZZIRUSSA:  Good morning.
13              JUDGE TRENGA:  Good morning.
14              MR. SIEGEL:   -- Michelle Drake from Berger
15   Montague --
16              MS. DRAKE:  Good morning, Your Honors.
17              JUDGE TRENGA:  Good morning.
18              MR. SIEGEL:   -- and Doug McNamara from Cohen
19   Milstein --
20              MR. McNAMARA:  Good morning.
21              JUDGE TRENGA:  Good morning.
22              MR. SIEGEL:   -- and of course, Steve Webster
23   from Webster Book.
24              JUDGE TRENGA:  Good morning.  Welcome to
25   everyone.
```

1          MR. SIEGEL:  Thank you, Your Honors.

2          MR. KELLEY:  Good morning, Your Honors. Connor Kelley on behalf of Capital One.  I'm with my colleagues Andrew Soukup --

5          MR. SOUKUP:  Good morning, Your Honors.

6          JUDGE TRENGA:  Good morning.

7          MR. KELLEY:  -- Valerie Hletko --

8          MS. HLETKO:  Good morning, Your Honors.

9          MR. KELLEY:  -- and Jeffrey Huberman.

10         MR. HUBERMAN:  Good morning, Your Honors.

11         JUDGE TRENGA:  Good morning.  Welcome to our first of what I suspect will be multiple meetings in this case.

14         What I wanted to do during this session is really go over the issues that have been in the agenda for the initial status conference and then talk about what, if anything, should be left for Friday or the status conference in May.

19         Let me tell you that I've reviewed what you've proposed, and I really have some issues with the time line that you've outlined, especially the discovery period that you've proposed.  I'm happy to hear from you, but let me tell you what my thinking is at this point.

25         With respect to the discovery schedule --

1  again, there may be aspects of this that I don't fully
2  appreciate, but I certainly think that a discovery
3  schedule more in line with what we normally provide in
4  this court is appropriate.  I know there's been a
5  suggestion that the discovery should await the
6  disposition of the motion to dismiss, which is really
7  not quite how we proceed in this court.
8           So my thinking is that we would have fact
9  discovery completed by September 1, would have expert
10 discovery completed by October 1.  We have a hearing on
11 the pending motion to dismiss on May 14, and I would
12 order the filing of any class certification motions
13 within 30 days of the Court's ruling on the motion to
14 dismiss, which I suspect would put it sometime in June.
15          And then, given that all discovery would be
16 over by October 1, we would have summary judgment
17 motions filed on October 15, and I would have a hearing
18 on those motions on November 12.
19          All right.  Anybody want to talk about any of
20 those dates?
21          MR. SIEGEL:  Your Honors, Norm Siegel for the
22 plaintiffs.
23          JUDGE TRENGA:  Yes.
24          MR. SIEGEL:  Thank you.
25          JUDGE TRENGA:  Yes.

1    MR. SIEGEL:  So I appreciate the Court's view
2 here.  Given my experience in this court, I think the
3 key is pace of discovery.  It always is because things
4 like class cert often depend on what we're going to
5 learn in the discovery process.  And so I don't have a
6 particular pushback *per se* on any particular date, and
7 we, of course, appreciate this Court's schedule in
8 terms of the pace of play here.
9    I would say -- I'm just a little concerned
10 about the class cert date.  Because depending on Your
11 Honor's determination on the motion to dismiss -- if it
12 is particularly quick -- I just don't know how far down
13 the discovery path we will be for purposes of class
14 certification.
15    JUDGE TRENGA:  All right.  Well, let me leave
16 it as it is.  As you know, there's the suggestion that
17 we take up class certification as early as practicable,
18 and what's practicable, I think, will become a little
19 more clear as we proceed with the case.
20    MR. SIEGEL:  Yes, Your Honor.
21    JUDGE TRENGA:  I am not adverse to changing
22 that date if, in fact, there's good reason to, but let
23 me leave it there as a marker.
24    MR. SIEGEL:  I think that's great.  We've to
25 date have had a good working relationship with defense

1  counsel on getting to where we are to get prepared for
2  this hearing.
3           I do think, given the Court's regular status
4  conferences, we'll all know where we're at and can pin
5  down the date as we go.
6           JUDGE TRENGA:  Right.
7           MR. SIEGEL:  That's all for plaintiffs, Your
8  Honor.
9           JUDGE TRENGA:  All right.
10          MR. SIEGEL:  Thank you.
11          JUDGE TRENGA:  Counsel, anything you'd like
12 to say?
13          MR. SOUKUP:  Good morning, Your Honors.
14 Andrew Soukup.
15          JUDGE TRENGA:  Good morning.
16          MR. SOUKUP:  Thank you for the Court's time.
17          We do believe the schedule is aggressive in
18 at least two respects.  We are concerned given the
19 nature of third-party discovery that will be likely to
20 occur here that we will not be able to complete the
21 discovery period within the dates that the Court has
22 proposed.
23          The third parties have critical discovery
24 here because we anticipate that they are going to be
25 the best evidence of whether these particular

1  plaintiffs or whether class members are likely to have
2  suffered any Article III injury.
3        And we think it is more efficient for the
4  parties and for these nonparties to wait to begin
5  serving these third parties with third-party subpoenas
6  and imposing the burdens on them of responding to this
7  until we know whether any claim will survive.  The
8  initial consolidated complaint in this case, you know,
9  started with 27 plaintiffs.  We're now down to five.
10        JUDGE TRENGA:  Right.
11        MR. SOUKUP:  There are serious concerns with
12  the claims that have been asserted.  I think from our
13  perspective, we certainly know that it is inconsistent
14  with what the usual practice is in this court to start
15  discovery immediately.  We're not proposing to do that.
16  We're proposing to work together, but we don't think
17  that we should have to begin producing documents or
18  serving interrogatory responses to the plaintiffs, who
19  in many respects compete with us.
20        (Reporter clarification.)
21        MR. SOUKUP:  We don't think that discovery
22  should begin in the form of us having to serve
23  interrogatory responses or begin producing documents
24  until we know that the plaintiffs have stated a viable
25  claim and have Article III injury.

```
 1                We're prepared to do so promptly after the
 2    Court issues that ruling.  We're going to work
 3    cooperatively with the plaintiffs to prepare for that
 4    point, but we don't think that we should have to do so
 5    given the fact that we compete with the plaintiffs
 6    until we know whether they have a viable claim here.
 7                JUDGE TRENGA:  All right.
 8                MR. SOUKUP:  So from that perspective, the
 9    schedule seems a little aggressive to us.  When we
10    formed the schedule here, we looked back at what
11    happened in the Capital One data breach case, as well
12    as the Lumber Liquidators case that Your Honor presided
13    over and tried to, you know, set a schedule where we
14    thought we would end up, rather than have to come back
15    to the Court and ask to move it later.
16                JUDGE TRENGA:  I appreciate that view.  As I
17    say, it's not how we normally proceed.  I think,
18    obviously, if after due diligence on your part you're
19    running into time issues, we can address that.  But I
20    think it is in everyone's interest that we start the
21    discovery process.  The motion to dismiss will be heard
22    relatively soon, and the Court would expect to make a
23    pretty expeditious ruling on it one way or the other
24    once it has the hearing on May 14.
25                All right.  Anything else?
```

1            I know we have something scheduled for
2   Friday.  I think the one issue is the protective order
3   issue, and in discussions with Judge Porter, our
4   thought would be not to have you come here for
5   something that would be just a single matter and just
6   put that off, unless you-all think it needs earlier
7   consideration, until the May status conference.
8            MR. SIEGEL:  Your Honor, I think we submitted
9   an agreed protective order.  So I think we've resolved
10  any issues with respect to that.
11           JUDGE TRENGA:  Okay.
12           MR. SIEGEL:  I don't know if it's acceptable
13  to the Court, of course.
14           JUDGE PORTER:  I have at least some
15  questions --
16           MR. SIEGEL:  Understood.
17           JUDGE PORTER:  -- if not issues.  I certainly
18  have some questions that I think warrant some
19  discussion before -- I am not planning on entering it
20  in its current form.
21           MR. SIEGEL:  Understood.  So we are
22  open-minded about the Court's pleasure now, Friday,
23  sometime in the future.  I do think with the
24  commencement of discovery we will want to, obviously,
25  have that in place both with respect to what defendants

1  intend to produce, our plaintiffs, and of course, any
2  third parties.  So probably a high priority item for
3  purposes of commencing discovery.
4              JUDGE PORTER:  I'm happy to do it on Friday
5  if you'd like, if you want to come in and chat about
6  the protective order on Friday, especially with
7  discovery starting and third-party discovery.  I think
8  your plan is to serve the protective order with any
9  third-party discovery, at least as I read the
10 protective order.
11             MR. SIEGEL:  That was our intent.
12             JUDGE PORTER:  All right.
13             JUDGE TRENGA:  All right.  Well, why don't we
14 keep Friday on the docket.
15             JUDGE PORTER:  It will be down in 400 at
16 10:00 a.m.
17             MR. SIEGEL:  Very well.  It will be some
18 combination of lead counsel.
19             JUDGE PORTER:  Understood.
20             MR. SIEGEL:  Thank you, Your Honor.
21             JUDGE TRENGA:  We also had some thoughts
22 about the meet-and-confer issues.
23             Do you want to speak to those?
24             JUDGE PORTER:  Sure.
25             So in Judge Trenga's initial order, by today

1  we were supposed to have discovery and objections and
2  you-all should have had a meet-and-confer before today.
3  I understand from your submissions that you've already
4  exchanged draft discovery.  Is that right?
5              MR. SIEGEL:  It is, Your Honor.
6              JUDGE PORTER:  Okay.  I have not seen that
7  yet.  I assume that you're still in the meet-and-confer
8  process.
9              MR. SIEGEL:  Yes.  We, obviously, filed an
10 amendment, and in our conversation with the defendants,
11 they wanted to digest that, consider the discovery in
12 light of the amendment.  And so we set out a revised
13 proposal where we would be taking that up over the next
14 two weeks and coming back to the Court with any
15 disputes.
16             JUDGE PORTER:  And I saw your proposal that
17 you put in your submission about discussing a practice
18 or a way to handle that going forward at the next
19 status conference.  Judge Trenga and I talked about
20 that.  I think what we prefer to do is to leave the
21 May 6 status conference, and I'd like to address all of
22 those objections on May 2, which is the Friday before
23 the Tuesday status conference.  That way we will be
24 prepared, at least at that status conference, to talk
25 about the case more globally and not get mired into

1  discovery issues.
2        So let's set the hearing for May 2. I'm
3  happy to do it at 10:00. I may have a regular docket
4  at 10:00, or if you prefer to come at 2:00 when you
5  know you will be the first ones to go, I'm happy to do
6  it then. I'll leave that to your preference.
7        MR. SIEGEL: Ten, I think, would be
8  plaintiffs' preference.
9        JUDGE PORTER: All right. We'll set it at 10
10 o'clock. If there's any briefing that you-all want to
11 do -- I understand you're going to meet and confer
12 before then and narrow the issues as much as you can.
13 But if you want to do any briefing before then, opening
14 briefs 4-18, response 4-25, and any replies 4-29, and
15 we'll resolve all the objections on May 2.
16        MR. SIEGEL: Very well, Your Honor. Thank
17 you.
18        JUDGE TRENGA: All right. I think that's all
19 that I had. Is there anything else anybody wants to
20 raise?
21        MR. SIEGEL: So, Your Honor, I think the only
22 open issues -- I think we've addressed everything that
23 we had on our agenda. The only thing we wanted to
24 raise with the Court that we haven't talked about is
25 the potential for a tutorial, some sort of presentation

1  from counsel, to the extent the Court thinks it would
2  be helpful, about the technologies involved here.
3             We, obviously, filed our more detailed
4  complaint.  There's lots of screenshots that are
5  probably better explained sort of in real-time.  But
6  it's, obviously, the Court's preference if and when
7  that would happen.
8             We have not really engaged with the
9  defendants about it.  I think we wanted to get the
10 Court's temperature first before thinking about whether
11 that's something that would be of value to the Court
12 now or later.
13            JUDGE TRENGA:  My thought is that it would be
14 helpful and probably sooner rather than later.  Why
15 don't you-all talk about the context in which that's
16 presented, whether it's part of a presentation in
17 connection with the motion to dismiss or in some other
18 fashion.
19            MR. SIEGEL:  Okay.  That sounds great.  I
20 appreciate that.
21            Thank you, Your Honor.
22            JUDGE TRENGA:  All right.  Anything else?
23            MR. SIEGEL:  Nothing else from plaintiffs.
24            Thank you.
25            JUDGE TRENGA:  Very good.

1      Anything else from Capital One?

2      MR. SOUKUP:  Nothing from us, Your Honor.

3      JUDGE TRENGA:  All right.  Well, good to see everyone.  We'll see you again soon.

5      The Court will stand in recess.

6      ------------------------------------
        Time:  10:11 a.m.

21     I certify that the foregoing is a true and accurate transcription of my stenographic notes.

                                    _____/s/_____
                                    Rhonda F. Montgomery, CCR, RPR

Rhonda F. Montgomery   OCR-USDC/EDVA   (703) 299-4599