# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| IN RE: CAPITAL ONE FINANCIAL CORPORATION, AFFILIATE MARKETING LITIGATION | Civil Action No. 1:25-cv-023 (AJT/WBP) |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

## FORMERLY-NAMED PLAINTIFFS' OMNIBUS OBJECTIONS TO DEFENDANT CAPITAL ONE'S RULE 45 SUBPOENAS

Pursuant to Federal Rules of Civil Procedure 45, formerly-named Plaintiffs Jesika Brodiski, Peter Hayward, Brian Moses, Clearvision Media, Inc., GamersNexus, LLC, Rebecca Gandillon, Cameron King, Xavier Smith, Jose Moran, Serge Belozerov, Eddie Blotnicki, Misha Dobbs, Courtney Doran, Jules Fletcher, Carolyn Johnston, Angela Kachonik, Lauren Leatherman, Amy Malcolm, Tatiana Marquez, Kara Miller, and Leilani Shimoda (collectively, "Former Plaintiffs"), collectively respond and object to the: (1) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action; and the (2) Subpoena to Testify at a Deposition in a Civil Action (the "Subpoenas") in the above-referenced matter served by Defendants Capital One Financial Corporation, Wikibuy, LLC, and Wikibuy Holdings, LLC (collectively, "Capital One").

Former Plaintiffs object to the Subpoenas as improper discovery against absent class members. Former Plaintiffs further object to the Subpoenas for failing to show that prior notice has been provided to other parties to the litigation, as required by Federal Rule of Civil Procedure 45(a)(4). Failure to comply with this requirement renders the Subpoenas void.

Additionally, Former Plaintiffs object to the Subpoenas for failing to take reasonable efforts to reduce the burden and expense on nonparty Former Plaintiffs. Nonparty status is a significant factor a court must consider when assessing undue burden. *United States v. Amerigroup Illinois, Inc.*, 2005 WL 3111972, at *4 (N.D. Ill. Oct. 21, 2005). In particular, Former Plaintiffs object to the Subpoenas to the extent certain information sought is in the possession, custody, or control of the parties to the litigation (in particular, Capital One itself), other third parties, or from public sources. *See* Fed. R. Civ. P. 45(d)(1); *see also Rembrandt Patent Innovations v. Apple, Inc.*, 2015 WL 4393581, at *2 (W.D. Tex. July 15, 2015) (finding subpoenas issued to non-party unduly burdensome "until and unless [p]laintiffs can establish they are unable to obtain the requested information from the [d]efendant"); *In re Allergan, Inc.*, 2016 WL 5922717, at *9 (C.D. Cal. Sept. 23, 2016) ("'Courts are particularly reluctant to require a non-party to provide discovery that can be produced by a party[.]'") (citation omitted); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant."); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("[T]hese requests all pertain to defendant, who is a party, and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from [the] nonparty.") (citing *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980)); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of motion to compel production from nonparty, holding "the district court could properly require [defendant] to seek discovery from its party opponent before burdening the nonparty [] with [an] ancillary proceeding"); *Brown v. City of Syracuse*, 648 F. Supp. 2d 461, 466 (N.D.N.Y. 2009) (when balancing hardships between requesting party and nonparty, court should consider whether there are other sources for obtaining the material); *Enviropak Corp. v. Zenfinity Capital, LLC*,

2014 WL 4715384, at *4 (E.D. Mo. Sept. 22, 2014) ("there is no indication the discoverable information to which [d]efendant is entitled cannot be produced by [p]laintiff. Requiring [d]efendant to initially seek the information at issue from [p]laintiff relieves . . . a non-party . . . from a burdensome task"). Obtaining records from a party also allows the parties to the litigation to directly address any confidentiality and privacy issues.

**FORMER PLAINTIFFS' SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 1**: Contracts or other terms or agreements, including campaign-specific terms such an insertion orders, that You or anyone acting on Your behalf have entered into with Advertisers, Affiliate Networks, or other Publishers relating to Your Online Marketing.

**RESPONSE**:

Former Plaintiffs object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it is not constrained by a reasonable temporal or substantive limitation. Former Plaintiffs also object to this Request to the extent it calls for documents that are not relevant to any claims or defenses in this action. For example, any "contracts or other terms or agreements" that do not involve Former Plaintiffs promoting an Advertiser's products or services in exchange for referral fees or sales commissions are irrelevant to this case. Former Plaintiffs also object to this Request because the phrases "campaign-specific terms such an insertion orders" and "relating to Your Online Marketing" are vague, ambiguous, and fail to sufficiently identify the specific documents being sought. Former Plaintiffs further object to this Request to the extent it seeks documents that are not in Plaintiffs' actual possession, custody, or control.

Additionally, Former Plaintiffs object to this Request to the extent it calls for documents

or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Former Plaintiffs further object to this Request insofar as it seeks documents subject to any confidentiality agreement with third parties and/or information that is confidential, proprietary, or trade secret information. Former Plaintiffs reserve their rights to supplement, amend, correct, or modify their objections to this Request.

Former Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 2**: Communications with Consumers, Advertisers, Affiliate Networks, or other Publishers (including putative class members) referencing any payment you received (or believe you should have received) relating to Your Online Marketing.

**RESPONSE**:

Former Plaintiffs object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it is not constrained by a reasonable temporal or substantive limitation. As written, and based on Capital One's expansive definitions of the capitalized terms, this Request seeks communications referencing "any payment" ever received and calls for virtually every communication Former Plaintiffs have ever had with any individual or entity in the ordinary course of business, without imposing a reasonable time limit and without regard to whether the communication has any relevance to any claims or defenses in this action. For example, this Request sweeps in irrelevant communications with Advertisers regarding campaign scheduling; with Affiliate Networks about administrative account issues; with Consumers about how they liked a particular sponsored post or video; with other Publishers about potential collaborations; with Advertisers and Affiliate Networks about flat-fee sponsorships unrelated to affiliate commissions; and Advertisers about partnerships that never came to fruition. Former Plaintiffs also object to this Request because the phrase "relating to Your Online

Marketing" is overbroad, vague, ambiguous, and fails to sufficiently identify the specific documents being sought.

Additionally, Former Plaintiffs object to this Request to the extent it seeks communications protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Former Plaintiffs further object to this Request insofar as it seeks documents subject to any confidentiality agreement with third parties and/or information that is confidential, proprietary, or trade secret information. Former Plaintiffs reserve their rights to supplement, amend, correct, or modify their objections to this Request.

Former Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 3**: Documents and communications reflecting Your awareness of industry practice governing attribution rules that determine which Publisher(s) will receive credit for and commission from an online purchase.

**RESPONSE**:

Former Plaintiffs object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it is not constrained by a reasonable temporal limitation. Former Plaintiffs also object to this Request because the phrase "Your awareness of industry practice governing attribution rules" is vague, ambiguous, and fails to sufficiently identify the documents being sought.

Additionally, Former Plaintiffs object to this Request to the extent it seeks communications, documents, or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Former Plaintiffs reserve their rights to supplement, amend, correct, or modify their objections to this Request.

Former Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 4**: Documents and communications relating to Stand-Down Rules, including but not limited to Your or other Publishers' compliance or non-compliance with Stand-Down Rules and Affiliate Networks' monitoring and enforcement of Stand-Down Rules.

**RESPONSE**:

Former Plaintiffs object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it is not constrained by any temporal limitation and therefore seeks documents spanning an unlimited period of time. Plaintiffs further object to this Request to the extent it seeks documents and communications that are: (1) equally available to Capital One; (2) exclusively or more reasonably available to third parties, including other Publishers and Affiliate Networks; or (3) not within Former Plaintiffs' actual possession, custody, or control. Former Plaintiffs also object to this Request because the term "Stand-Down Rules" is overbroad, vague, ambiguous, and fails to sufficiently identify the specific documents being sought. Former Plaintiffs further object to this Request to the extent it seeks "communications" that are not contained in existing documents discoverable under Federal Rule of Civil Procedure 45.

Additionally, Former Plaintiffs object to this Request to the extent it seeks communications, documents, or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Former Plaintiffs further object to this Request insofar as it seeks documents subject to any confidentiality agreement with third parties. Former Plaintiffs reserve their rights to supplement, amend, correct, or modify their objections to this Request.

Former Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 5**: Documents sufficient to identify all social media channels or other websites or platforms You use or have used in Your Online Marketing.

**RESPONSE**:

Former Plaintiffs object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it is not constrained by a reasonable temporal limitation. Former Plaintiffs further object to this Request to the extent it asks Former Plaintiffs to identify social media accounts or other websites or platforms used by Former Plaintiffs on which they do not share Affiliate Links containing their Affiliate IDs. Former Plaintiffs also object to this Request because the phrase "relating to Your Online Marketing" is overbroad, vague, ambiguous, and fails to sufficiently identify the specific documents being sought.

Additionally, Former Plaintiffs object to this Request on the grounds of privacy because it seeks sensitive consumer and business information without making an adequate showing that there is a need for such information that would override state or federal privacy rights. Former Plaintiffs further object to this Request to the extent it seeks documents that are not in Former Plaintiffs' actual possession, custody, or control. Former Plaintiffs reserve their rights to supplement, amend, correct, or modify their objections to this Request.

Former Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 6**: Documents sufficient to identify all Affiliate Links and Affiliate IDs You use or have used in Your Online Marketing, including when and where You shared them with Consumers.

**RESPONSE**:

Former Plaintiffs object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it is not constrained by a reasonable temporal or substantive limitation. As written, this Request seeks documents identifying "all Affiliate Links"—defined by Capital One as all URL links "that can be clicked by a Consumer during the process of

7

purchasing an Advertiser's product or service," irrespective of whether it contains an Affiliate ID—that Former Plaintiffs have ever "used in [their] Online Marketing," without regard to whether the URL link contains the Former Plaintiff's Affiliate ID.

Former Plaintiffs also object to this Request to the extent it seeks information that is: (1) not in Former Plaintiffs' actual possession, custody, or control; (2) only or more reasonably available to third parties, such as Affiliate Networks or Advertisers, because the information is in the possession of those third parties; or (3) publicly available and thus equally accessible to Capital One, including Affiliate Links and Affiliate IDs shared on Former Plaintiffs' public social media channels, websites, and other platforms. Former Plaintiffs further object to this Request to the extent it seeks production of electronically stored information from sources not reasonable accessible (e.g., legacy systems, backup media, temporary or ambient data), in light of the burdens or costs required to locate, restore, review, and produce whatever responsive information may be found. Former Plaintiffs reserve their rights to supplement, amend, correct, or modify their objections to this Request.

Former Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7**: Documents reflecting or relating to the revenue You have earned from any source through Your Online Marketing, including documents sufficient to quantify (i) any up-front, flat- fee, or retainer revenue, (ii) any other revenue You have earned, broken down, on a month-by-month basis, by each Affiliate Link, by each Affiliate ID, by each Advertiser, and by each Affiliate Network, and (iii) the revenue You would have earned—broken down, on a month-by-month basis, by each Affiliate Link, by each Affiliate ID, by each Advertiser, and by each Affiliate Network—but for the alleged conduct of Capital One in this action.

**RESPONSE**:

Former Plaintiffs object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it is not constrained by a reasonable temporal or substantive limitation. As written, the Request seeks every document "reflecting or relating to" all revenue Former Plaintiffs have ever earned "from any source" through their Online Marketing, without regard to whether such revenue has any relevance to the claims or defenses in this case. For example, documents reflecting any revenue other than referral fees and sales commissions have no relevance to any claims or defenses in this action.

Former Plaintiffs further object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case to the extent it seeks documents that are: (1) not in Former Plaintiffs' actual possession, custody, or control; or (2) only or more reasonably available to third parties, such as Affiliate Networks or Advertisers, because the documents are in the possession of those third parties. For example, different Affiliate Networks provide different levels of detail to Former Plaintiffs regarding their earnings, and Former Plaintiffs may therefore lack access to documents that quantify their revenue broken down, on a month-to-month basis, by each Affiliate link, Affiliate ID, Advertiser, and Affiliate Network. Former Plaintiffs further object to this Request insofar as it purports to require Former Plaintiffs to generate work product for Capital One and seeks to impose obligations on Former Plaintiffs that are inconsistent with and/or greater than those obligations imposed by the Federal Rules of Civil Procedure, Local Rules, or any other applicable rule or court order.

Additionally, Former Plaintiffs object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Former Plaintiffs further object to this Request insofar as it

9

seeks documents subject to any confidentiality agreement with third parties and/or information that is confidential, proprietary, or trade secret information. Former Plaintiffs also object to this Request as premature to the extent it seeks information that will be the subject of expert analysis and testimony, which will be disclosed in accordance with the Federal Rules of Civil Procedure and the schedule set by the Court. Former Plaintiffs reserve their rights to supplement, amend, correct, or modify their objections to this Request.

Former Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8**: Documents, including Consumer- and transaction-level data, reflecting (i) the number and identity of Consumers who clicked on Your Affiliate Links and the date of those clicks, and (ii) the number and identity of such Consumers who subsequently completed transactions and the date of those transactions.

**RESPONSE**:

Former Plaintiffs object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it is not constrained by any time limitation and therefore seeks documents spanning an unlimited period of time. Former Plaintiffs also object to this Request to the extent it seeks information and documents that are: (1) not in Former Plaintiffs' actual possession, custody, or control; or (2) only or more reasonably available to third parties, including Affiliate Networks or Advertisers, because the documents are in the possession of those third parties. Former Plaintiffs also object to this Request insofar as it purports to require Former Plaintiffs to generate work product for Capital One and seeks to impose obligations on Former Plaintiffs that are inconsistent with and/or greater than those obligations imposed by the Federal Rules of Civil Procedure, Local Rules, and/or any other applicable rule or court order.

Additionally, Former Plaintiffs object to this Request to the extent it seeks documents or

information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Former Plaintiffs reserve their rights to supplement, amend, correct, or modify their objections to this Request.

Former Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 9**: Documents reflecting Your communications (whether public on any social media channel or nonpublic communications) about any browser extension, including the Capital One Shopping browser extension.

**RESPONSE**:

Former Plaintiffs object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it is not constrained by a reasonable temporal or substantive limitation. As written, this Request calls for documents reflecting every communication Former Plaintiffs have ever had with any individual or entity about any browser extension, without imposing a reasonable time limit and without regard to whether the communication has any relevance to the claims or defenses in this action.

Additionally, Former Plaintiffs object to this Request to the extent it seeks communications, documents, or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Former Plaintiffs further object to this Request insofar as it seeks documents subject to any confidentiality agreement with third parties. Former Plaintiffs reserve their rights to supplement, amend, correct, or modify their objections to this Request.

Former Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 10**: All Communications relating to Capital One Shopping.

**RESPONSE**:

Former Plaintiffs object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it is not constrained by a reasonable temporal limitation. Former Plaintiffs object to this Request to the extent it calls for documents reflecting every communication Former Plaintiffs have ever had with any individual or entity about Capital One Shopping, without regard to whether the communication has any relevance to the claims or defenses in this action.

Additionally, Former Plaintiffs object to this Request to the extent it seeks communications, documents, or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Former Plaintiffs further object to this Request insofar as it seeks documents subject to any confidentiality agreement with third parties. Former Plaintiffs reserve their rights to supplement, amend, correct, or modify their objections to this Request.

Former Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 11**: Documents sufficient to identify the individuals or entities currently or formerly involved in Your Online Marketing and how they are or were involved in Your Online Marketing.

**RESPONSE**:

Former Plaintiffs object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it is not constrained by a reasonable temporal or substantive limitation. Former Plaintiffs also object to this Request because the phrase "individuals or entities currently or formerly involved in Your Online Marketing" is vague, ambiguous, and fails to sufficiently identify the specific information being sought. Former Plaintiffs reserve their

12

rights to supplement, amend, correct, or modify their objections to this Request.

Former Plaintiffs will not produce documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 12**:[1] Documents that You received from any defendant in any Related Action relating to Your loss of any commission or other revenue from Your Online Marketing.

**RESPONSE**:

Former Plaintiffs object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because it seeks documents and information that are not relevant to any claims or defenses in this action. Former Plaintiffs further object to this Request as overbroad in time and scope because it is not limited to any time period and, therefore, fails to impose a reasonable time limit on discovery.

Additionally, Former Plaintiffs object to this Request to the extent it seeks communications, documents, or information protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection. Former Plaintiffs further object to this Request insofar as it seeks documents subject to any confidentiality agreement with third parties. Former Plaintiffs reserve their rights to supplement, amend, correct, or modify their objections to this Request.

Former Plaintiffs will not produce documents responsive to this request.

**FORMER PLAINTIFFS' SPECIFIC OBJECTIONS TO SUBPOENAS TO TESTIFY AT A DEPOSITION IN A CIVIL TRIAL**

For the same reasons as outlined above, Former Plaintiffs object to the Subpoenas to Testify. In addition, Former Plaintiffs object on the grounds that the depositions seek information

---

[1] Request for Production No. 12 was not included in the Subpoenas served on Former Plaintiffs Peter Hayward, Brian Moses, Rebecca Gandillon, or Serge Belozerov.

13

that is unreasonably cumulative or duplicative, and because such information is obtainable through a source that is more convenient and less burdensome than a deposition.

Former Plaintiffs Clearvision Media, Inc. and GamersNexus, LLC also object to the Subpoena's specific Deposition Topics as to them on the grounds that they seek information that is unreasonably cumulative or duplicative, irrelevant, and because such information is obtainable through a source that is more convenient and less burdensome than a deposition.

Former Plaintiffs will not appear.

Dated: May 12, 2025                    Respectfully Submitted,

/s/ *Steven T. Webster*
Steven T. Webster (VSB No. 31975)
**WEBSTER BOOK LLP**
2300 Wilson Blvd., Suite 728
Alexandria, Virginia 22201
Telephone: (888) 987-9991
swebster@websterbook.com

*Plaintiffs' Local Counsel*

E. Michelle Drake
**BERGER MONTAGUE LLP**
1229 Tyler Street, NE, Suite 205
Minneapolis, MN 55413
Tel: (612) 594-5933
emdrake@bm.net

Douglas J. McNamara
**COHEN MILSTEIN LLP**
1100 New York Avenue, NW, Suite 800
Washington, D.C. 20005
Tel: (202) 408-4651
DMcNamara@cohenmilstein.com

James J. Pizzirusso
**HAUSFELD LLP**
1200 17th St NW Suite 600
Washington, DC 20036
Tel: (202) 540-7200

jpizzirusso@hausfeld.com

Norman E. Siegel
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200 Kansas City, MO 64112  Tel: (816) 714-7100
siegel@stuevesiegel.com

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 12, 2025, I sent the foregoing document to Counsel for Capital One via email:

    Andrew Soukup
    Amee Frodle
    Valerie Hletko
    Jeffrey Huberman
    Connor James Kelley
    **COVINGTON & BURLING LLP**
    One City Center
    850 Tenth Street, NW
    Washington, DC 20001
    T: 202-662-6000
    F: 202-662-6291
    E: asoukup@cov.com
    E: afrodle@cov.com
    E: vhletko@cov.com
    E: jhuberman@cov.com
    E: ckelley@cov.com

                                              *James J. Pizzirusso*
                                              James J. Pizzirusso
                                              **HAUSFELD LLP**
                                              1200 17th St NW Suite 600
                                              Washington, DC 20036
                                              Tel: (202) 540-7200
                                              jpizzirusso@hausfeld.com