**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| *In re Capital One Financial Corporation, Affiliate Marketing Litigation* | Civil Action No. 1:25-cv-00023-AJT-WBP |

## <u>ANSWER TO THE AMENDED CONSOLIDATED CLASS ACTION COMPLAINT</u>

Defendants Capital One Financial Corporation, Wikibuy LLC, and Wikibuy Holdings, LLC, collectively referred to in this pleading as "Capital One," by and through its undersigned attorneys, hereby responds as follows to the allegations in the Amended Consolidated Class Action Complaint (ECF No. 121; "Complaint") filed in this action by Plaintiffs Ahntourage Media LLC, Just Josh, Inc., Storm Productions LLC, TechSource Official, and ToastyBros, LLC, on March 25, 2025, and provides responses and affirmative defenses to the allegations in the Complaint. Documents excerpted, quoted, or otherwise taken out of context in the Complaint should be construed, if at all, in context and in unmodified form, and Capital One respectfully refers the Court to the respective materials for their complete contents. Except as otherwise expressly stated herein, Capital One denies each and every allegation in the Complaint, including any allegations in the prayer for relief, headings, subheadings, footnotes, and images of the Complaint, and specifically denies liability to Plaintiffs. Capital One repeats the Complaint's headings and subheadings here for organizational purposes only. To the extent not expressly denied, all allegations for which Capital One denies possessing knowledge or information sufficient to form a belief are denied. Capital One reserves the right to seek to amend and supplement its Answer as may be appropriate or necessary.

## ANSWER

### I.   INTRODUCTION

1.    Capital One admits that the Capital One Shopping browser extension is a free tool with over ten million users and that the extension helps online shoppers search for coupons, find better prices, and earn rewards that can be exchanged for gift cards.  Capital One denies the remaining allegations in Paragraph 1.

2.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentence of Paragraph 2, and on that basis denies them.  Capital One denies the allegations in the third sentence of Paragraph 2.

3.    Capital One denies the allegations in Paragraph 3.

4.    Capital One admits that Plaintiffs are seeking to certify a class pursuant to Fed. R. Civ. P. 23, but it denies that the requirements for certification are or could ever be met in this case. Capital One denies the remaining allegations in Paragraph 4.

### II.   JURISDICTION

5.    Paragraph 5 states legal conclusions to which no response is required.  To the extent a response is required, Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 and on that basis denies them.

6.    Capital One admits that it is headquartered in McLean, Virginia.  Paragraph 6 otherwise states legal conclusions to which no response is required.  To the extent a response is required, Capital One admits, solely for the purposes of the above-captioned case, that this Court has personal jurisdiction over Capital One.

7.    Paragraph 7 states legal conclusions to which no response is required.  To the extent a response is required, Capital One does not contest venue for the purposes of the above-

captioned case. Capital One denies that the alleged events, omissions, or "decisions made by Capital One's governance and management personnel" give rise to any claims for relief.

### III.    PARTIES

**A.    Plaintiffs**

8.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8, and on that basis denies them.

9.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9, and on that basis denies them.

10.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10, and on that basis denies them.

11.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11, and on that basis denies them.

12.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, and on that basis denies them.

**B.    Defendants**

13.    Capital One admits the allegations in Paragraph 13.

14.    Capital One admits the allegations in Paragraph 14.

15.    Paragraph 15 describes the organization of the Complaint, to which no response is required. To the extent a response is required, Capital One denies the allegations in Paragraph 15.

16.    Capital One admits the allegations in Paragraph 16.

### IV.    FACTUAL ALLEGATIONS

A.    **Background**

1.    **The Capital One Shopping Browser Extension**

17.    Capital One admits that, in 2018, it acquired a company called WikiBuy that had developed a browser extension that allowed consumers to compare prices while shopping online, and Capital One has subsequently developed the browser extension technology as part of the Capital One Shopping business line.  The footnote associated with Paragraph 17 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Except as expressly stated above, Capital One denies the allegations of Paragraph 17.

18.    Capital One admits the allegations of Paragraph 18.

19.    Capital One admits that consumers access the Capital One Shopping browser extension by voluntarily downloading it from browser extension stores.  Capital One further admits that the Capital One Shopping mobile application is available from the Apple App Store or Google Play Store.  Except as expressly stated above, Capital One denies the allegations of Paragraph 19.

20.    Capital One admits that the Capital One Shopping browser extension can find discounts and coupon codes for items in consumers' online shopping carts.  Except as expressly stated above, Capital One denies the allegations of Paragraph 20.

21.    Capital One admits that its browser extension offers price-comparison tools and rewards redeemable for gift cards.  Except as expressly stated above, Capital One denies the allegations of Paragraph 21.

22.    Capital One denies the allegations of Paragraph 22.

23.    Capital One denies the allegations of Paragraph 23.

24.    Capital One admits the allegations in Paragraph 24.

25.    Paragraph 25 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves. Capital One admits that it earns revenue through commissions obtained from certain sales completed by consumers using the Capital One Shopping browser extension.  Except as expressly stated above, Capital One denies the allegations of Paragraph 25.

26.    Paragraph 26 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves. Capital One admits that revenue earned from the Capital One Shopping browser extension accounts for a portion of Capital One's corporate revenue.  Except as expressly stated above, Capital One denies the allegations of Paragraph 26.

## 2.    Affiliate Marketing: Partnerships Between Merchants and Creators

27.    Paragraph 27 contains characterizations of affiliate marketing generally rather than Capital One specifically, and Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27, and on that basis denies them.

28.    Paragraph 28 contains characterizations of affiliate marketing generally rather than Capital One specifically, and Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28, and on that basis denies them.

29.    Paragraph 29 contains characterizations of affiliate marketing generally rather than Capital One specifically, and Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29, and on that basis denies them.

### 3.    The Affiliate Link Attribution System

30.    Paragraph 30 contains characterizations of affiliate links generally rather than Capital One specifically, and Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, and on that basis denies them.

31.    Paragraph 31 contains characterizations of affiliate links generally rather than Capital One specifically, and Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31, and on that basis denies them.

32.    Paragraph 32 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Paragraph 32 also contains characterizations of affiliate marketing generally rather than Capital One specifically, and Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32, and on that basis denies them.  Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 concerning the origins and meaning of the reprinted screen image, and on that basis denies them.

33.    Paragraph 33 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves. Paragraph 33 also contains characterizations of affiliate marketing generally rather than Capital One specifically, and Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33, and on that basis denies them.  Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 concerning the origins and meaning of the reprinted screen images, and on that basis denies them.

34.    Paragraph 34 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Paragraph 34 also contains characterizations of

affiliate marketing generally rather than Capital One specifically, and Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34, and on that basis denies them.

35. Paragraph 35 contains characterizations of affiliate marketing generally rather than Capital One specifically, and Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35, and on that basis denies them.

36. Paragraph 36 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Paragraph 36 also contains characterizations of affiliate marketing generally rather than Capital One specifically, and Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36, and on that basis denies them.

37. Paragraph 37 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Paragraph 37 also contains characterizations of affiliate marketing generally rather than Capital One specifically, and Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37, and on that basis denies them.

38. Paragraph 38 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Paragraph 38 also contains characterizations of affiliate marketing generally rather than Capital One specifically, and Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38, and on that basis denies them.

### 4.    How Affiliate Links Work and the Last-Click Attribution Model

39.    Paragraph 39 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Paragraph 39 also contains characterizations of affiliate links generally rather than Capital One specifically, and Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39, and on that basis denies them.

40.    Paragraph 40 contains characterizations of affiliate links generally rather than Capital One specifically, and Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40, and on that basis denies them.  Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 concerning the origins and meaning of the reprinted screen images, and on that basis denies them.

41.    Paragraph 41 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Paragraph 41 also contains characterizations of affiliate links generally rather than Capital One specifically, and Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41, and on that basis denies them.

42.    Paragraph 42 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Paragraph 42 also contains characterizations of affiliate links generally rather than Capital One specifically, and Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42, and on that basis denies them.

43.     Paragraph 43 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves. Paragraph 43 also contains characterizations of affiliate links generally rather than Capital One specifically, and Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43, and on that basis denies them.

44.     Paragraph 44 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves. Paragraph 44 also contains characterizations of affiliate links generally rather than Capital One specifically, and Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44, and on that basis denies them.

45.     Paragraph 45 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves. Paragraph 45 also contains characterizations of affiliate links generally rather than Capital One specifically, and Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45, and on that basis denies them.

46.     Capital One denies the allegations in Paragraph 46.

47.     Paragraph 47 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves. Paragraph 47 also contains characterizations of affiliate links generally rather than Capital One specifically, and Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47, and on that basis denies them.

48.     Capital One denies the allegations in Paragraph 48.

49.    Paragraph 49 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Paragraph 49 also contains characterizations of affiliate links generally rather than Capital One specifically, and Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first three sentences of Paragraph 49, and on that basis denies them.  Capital One denies the allegations in the last sentence of Paragraph 49.

### 5.    Applicable Commission Attribution Rules

50.    Paragraph 50 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50, and on that basis denies them.

51.    Paragraph 51 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51, and on that basis denies them.

52.    Paragraph 52 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52, and on that basis denies them.

53.    Paragraph 53 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53, and on that basis denies them.

54.     Paragraph 54 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54, and on that basis denies them.

55.     Paragraph 55 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55, and on that basis denies them.

56.     Paragraph 56 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56, and on that basis denies them.

57.     Paragraph 57 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57, and on that basis denies them.

58.     Paragraph 58 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58, and on that basis denies them.

59.     Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59, and on that basis denies them.  Capital One further lacks knowledge or information sufficient to form a belief about the truth of the allegations in

Paragraph 59 concerning the origins and meaning of the reprinted screen images, and on that basis denies them.

60.     Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60, and on that basis denies them. Capital One further lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 concerning the origins and meaning of the reprinted screen images, and on that basis denies them.

61.     Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61, and on that basis denies them. Capital One further lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61 concerning the origins and meaning of the reprinted screen images, and on that basis denies them.

62.     Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62, and on that basis denies them. Capital One further lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62 concerning the origins and meaning of the reprinted screen images, and on that basis denies them.

63.     Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in first sentence of Paragraph 63, and on that basis denies them. Capital One denies the allegations in the second sentence of Paragraph 63.

**6.      Capital One's Exploitation of Last-Click Attribution**

64.     Capital One denies the allegations in Paragraph 64.

65.     Capital One denies the allegations in Paragraph 65.

66.    Capital One denies the allegations in Paragraph 66.

67.    Capital One denies the allegations in Paragraph 67.

68.    Capital One denies the allegations in Paragraph 68.

69.    Capital One denies the allegations in Paragraph 69.

70.    Capital One denies the allegations in Paragraph 70.

71.    Capital One denies the allegations in Paragraph 71.

72.    Capital One denies the allegations in Paragraph 72.

73.    Capital One denies the allegations in Paragraph 73.

74.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 concerning the origins and meaning of the reprinted screen images, and on that basis denies them. Capital One further denies the allegations in Paragraph 74.

75.    Capital One denies the allegations in Paragraph 75.

76.    Capital One denies the allegations in Paragraph 76.

77.    Capital One denies the allegations in Paragraph 77.

78.    Capital One denies the allegations in Paragraph 78.

79.    Capital One denies the allegations in Paragraph 79.

80.    Capital One denies the allegations in Paragraph 80.

81.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81 concerning the origins and meaning of the reprinted screen images, and on that basis denies them.  Capital One further denies the allegations in Paragraph 81.

82.    Capital One denies the allegations in Paragraph 82.

83.     Capital One denies the allegations in Paragraph 83.

84.     Capital One denies the allegations in Paragraph 84.

85.     Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85, and on that basis denies them.  Capital One further lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85 concerning the origins and meaning of the reprinted screen images, and on that basis denies them.

86.     Paragraph 86 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86, and on that basis denies them.

87.     Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87, and on that basis denies them.  Capital One further lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87 concerning the origins and meaning of the reprinted screen images, and on that basis denies them.

88.     Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88, and on that basis denies them.   Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88 concerning the origins and meaning of the reprinted screen images, and on that basis denies them.

89.     Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89, and on that basis denies them.

90.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 90, and on that basis denies them. Capital One further lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90 concerning the origins and meaning of the reprinted screen images, and on that basis denies them. Capital One denies the allegations in the remainder of Paragraph 90.

91.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91, and on that basis denies them.

92.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92, and on that basis denies them.

93.    Capital One denies the allegations in Paragraph 93.

94.    Capital One denies the allegations in Paragraph 94.

**7.    The Technology Powering Capital One Shopping's Theft of Affiliate Commissions**

95.    Capital One denies the allegations in Paragraph 95.

96.    Capital One denies the allegations in Paragraph 96.

97.    Capital One denies the allegations in Paragraph 97.

98.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98, and on that basis denies them. Capital One further lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98 concerning the origins and meaning of the reprinted screen images, and on that basis denies them.

99.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99, and on that basis denies them. Capital One further lacks

knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99 concerning the origins and meaning of the reprinted screen images, and on that basis denies them.

100.     Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100, and on that basis denies them.  Capital One further lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100 concerning the origins and meaning of the reprinted screen images, and on that basis denies them.

101.     Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101, and on that basis denies them.  Capital One further lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101 concerning the origins and meaning of the reprinted screen images, and on that basis denies them.

102.     Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in first and second sentences in Paragraph 102, and on that basis denies them.  Capital One further lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102 concerning the origins and meaning of the reprinted screen images, and on that basis denies them.  Capital One denies the allegations in the remainder of Paragraph 102.

103.     Capital One denies the allegations in Paragraph 103 to the extent Plaintiffs allege Capital One engages in "cookie stuffing."  Capital One lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 103, and on that basis denies them.

104.    Paragraph 104 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Paragraph 104 also contains characterizations of affiliate links generally rather than Capital One specifically, and Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104, and on that basis denies them.  Capital One denies the allegations in Paragraph 104 to the extent Plaintiffs allege Capital One engages in "cookie stuffing."

105.    Paragraph 105 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Paragraph 105 also contains characterizations of "cookie stuffing" generally rather than Capital One specifically, and Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105, and on that basis denies them.

106.    Capital One denies the allegations in Paragraph 106.

**8.    In Addition to Capital One's Own Logs, Capital One's Conduct Is Also Traceable Via Statistical Analysis**

107.    Capital One denies the allegations in Paragraph 107.

108.    Paragraph 108 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108, and on that basis denies them.

109.    Paragraph 109 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109, and on that basis denies them.  Capital One denies the allegations in Paragraph 109 to the extent Plaintiffs allege Capital One stole affiliate commissions.

110.    Paragraph 110 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110, and on that basis denies them.  Capital One denies the allegations in Paragraph 110 to the extent Plaintiffs allege that it stole affiliate commissions.

111.    Capital One denies the allegations in the first sentence of Paragraph 111.  Capital One lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 111, and on that basis denies them.  Capital One further lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111 concerning the origins and meaning of the reprinted screen images, and on that basis denies them.  Capital One denies the allegations in Paragraph 111 to the extent Plaintiffs allege that it stole affiliate commissions.

**B.    Plaintiffs' Experiences**

112.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112, and on that basis denies them.

113.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113, and on that basis denies them.

114.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 114, and on that basis denies them.

115.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115, and on that basis denies them.

116.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116, and on that basis denies them.

117.     Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117, and on that basis denies them.

118.     Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 118, and on that basis denies them.

119.     Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 119, and on that basis denies them.

120.     Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 120, and on that basis denies them.

121.     Capital One denies the allegations in Paragraph 121.

122.     Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 122, and on that basis denies them.

123.     Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 123, and on that basis denies them.

124.     Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 124, and on that basis denies them.

125.     Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 125, and on that basis denies them.

126.     Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 126, and on that basis denies them.

127.     Capital One denies the allegations in Paragraph 127.

128.     Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 128, and on that basis denies them.

129.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 129, and on that basis denies them.

130.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 130, and on that basis denies them.

131.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 131, and on that basis denies them.

132.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 132, and on that basis denies them.

133.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 133, and on that basis denies them.

134.    Capital One denies the allegations in Paragraph 134.

135.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 135, and on that basis denies them.

136.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 136, and on that basis denies them.

137.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 137, and on that basis denies them.

138.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 138, and on that basis denies them.

139.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 139, and on that basis denies them.

140.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 140, and on that basis denies them.

141.   Capital One denies the allegations in Paragraph 141.

142.   Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 142, and on that basis denies them.

143.   Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 143, and on that basis denies them.

144.   Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 144, and on that basis denies them.

145.   Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 145, and on that basis denies them.

146.   Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 146, and on that basis denies them.

147.   Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 147, and on that basis denies them.

148.   Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 148, and on that basis denies them.

149.   Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 149, and on that basis denies them.

150.   Capital One denies the allegations in Paragraph 150.

**C.     Damages & Harm**

151.   Capital One denies the allegations in Paragraph 151.

152.   Capital One denies the allegations in Paragraph 152.

153.   Capital One admits that its millions of users activate and use the Capital One Shopping browser extension in connection with online purchases each year.  Except as expressly stated above, Capital One denies the allegations of Paragraph 153 on page 59.[1]

154.   Capital One denies the allegations in Paragraph 154 on page 59.

## V.    CLASS ALLEGATIONS

155.   Paragraph 155 on pages 59-60 describes the purported putative class for the case, which does not require a response.  To the extent a response is required, Capital One denies the allegations in Paragraph 155 on pages 59-60, and expressly denies that the putative class described in Paragraph 155 on pages 59-60 can be certified under Federal Rule of Civil Procedure 23.

156.   Paragraph 156 on page 60 describes the purported putative class for the case, which does not require a response.  To the extent a response is required, Capital One denies the allegations in Paragraph 156 on page 60, and further denies that any class should be certified.

157.   Paragraph 157 on page 60 describes the purported putative class for the case, which does not require a response.  To the extent a response is required, Capital One denies the allegations in Paragraph 157 on page 60, and further denies that any class should be certified.

---

[1] The Complaint contains two sets of paragraphs numbered 153 to 165. The first set is found from pages 59 to 63 of the Complaint, and the second set is found from pages 63 to 66 of the Complaint. This Answer is accordingly numbered with both sets of paragraphs 153 to 165 and specifies on which page of the Complaint each identified paragraph belongs to.

158.   Paragraph 158 on page 60 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 158 on page 60, and further denies that any class should be certified.

159.   Paragraph 159 on page 60 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 159 on page 60, and further denies that any class should be certified.

160.   Paragraph 160 on page 60 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 160 on page 60, and further denies that any class should be certified.

161.   Paragraph 161 on pages 60-61 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 161 on pages 60-61, and further denies that any class should be certified.

162.   Paragraph 162 on pages 61-62 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 162 on pages 61-62, and further denies that any class should be certified.

163.   Paragraph 163 on page 62 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 163 on page 62, and further denies that any class should be certified.

164.   Paragraph 164 on page 62 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 164 on page 62, and further denies that any class should be certified.

165.    Paragraph 165 on pages 62-63 states legal conclusions to which no response is required. To the extent a response is required, Capital One denies the allegations in Paragraph 165 on pages 62-63, and further denies that any class should be certified.

153.    Paragraph 153 on page 63 states legal conclusions to which no response is required. To the extent a response is required, Capital One denies the allegations in Paragraph 153 on page 63.

154.    Paragraph 154 on page 63 states legal conclusions to which no response is required. To the extent a response is required, Capital One denies the allegations in Paragraph 154 on page 63.

155.    Paragraph 155 on page 63 states legal conclusions to which no response is required. To the extent a response is required, Capital One denies the allegations in Paragraph 155 on page 63.

156.    Capital One denies the allegations in Paragraph 156 on page 63.

157.    Capital One denies the allegations in Paragraph 157 on pages 63-64.

158.    Capital One denies the allegations in Paragraph 158 on page 64.

159.    Capital One denies the allegations in Paragraph 159 on page 64.

160.    Capital One denies the allegations in Paragraph 160 on page 64.

## VII. CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### UNJUST ENRICHMENT
### (UNDER VIRGINIA LAW OR THE APPLICABLE LAW OF EACH PLAINTIFF'S HOME STATE)

161.    Capital One incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

162.   Paragraph 162 on page 65 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 162 on page 65.

163.   Paragraph 163 on page 65 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 163 on page 65.

164.   Paragraph 164 on page 65 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 164 on page 65.

165.   Capital One denies the allegations in Paragraph 165 on pages 65-66.

166.   Paragraph 166 purports to quote, paraphrase, and/or characterize the contents of certain documents, which speak for themselves.  Capital One admits that in other contexts not relevant to the allegations in this case, it may pay certain affiliate marketers to promote some of its products.  Except as expressly stated, Capital One denies the allegations in Paragraph 166.

167.   Paragraph 167 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 167.

168.   Paragraph 168 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 168.

169.   Paragraph 169 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 169.

170.   Paragraph 170 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 170.

171.   Paragraph 171 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 171.

172.   Paragraph 172 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 172.

## SECOND CAUSE OF ACTION

### INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
### (UNDER VIRGINIA LAW OR THE APPLICABLE LAW OF EACH PLAINTIFF'S HOME STATE)

173.   Capital One incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

174.   Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentence of Paragraph 174, and on that basis denies them.  The remaining allegations in Paragraph 174 state legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the remaining allegations in Paragraph 174.

175.   Capital One denies the allegations in Paragraph 175.

176.   Capital One denies the allegations in Paragraph 176.

177.   Capital One denies the allegations in Paragraph 177.

178.   Paragraph 178 states legal conclusions to which no response is required. To the extent a response is required, Capital One denies the allegations in Paragraph 178.

179.   Capital One denies the allegations in Paragraph 179.

180.   Paragraph 180 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 180.

## THIRD CAUSE OF ACTION

### INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

**(UNDER VIRGINIA LAW OR THE APPLICABLE LAW OF EACH PLAINTIFF'S HOME STATE)**

181.    Capital One incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

182.    Capital One lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first and second sentence of Paragraph 182, and on that basis denies them.  The remaining allegations in Paragraph 182 state legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the remaining allegations in Paragraph 174.

183.    Capital One denies the allegations in Paragraph 183.

184.    Capital One denies the allegations in Paragraph 184.

185.    Paragraph 185 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 185.

186.    Paragraph 186 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 186.

**FOURTH CAUSE OF ACTION**

**CONVERSION**
**(UNDER VIRGINIA LAW OR THE APPLICABLE LAW OF EACH PLAINTIFF'SHOME STATE)**

187.    Capital One is not required to answer the allegations in Paragraph 187 because the Court's June 2, 2025 order dismissed Plaintiffs' Fourth Cause of Action.

188.    Capital One is not required to answer the allegations in Paragraph 188 because the Court's June 2, 2025 order dismissed Plaintiffs' Fourth Cause of Action.

189.    Capital One is not required to answer the allegations in Paragraph 189 because the Court's June 2, 2025 order dismissed Plaintiffs' Fourth Cause of Action.

190.   Capital One is not required to answer the allegations in Paragraph 190 because the Court's June 2, 2025 order dismissed Plaintiffs' Fourth Cause of Action.

191.   Capital One is not required to answer the allegations in Paragraph 191 because the Court's June 2, 2025 order dismissed Plaintiffs' Fourth Cause of Action.

192.   Capital One is not required to answer the allegations in Paragraph 192 because the Court's June 2, 2025 order dismissed Plaintiffs' Fourth Cause of Action.

## FIFTH CAUSE OF ACTION

**VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT**
**18 U.S.C. § 1030, *ET SEQ.***
**(ON BEHALF OF THE CLASS)**

193.   Capital One incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

194.   Paragraph 194 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 194.

195.   Paragraph 195 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 195.

196.   Paragraph 196 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 196.

197.   Paragraph 197 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 197.

198.   Capital One denies the allegations in Paragraph 198.

199.   Capital One denies the allegations in Paragraph 199.

200.   Capital One denies the allegations in Paragraph 200.

201.   Capital One denies the allegations in Paragraph 201.

202.    Capital One denies the allegations in Paragraph 202.

203.    Paragraph 203 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 203.

204.    Paragraph 204 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 204.

205.    Paragraph 205 states legal conclusions to which no response is required.  To the extent a response is required, Capital One denies the allegations in Paragraph 205.

## <u>SIXTH CAUSE OF ACTION</u>

**VIOLATION OF THE NEW YORK DECEPTIVE PRACTICES ACT**
**N.Y. GEN. BUS. LAW § 349**
**(ON BEHALF OF PLAINTIFF STORM PRODUCTIONS LLC, AND THE NEW YORK SUBCLASS)**

206.    Capital One is not required to answer the allegations in Paragraph 206 because the Court's June 2, 2025 order dismissed Plaintiffs' Sixth Cause of Action.

207.    Capital One is not required to answer the allegations in Paragraph 207 because the Court's June 2, 2025 order dismissed Plaintiffs' Sixth Cause of Action.

208.    Capital One is not required to answer the allegations in Paragraph 208 because the Court's June 2, 2025 order dismissed Plaintiffs' Sixth Cause of Action.

209.    Capital One is not required to answer the allegations in Paragraph 209 because the Court's June 2, 2025 order dismissed Plaintiffs' Sixth Cause of Action.

210.    Capital One is not required to answer the allegations in Paragraph 210 because the Court's June 2, 2025 order dismissed Plaintiffs' Sixth Cause of Action.

211.    Capital One is not required to answer the allegations in Paragraph 211 because the Court's June 2, 2025 order dismissed Plaintiffs' Sixth Cause of Action.

212.   Capital One is not required to answer the allegations in Paragraph 212 because the Court's June 2, 2025 order dismissed Plaintiffs' Sixth Cause of Action.

213.   Capital One is not required to answer the allegations in Paragraph 213 because the Court's June 2, 2025 order dismissed Plaintiffs' Sixth Cause of Action.

214.   Capital One is not required to answer the allegations in Paragraph 214 because the Court's June 2, 2025 order dismissed Plaintiffs' Sixth Cause of Action.

215.   Capital One is not required to answer the allegations in Paragraph 215 because the Court's June 2, 2025 order dismissed Plaintiffs' Sixth Cause of Action.

216.   Capital One is not required to answer the allegations in Paragraph 216 because the Court's June 2, 2025 order dismissed Plaintiffs' Sixth Cause of Action.

217.   Capital One is not required to answer the allegations in Paragraph 217 because the Court's June 2, 2025 order dismissed Plaintiffs' Sixth Cause of Action.

## SEVENTH CAUSE OF ACTION

**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW,
CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*
(ON BEHALF OF PLAINTIFF TECHSOURCE OFFICIAL AND THE CALIFORNIA
SUBCLASS)**

218.   Capital One is not required to answer the allegations in Paragraph 218 because the Court's June 2, 2025 order dismissed Plaintiffs' Seventh Cause of Action.

219.   Capital One is not required to answer the allegations in Paragraph 219 because the Court's June 2, 2025 order dismissed Plaintiffs' Seventh Cause of Action.

220.   Capital One is not required to answer the allegations in Paragraph 220 because the Court's June 2, 2025 order dismissed Plaintiffs' Seventh Cause of Action.

221.    Capital One is not required to answer the allegations in Paragraph 221 because the Court's June 2, 2025 order dismissed Plaintiffs' Seventh Cause of Action.

222.    Capital One is not required to answer the allegations in Paragraph 222 because the Court's June 2, 2025 order dismissed Plaintiffs' Seventh Cause of Action.

223.    Capital One is not required to answer the allegations in Paragraph 223 because the Court's June 2, 2025 order dismissed Plaintiffs' Seventh Cause of Action.

224.    Capital One is not required to answer the allegations in Paragraph 224 because the Court's June 2, 2025 order dismissed Plaintiffs' Seventh Cause of Action.

225.    Capital One is not required to answer the allegations in Paragraph 225 because the Court's June 2, 2025 order dismissed Plaintiffs' Seventh Cause of Action.

226.    Capital One is not required to answer the allegations in Paragraph 226 because the Court's June 2, 2025 order dismissed Plaintiffs' Seventh Cause of Action.

227.    Capital One is not required to answer the allegations in Paragraph 227 because the Court's June 2, 2025 order dismissed Plaintiffs' Seventh Cause of Action.

228.    Capital One is not required to answer the allegations in Paragraph 228 because the Court's June 2, 2025 order dismissed Plaintiffs' Seventh Cause of Action.

229.    Capital One is not required to answer the allegations in Paragraph 229 because the Court's June 2, 2025 order dismissed Plaintiffs' Seventh Cause of Action.

230.    Capital One is not required to answer the allegations in Paragraph 230 because the Court's June 2, 2025 order dismissed Plaintiffs' Seventh Cause of Action.

231.    Capital One is not required to answer the allegations in Paragraph 231 because the Court's June 2, 2025 order dismissed Plaintiffs' Seventh Cause of Action.

## EIGHTH CAUSE OF ACTION

**CALIFORNIA COMPREHENSIVE COMPUTER DATA ACCESS & FRAUD ACT**
**CAL. PENAL CODE § 502**
**(ON BEHALF OF PLAINTIFF TECHSOURCE OFFICIAL AND THE CALIFORNIA SUBCLASS)**

232.     Capital One is not required to answer the allegations in Paragraph 232 because the Court's June 2, 2025 order dismissed Plaintiffs' Eighth Cause of Action.

233.     Capital One is not required to answer the allegations in Paragraph 233 because the Court's June 2, 2025 order dismissed Plaintiffs' Eighth Cause of Action.

234.     Capital One is not required to answer the allegations in Paragraph 234 because the Court's June 2, 2025 order dismissed Plaintiffs' Eighth Cause of Action.

235.     Capital One is not required to answer the allegations in Paragraph 235 because the Court's June 2, 2025 order dismissed Plaintiffs' Eighth Cause of Action.

236.     Capital One is not required to answer the allegations in Paragraph 236 because the Court's June 2, 2025 order dismissed Plaintiffs' Eighth Cause of Action.

237.     Capital One is not required to answer the allegations in Paragraph 237 because the Court's June 2, 2025 order dismissed Plaintiffs' Eighth Cause of Action.

238.     Capital One is not required to answer the allegations in Paragraph 238 because the Court's June 2, 2025 order dismissed Plaintiffs' Eighth Cause of Action.

239.     Capital One is not required to answer the allegations in Paragraph 239 because the Court's June 2, 2025 order dismissed Plaintiffs' Eighth Cause of Action.

240.     Capital One is not required to answer the allegations in Paragraph 240 because the Court's June 2, 2025 order dismissed Plaintiffs' Eighth Cause of Action.

241.     Capital One is not required to answer the allegations in Paragraph 241 because the Court's June 2, 2025 order dismissed Plaintiffs' Eighth Cause of Action.

242.    Capital One is not required to answer the allegations in Paragraph 242 because the Court's June 2, 2025 order dismissed Plaintiffs' Eighth Cause of Action.

243.    Capital One is not required to answer the allegations in Paragraph 243 because the Court's June 2, 2025 order dismissed Plaintiffs' Eighth Cause of Action.

244.    Capital One is not required to answer the allegations in Paragraph 244 because the Court's June 2, 2025 order dismissed Plaintiffs' Eighth Cause of Action.

245.    Capital One is not required to answer the allegations in Paragraph 245 because the Court's June 2, 2025 order dismissed Plaintiffs' Eighth Cause of Action.

## NINTH CAUSE OF ACTION

### PENNSYLVANIA COMPUTER OFFENSES LAW
### 18 PA.C.S. § 7611
### (ON BEHALF OF PLAINTIFF AHNTOURAGE MEDIA LLC AND THE PENNSYLVANIA SUBCLASS)

246.    Capital One is not required to answer the allegations in Paragraph 246 because the Court's June 2, 2025 order dismissed Plaintiffs' Ninth Cause of Action.

247.    Capital One is not required to answer the allegations in Paragraph 247 because the Court's June 2, 2025 order dismissed Plaintiffs' Ninth Cause of Action.

248.    Capital One is not required to answer the allegations in Paragraph 248 because the Court's June 2, 2025 order dismissed Plaintiffs' Ninth Cause of Action.

249.    Capital One is not required to answer the allegations in Paragraph 249 because the Court's June 2, 2025 order dismissed Plaintiffs' Ninth Cause of Action.

250.    Capital One is not required to answer the allegations in Paragraph 250 because the Court's June 2, 2025 order dismissed Plaintiffs' Ninth Cause of Action.

251.    Capital One is not required to answer the allegations in Paragraph 251 because the Court's June 2, 2025 order dismissed Plaintiffs' Ninth Cause of Action.

252.    Capital One is not required to answer the allegations in Paragraph 252 because the Court's June 2, 2025 order dismissed Plaintiffs' Ninth Cause of Action.

253.    Capital One is not required to answer the allegations in Paragraph 253 because the Court's June 2, 2025 order dismissed Plaintiffs' Ninth Cause of Action.

254.    Capital One is not required to answer the allegations in Paragraph 254 because the Court's June 2, 2025 order dismissed Plaintiffs' Ninth Cause of Action.

255.    Capital One is not required to answer the allegations in Paragraph 255 because the Court's June 2, 2025 order dismissed Plaintiffs' Ninth Cause of Action.

256.    Capital One is not required to answer the allegations in Paragraph 256 because the Court's June 2, 2025 order dismissed Plaintiffs' Ninth Cause of Action.

257.    Capital One is not required to answer the allegations in Paragraph 257 because the Court's June 2, 2025 order dismissed Plaintiffs' Ninth Cause of Action.

258.    Capital One is not required to answer the allegations in Paragraph 258 because the Court's June 2, 2025 order dismissed Plaintiffs' Ninth Cause of Action.

## VIII. PRAYER FOR RELIEF

Capital One denies all allegations in the Prayer for Relief, and further denies any liability to Plaintiffs or putative class members, denies that class certification is proper, and denies that Plaintiffs or putative class members are entitled to any relief.

## IX.    JURY DEMAND

Capital One denies that Plaintiffs are entitled to a jury trial.

## DEFENSES

Capital One asserts the following separate and affirmative defenses to Plaintiffs' alleged cause of action.  Insofar as any of the following expresses denial of an element of any claim alleged

against Capital One, such expression does not indicate that Plaintiffs are relieved of their burden to prove each and every element of any such claim. Capital One reserves the right to assert additional affirmative and other defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## FIRST DEFENSE

### (Failure to State a Claim)

Plaintiffs' Complaint fails to state a claim for which relief may be granted against Capital One.

## SECOND DEFENSE

### (Lacks Standing)

Plaintiffs' claims, and the claims that Plaintiffs purport to bring on behalf of members of the putative class, are barred because Plaintiffs and the putative class members lack standing to assert the alleged claims.

## THIRD DEFENSE

### (Consent)

Plaintiffs' claims, and the claims that Plaintiffs purport to bring on behalf of members of the putative class, are barred, in whole or in part, by the existence of consent, disclosure, notification, ratification, acquiescence, authorization, and/or acceptance, including, without limitation, because the agreements Plaintiffs entered into with merchants and affiliate networks and other documents disclosed the conduct alleged in the Complaint and Plaintiffs and members of the putative class consented to the merchant and affiliate network agreements and other relevant disclosures.

## FOURTH DEFENSE

**(Statute of Limitations)**

Plaintiffs' claims, and the claims that Plaintiffs purport to bring on behalf of members of the putative class are barred, in whole or in part, by the applicable statute of limitations.

**FIFTH DEFENSE**

**(Waiver/Estoppel/Unclean Hands/Laches)**

Plaintiffs' claims, and the claims that Plaintiffs purport to bring on behalf of members of the putative class, are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, and laches.

**SIXTH DEFENSE**

**(Failure to Mitigate)**

Plaintiffs' claims, and the claims that Plaintiffs purport to bring on behalf of members of the putative class, are barred, in whole or in part, by Plaintiffs' and the putative class members' failure to mitigate damages, if any.

**SEVENTH DEFENSE**

**(No Statutory or Punitive Damages)**

Plaintiffs' claims for statutory and punitive damages, and the claims that Plaintiffs purport to bring on behalf of members of the putative class for statutory and punitive damages, are barred or reduced by applicable law or are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, and the applicable provisions of the Constitutions of the several States, including because Capital One did not engage in any conduct sufficient to justify an award of punitive damages.

**EIGHTH DEFENSE**

**(Good Faith)**

Plaintiffs' claims, and the claims that Plaintiffs purport to bring on behalf of members of the putative class, are barred, in whole or in part, because at all times Capital One acted in good faith.

## NINTH DEFENSE

### (Acts of Other Entities)

Plaintiffs' claims, and the claims that Plaintiffs purport to bring on behalf of members of the putative class, are barred, in whole or in part, because liability does not lie with Capital One and the damages Plaintiffs allege were caused by independent intervening, superseding causes, or by the acts of another entity or third party, and not by Capital One.

## TENTH DEFENSE

### (Lack of Causation)

Plaintiffs' claims, and the claims that Plaintiffs purport to bring on behalf of members of the putative class, are barred, in whole or in part, because any alleged injury was caused, in whole or in part, by the acts or omissions of Plaintiffs, putative class members, or by persons or entities other than Capital One.  Any purported acts or omissions by Capital One did not directly or proximately cause the alleged injuries of Plaintiffs and other members of the putative class.

## ELEVENTH DEFENSE

### (Authorization)

Plaintiffs' claims, and the claims that Plaintiffs purport to bring on behalf of members of the putative class, are barred, in whole or in part, because all of the alleged conduct of Capital One that Plaintiffs complain of was wholly authorized by the merchants and/or affiliate networks responsible for regulating the operation of browser extensions on merchant websites and

determining how to attribute credit for sales amongst various affiliates in any given consumer's online shopping trip.

### TWELVTH DEFENSE

### (Lack of Intent)

Plaintiffs' claims, and the claims that Plaintiffs purport to bring on behalf of members of the putative class, are barred, in whole or in part, because, to the extent Capital One engaged in the conduct Plaintiffs complain of, it did so without the requisite intent as required by the claims Plaintiffs assert.

### THIRTEENTH DEFENSE

### (Express Contract)

Plaintiffs' claims, and the claims that Plaintiffs purport to bring on behalf of members of the putative class, are barred, in whole or in part, because all of the alleged conduct that Plaintiffs complain of was governed by and/or permitted under express contracts with the merchants and/or affiliate networks.

### FOURTEENTH DEFENSE

### (Mistake of Fact)

Plaintiffs' claims, and the claims that Plaintiffs purport to bring on behalf of members of the putative class, are barred, in whole or in part, because Capital One reasonably believed that all of the alleged conduct that Plaintiffs complain of was authorized and/or permitted.

### FIFTEENTH DEFENSE

### (Justification)

Plaintiffs' claims, and the claims that Plaintiffs purport to bring on behalf of members of the putative class, are barred, in whole or in part, because Capital One was engaged in legitimate business competition with the Plaintiffs.

## SIXTEENTH DEFENSE

### (Class Certification)

This suit may not be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, because:

a)      The putative class is not numerous;

b)      Questions of law or fact common to the putative class do not exist;

c)      Plaintiffs' claims are not typical of the claims of those they purport to represent;

d)      Plaintiffs will not fairly or adequately protect the interests of the putative class;

e)      Capital One has not acted on grounds generally applicable to the putative class;

f)      Common questions do not predominate;

g)      A class action is not superior to other available methods for the fair and effective adjudication of the controversy;

h)      The class is not ascertainable; or

i)      Other applicable requirements are not met.

## SEVENTEENTH DEFENSE

### (Reservation of Rights)

Capital One reserves the right to assert additional defenses that become available or apparent during discovery and reserves the right to amend this Answer to assert such defenses. This reservation of rights is particularly necessary because Capital One may have additional defenses against members of the putative class who are not currently parties to this suit.

## PRAYER FOR RELIEF

Capital One respectfully requests as follows:

A.      That the Court enter judgment in favor of Capital One;

B.      That this action proceeds between the named parties only, and that no class action

be permitted under Fed. R. Civ. P. 23 and no class be certified under Fed. R. Civ. P. 23(c);

C.      That the Plaintiffs take nothing by way of the Complaint;

D.      For attorney's fees and costs as permitted by law; and

E.      For such other and further relief as this Court deems just and proper.


DATED: June 16, 2025            Respectfully submitted,


/s/ *Connor Kelley*
Connor Kelley (VA Bar No. 93596)
Valerie Hletko*
Andrew Soukup*
Stephen Petkis*
Jeffrey Huberman*
Amee Frodle*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 778-5606
Email:  ckelley@cov.com
       vhletko@cov.com
       asoukup@cov.com
       spetkis@cov.com
       jhuberman@cov.com
       afrodle@cov.com

*Attorneys for Capital One*

**Admitted pro hac vice*

## CERTIFICATE OF SERVICE

I certify that on June 16, 2025, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing (NEF) to all counsel of record.

*/s/ Connor Kelley*
Connor Kelley
