**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| *In re Capital One Financial Corporation, Affiliate Marketing Litigation* | Case No. 1:25-cv-00023-AJT-WBP |

**JOINT STATUS REPORT PURSUANT TO PARAGRAPH 5 OF PRETRIAL ORDER #1**

Pursuant to Paragraph 5(a) of the Court's Pretrial Order #1, ECF No. 94, Lead Plaintiffs' Counsel and Defense Counsel ("the Parties") submit this joint status report and proposed agenda in advance of the September 2, 2025 status conference.

**I.     Agenda**

The Parties propose the following agenda for the September 2, 2025 status conference:

- Status of the case;

- Fact discovery, including updates on structured data, source code review, third-party depositions, depositions, and anticipated issues, *see infra* Section II; and

- Rule 702 motions deadlines, *see infra* Section III.

**II.     Fact Discovery**

**Plaintiffs' Position**

Plaintiffs substantially completed their document production for each plaintiff earlier this month and have made minor additional productions in response to the Defendants. As of today, Plaintiffs have completed their planned depositions of Defendants' witnesses. Defendants make

1

extensive comments about what it intends to do and offers its own spin on documents produced and testimony, which Plaintiffs view as ill-suited for a status report.

### A.    Structured Data

Plaintiffs' experts have analyzed Defendants' structured data. At this time, Plaintiffs have no further issues with the structured data to report, though they reserve their rights to seek all necessary relief in the future.

### B.    Source Code Review

Plaintiffs' experts have analyzed Defendants' source code. At this time, Plaintiffs have no further issues with the source code to report, though they reserve their rights to seek all necessary relief in the future.

### C.    Third-Party Document Discovery

Since the previous status conference, Plaintiffs have continued to pursue third-party discovery from affiliate networks. The parties have also been sharing any productions in response to the numerous subpoenas issued.

### D.    Depositions

As referenced above, Plaintiffs have completed their intended depositions of Defendants' witnesses. One of the named Plaintiffs was deposed last week, and the remaining Plaintiff depositions are scheduled for September.

Plaintiffs and Defendants have jointly deposed several third-party witnesses over the past few weeks and will jointly depose at least one additional third party in the coming weeks.

### Defendants' Position

### A.    Party Discovery

Capital One substantially completed its document production on June 18 and has now put forward seven company witnesses, including three on very short notice this past week in advance

of Plaintiffs' class certification deadline.  Plaintiffs have taken four depositions focused on source code issues, including two separate Rule 30(b)(6) depositions.  Plaintiffs have not sought to schedule any additional fact depositions and none would be warranted at this stage.

Capital One continues to have serious concerns about Plaintiffs' discovery compliance. Despite having repeatedly represented that their document productions were substantially complete as of August 5—including by making that representation to the Court in the August 1 status report and at the August 5 status conference—Plaintiffs continue to make substantial, unexplained document productions on a rolling basis.  In the past 10 days alone, Plaintiffs have produced 964 pages of documents, which is facially inconsistent with a representation of substantial completion a month ago.

Plaintiffs' recent productions have also not been "minor."  Concerningly, some of the late-produced documents are among the most relevant in the case and are devastating to Plaintiffs' claims, raising serious questions about not only the production timing but also the basis for Plaintiffs' allegations in this case.  Capital One's concerns regarding those documents are set forth more fully below in a section describing a forthcoming motion for sanctions.

Notwithstanding these challenges, Capital One has taken the deposition of one named Plaintiff and anticipates that it will be able to complete depositions of each of the remaining named Plaintiffs by mid-September.

### B.    Third-Party Discovery

 Capital One continues to diligently and cooperatively pursue targeted third-party discovery from affiliate networks and merchants, and has produced to Plaintiffs all responses and documents it has received from third parties to date.  Capital One has taken the deposition of three of the largest affiliate networks (Impact, Awin, and Rakuten) and one merchant (Neiman Marcus), and has produced a declaration received from another merchant (Staples).  As expected, the

testimony provided by these third parties consistently rejects Plaintiffs' unsupported view of the affiliate marketing industry, including by making clear that these third parties intend for Capital One to receive commissions based on customer clicks on the Shopping browser extension. Capital One anticipates taking additional third-party discovery in advance of its deadline to oppose Plaintiffs' motion for class certification.

To date, despite having served 33 third-party subpoenas, Plaintiffs have produced few third-party documents and have scheduled no third-party depositions (other than cross-noticing those scheduled by Capital One). Capital One will continue to meet and confer with Plaintiffs to understand the basis for these subpoenas and why Plaintiffs feel the need to shift such substantial burdens onto third parties if they do not intend to take any depositions or collect any documents in advance of their class certification deadline. Capital One will also review any documents produced and attend any depositions scheduled.

## C.    Anticipated Issues

Capital One anticipates filing a motion for discovery sanctions in connection with a production of critically relevant documents made by Plaintiff Just Josh on August 20, less than 48 hours prior to his Rule 30(b)(6) deposition. There is no justification for Plaintiffs' eleventh-hour production—Just Josh confirmed that his attorneys completed their document collection efforts "months ago" and that he had not provided any new communications in "many weeks." And as previewed below, the content of the documents combined with their late disclosure has not only substantially prejudiced Capital One's discovery efforts, it also raises serious questions about the continued viability of Plaintiffs' claims.

The late production revealed that one of the largest affiliate networks in the country— Impact—told Just Josh just days before filing its initial complaint that the core of this case is false: Capital One *does not* erase other publishers' tracking information, *does not* violate industry

definitions of "last click," and therefore *does not* surreptitiously "steal" commissions that publishers like Just Josh are entitled to.  Impact could not have been clearer on this point, repeatedly pushing back on Just Josh's fundamental misunderstanding of the affiliate marketing industry and making clear: "Honey and Cap One are not dropping off historical click data, at least with our tracking capabilities.  We can see the full click journey over here, and our brands have access to see it too."  That statement directly refutes Plaintiffs' case theory and the allegations motivating the Court's motion-to-dismiss decision—*i.e.*, that that the Capital One Shopping browser extension "eliminat[es] the Plaintiffs' affiliate tracking codes."  ECF No. 216 at 5.  Plaintiffs withheld this document until *after* Capital One completed a long-noticed deposition of Impact's co-founder on August 13.  That is concerning in and of itself, but doubly so given Just Josh's decision to speculate during his Rule 30(b)(6) deposition that Impact may have been flat wrong about its ability to track the full user journey.  Plaintiffs' inexplicably late production frustrated Capital One's ability to obtain Impact's testimony to refute that speculative testimony.

The late production also revealed that Just Josh had an extended chat discussion with MegaLag—the internet user whose "investigation" video precipitated this lawsuit—after filing the complaint.  During that discussion, Just Josh and MegaLag *both* made a number of statements that are fundamentally inconsistent with Plaintiffs' allegations, including out-of-court acknowledgements that: (i) "retailers can choose who they compensate;" (ii) "can choose to disable [browser extensions] or not;" and (iii) "can see if a click started at your side and ended with the final conversion click at capital one."  This, of course, is a key component of Capital One's defense—retailers and affiliate networks choose who to compensate with a commission, and they do so with full knowledge of all publishers who have been involved in a click journey, including Plaintiffs and Capital One.

Capital One anticipates moving for immediate production of all responsive documents not yet produced and for an evidentiary discovery sanction.

**III.  Rule 702 Deadlines**

**Plaintiffs' Position**

The Court's current scheduling order calls for Rule 702 motions to be filed on October 2, 2025; for oppositions to those motions to be filed on October 16, 2025; and for replies in support of those motions to be filed on October 23. October 2, 2025 is also Defendants' deadline to serve expert disclosures related to class certification issues. Plaintiffs believe the current schedule does not allow sufficient time for Plaintiffs to file their own Rule 702 motions with regards to Defendants' expert disclosures, as the deadline for both the motions and the disclosures are the same.

Plaintiffs would propose modifying the schedule in the following manner to allow time for such motions, which would not result in any modification of the class certification hearing date. All proposed changes below are in bold.

| Event(s) | Current Deadline | [Proposed] Modified Deadline |
|---|---|---|
| Plaintiffs serve expert disclosures for all experts related to class certification issues<br><br>Plaintiffs file motion for class certification | September 2, 2025 | No change |
| Capital One serves expert disclosures for all experts related to class certification issues<br><br>Capital One files opposition | October 2, 2025 | No change |

| | | |
|---|---|---|
| to Plaintiffs' motion for class certification<br><br>**Capital One** files Rule 702 motions | | |
| Plaintiffs file reply in support of motion for class certification<br><br>**Plaintiffs file** oppositions to **Capital One's** Rule 702 motions<br><br>**Plaintiffs file Rule 702 motions** | October 16, 2025 | No change |
| **Capital One** files replies to Rule 702 motions | October 23, 2025 | No change |
| **Capital One files opposition to Plaintiffs' Rules 702 motions** | No current deadline | **October 30, 2025** |
| **Plaintiffs file replies to Rule 702 motions** | No current deadline | **November 3, 2025 at 12pm** |
| Hearing on Plaintiffs' Motion for Class Certification and any Rule 702 Motions | November 4, 2025 at 10:00 a.m. | No change |

**Defendants' Position**

Defendants have no objection to Plaintiffs' proposed modifications to the schedule.

Dated: August 29, 2025                    Respectfully submitted,


                                          /s/ Connor Kelley
                                          Connor Kelley (VA Bar No. 93596)
                                          Valerie Hletko*
                                          Andrew Soukup*
                                          Stephen Petkis*
                                          Jeffrey Huberman*

Amee Frodle*
Derek Andros*
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 778-5606
Email:  ckelley@cov.com
        vhletko@cov.com
        asoukup@cov.com
        spetkis@cov.com
        jhuberman@cov.com
        afrodle@cov.com
        dandros@cov.com

*Attorneys for Defendants Capital One Financial
Corp., Wikibuy LLC, and Wikibuy Holdings LLC*

**Admitted pro hac vice*

/s/ *Steven T. Webster*
Steven T. Webster (VSB No. 31975)
**WEBSTER BOOK LLP**
2300 Wilson Blvd., Suite 728
Alexandria, Virginia 22201
Telephone: (888) 987-9991
swebster@websterbook.com

*Plaintiffs' Local Counsel*

/s/ *E. Michelle Drake*
E. Michelle Drake (admitted *pro hac vice*)
**BERGER MONTAGUE PC**
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Telephone: 612.594.5999
Fax: 612.584.4470
emdrake@bm.net

/s/ *Norman E. Siegel*
Norman E. Siegel (admitted *pro hac vice*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112

Telephone: (816) 714-7100
siegel@stuevesiegel.com

/s/ *Douglas J. McNamara*
Douglas J. McNamara (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, 8th Floor
Washington, DC 20005
Telephone: (202) 408-4600
Fax: (202) 408-4699
dmcnamara@cohenmilstein.com

/s/ *James J. Pizzirusso*
James J. Pizzirusso (admitted *pro hac vice*)
**HAUSFELD LLP**
1200 17th Street N.W. Suite 600
Washington, DC 20036
Telephone: (202) 540-7200
jpizzirusso@hausfeld.com

*Plaintiffs' Co-Lead Counsel*

## **CERTIFICATE OF SERVICE**

I certify that on August 29, 2025, I will file this document with the Court's CM/ECF

system, which will send a Notice of Electronic Filing to all counsel of record.

> */s/ Connor Kelley*
> Steven T. Webster (VSB No. 31975)
> Webster Book LLP