IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| *In re Capital One Financial Corporation, Affiliate Marketing Litigation* | Case No. 1:25-cv-00023-AJT-WBP |

**MEMORANDUM IN OPPOSITION TO MOTION TO SEAL**

On September 2, 2025, Plaintiffs filed a Motion to Seal (ECF No. 310) related to the supporting memorandum and exhibits to their Motion for Class Certification (ECF Nos. 314, 316). On September 8, Defendant, the party supporting the Motion to Seal, filed a brief in support. (ECF No. 326.) Pursuant to the Court's order regarding briefing on this Motion, ECF No. 324, Plaintiffs now submit this brief in opposition.

**APPLICABLE STANDARD**

The public has a right of access to "judicial records." *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978). The public right of access may be based on the common law or the First Amendment. The common law right of access applies to "all judicial records and documents," while the First Amendment right of access applies "only to particular judicial records and documents"—such as exhibits filed in connection with plea hearings and sentencing hearings in criminal cases, and trial proceedings and dispositive motions in civil cases. *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 181-82 (4th Cir. 1988).

The Fourth Circuit has not explicitly determined whether a motion for class certification constitutes a dispositive motion for sealing purposes. Courts generally evaluate such motions under the common law right of access standard. *See, e.g., Am. Sales Co., LLC v. Pfizer, Inc.*, No. 2:14CV361, 2017 WL 11717661, at *1 (E.D. Va. May 23, 2017); *In re Interior Molded Doors*

1

*Antitrust Litig.*, No. 3:18-CV-00718-JAG, 2020 WL 5250574, at *3 (E.D. Va. Sept. 3, 2020) (*Molded Doors I*); *Solomon v. Am. Web Loan, Inc.*, No. 4:17-CV-145-HCM-RJK, 2020 WL 13894410, at *6 (E.D. Va. Oct. 15, 2020). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" *Doe v. Public Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014) (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). However, as the litigation progresses, the right of the public expands and the standard for keeping information sealed gets higher, and the court's obligation to make decisions in public counsels in favor of making documents and records public, especially when those documents and records have continued and ongoing relevance to the litigation. *See In re Interior Molded Doors Antitrust Litig.*, No. 3:18CV718, 2020 WL 7259153, at *2, *4 (E.D. Va. Dec 10, 2020) (*Molded Doors II*) (holding that historical pricing data and internal company communications must be publicly filed in connection with a motion for class certification). As a result, if Defendants do not adequately show that their information needs to be protected, this Court ought not to do the work for them and should instead conclude that Defendants have failed to meet their burden to keep the requested information sealed.

Notably, a court in this District recently held that Capital One had largely failed to support sealing materials submitted in support of class certification in a consumer class action. *Davis v. Cap. One, N.A.*, No. 1:22-cv-00903-AJT-IDD, 2023 WL 7214667, at *2 (E.D. Va. Oct. 13, 2023) (ordering, with the exception of personal identifying information, class certification filings to be made be public). In making that finding, the Court noted that "Capital One appears to be concerned with *reputational* harm, and exposure to future litigation, which is not a countervailing interest recognized for the purpose of sealing." *Id.* (emphasis in original, citing *Doe v. Public Citizen*, 749

F.3d at 270-71 ("The court's apprehension over the ramifications of disclosing the facts germane to this case cannot be squared with the principles of public discourse.... We are not blind to the fact that a corporation's image or reputation may diminish by being embroiled in litigation…That is the nature of public litigation.")).

Under Local Rule 5(C), a party may file a motion to seal with the proposed sealed filings, after which the Court will determine whether the sealing or redactions are proper. E.D. Va. Loc. Civ. R. 5(C). Because Plaintiffs' filings contained materials designated as confidential by Defendants pursuant to the Protective Order (ECF No. 140), Plaintiffs followed that practice when filing the materials in question under seal.

The Fourth Circuit has established steps that a district court must take before documents within a case may be filed under seal. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). In *Ashcraft*, the Fourth Circuit set forth the prerequisites for an order sealing documents, holding that the parties must: (1) provide notice to the public and give the public an opportunity to object to the sealing; (2) consider less drastic alternatives; and (3) provide specific findings in support of the decision to seal and the rejection of alternatives. *Id.* These requirements are addressed in turn.

*First*, the filings related to this Motion have provided sufficient notice to the public of the request to seal. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

*Second*, the Court must consider using redactions or limited sealing (either in scope or duration) in lieu of permanent, blanket sealing. Here, Defendants have proposed a number of redactions to Plaintiffs' class certification brief and expert reports and fully sealing a number of the exhibits thereto. Plaintiffs have reviewed Defendants' proposed redactions. Defendants have failed to meet their burden to establish that the information encompassed in the proposed redactions ought to remain sealed. Moreover, even if the redactions encompass *some* information

that should be sealed, the proposed redactions are far broader than necessary to protect the information at issue. For example, rather than redacting only information related to the dollar value of Capital One's earnings, Defendants have proposed to redact entire sentences relating to their earnings.[1]

*Third*, the Court must make specific findings, supported by the record, that justify sealing under the applicable standard—either the First Amendment or common law. As explained below, Defendants have failed to make the required showing to overcome the common law right of access for a number of their proposed redactions.

## ARGUMENT

### A. Capital One Fails to Provide Specific Bases for Many of its Proposed Redactions

Defendants (or together, "Capital One") have premised their requested sealing on grounds that disclosure of certain information would cause competitive harm, or increase the risk of the security of the Capital One Shopping browser extension. (ECF No. 326 at 3.) However, Defendants' brief in support of sealing is short on specifics, mainly noting that (1) these materials have been designated as confidential under the Protective Order, and have been sealed previously, and (2) some of them involve Capital One's source code and structured data. First, the fact that items have been sealed in the past is not relevant, especially given that the bar to seal gets higher as the litigation progresses. *Molded Doors II*, 2020 WL 7259153, at *2. Second, a discussion of what the source code does is not inherently a trade secret, especially where, as here, much of the operation of the code is apparent from simply observing the browser extension in action.

Capital One fails to provide specific assertions regarding the confidentiality of the materials redacted. The brief contains no information making clear why the specific materials to

---

[1] *See, e.g.*, Plfs.' Ex. 2, Shafiq Report at ¶¶ 59 and 62.

be sealed are trade secrets, or the competitive harm Capital One would expect to incur if such information was made public. Instead, the brief gestures to other cases where, for example, source code has been sealed. (*See, e.g.*, ECF No. 326 at 5.) But source code, by itself, is not a trade secret: Capital One needed to explain why *this* source code in particular represents a trade secret, and, more to the point, why the particular statements *about* the source code constitute secrets, as Plaintiffs are not challenging sealing the source code *itself*. Given that much of this case revolves around the operation of the code, and that Plaintiffs allege that the code operated in an illegal manner, much of Capital One's sealing appears to be more aimed at avoiding corporate embarrassment rather than protecting trade secrets. Notably, Plaintiffs' Complaint contains numerous references to information that Capital One subsequently produced and labeled as confidential pursuant to the Protective Order.[2]

      Plaintiffs have made a detailed review of Capital One's proposed redactions and sealing to comply with the mandate of Local Civil Rule 5. While Plaintiffs agree that the exhibits Capital One seeks to seal in full can be so sealed, Plaintiffs oppose several of Capital One's proposed redactions to Plaintiffs' class certification brief and to one of Plaintiffs' expert reports. In the Exhibits A and B to the Declaration of E. Michelle Drake filed with this Opposition, Capital One's proposed redactions that Plaintiffs agree are proper are highlighted in yellow; Capital One's proposed redactions that Plaintiffs oppose are highlighted in green. Throughout this Opposition, Plaintiffs have indicated which specific contested redactions fall within the categories discussed below. Plaintiffs are also attaching a chart identifying all disputed redactions, indicating the nature of the disputed information, and setting forth the basis for Plaintiffs' opposition to sealing. (Drake

---

[2] For example, the First Amended Complaint contains a detailed description of Defendants' misuse of the last click attribution model. (FAC ¶¶ 64-111.) Compare that discussion with Section E (pages 7-9) of the class certification brief, much of which Defendants seek to redact.

5

Decl. Ex. C.)

### 1. Publicly-accessible information about how the browser extension functions should not be sealed[3]

Capital One improperly seeks redaction of publicly-accessible information about the manner in which Capital One's browser extension functions. For example, information about the extent of the data that the extension gathers and sends to Capital One is publicly accessible – Plaintiffs plead it in the operative complaint: ECF No. 121 ¶ 23. Further, such information is accessible using standard tools without access to materials produced in this litigation. (*See* Shafiq Report ¶ 36 (expert "observed the Capital One extension's collection of event-level data using standard browser developer tools").) Outside the materials produced in this litigation, any developer could evaluate the permissions for the browser extension and determine precisely what data the extension is authorized to send to Capital One. Similarly public is (i) information regarding the permissions level that the Capital One browser extension has, *see* Shafiq Report ¶ 32, Sep. 17, 2025 Declaration of Jonathan Jaffe ¶¶ 9–13 (opining that this information can be gleaned from the publicly-available "manifest.json" file included with the browser extension itself); and (ii) ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Nor is the volume of information Capital One has collected, or that it maintains, commercially sensitive. Capital One's declarations and other information supporting sealing

---

[3] *See* contested redactions on pages 5-6 of the class certification brief and pages 4 and 13 of the Shafiq Report.

provide no basis on which the Court could conclude that the volume of information Capital One gathers is commercially sensitive. To the contrary, Capital One's own publicly-available documentation establishes that it collects this information, a reality which undermines Capital One's arguments in favor of sealing here.

### 2. References that do not reveal the contents of the confidential information should not be sealed.[4]

References to confidential information that do not reveal the contents of the confidential information itself should not be redacted. For example, simply stating that Plaintiffs can rely on the source code to prove a particular legal point, without more, should not trigger a redaction.

### 3. Information about Capital One's misconduct should not be sealed.[5]

Capital One's misconduct is not a trade secret. Without disclosing the details of the source code, general information about how the software improperly seizes commissions to which Capital One was not entitled should not be shielded from public view:

> [C]laims that carry the potential for embarrassing or injurious revelations about a corporation's image [] are part of the day-to-day operations of federal courts. But whether in the context of products liability claims, securities litigation, employment matters, or consumer fraud cases, the public and press enjoy a presumptive right of access to civil proceedings and documents filed therein, notwithstanding the negative publicity those documents may shower upon a company.

*Doe v. Public Citizen*, 749 F.3d at 269. Not only are the contested redactions not trade secrets, because they relate to improper and embarrassing behavior, but they are also not secrets in any sense of the word: notably, the contested redactions here largely follow the allegations in Plaintiffs' publicly-filed operative complaint.

Capital One also attempts to redact information about the proportions of the commissions

---

[4] *See* contested redactions on pages 16, 18, 22, 25 and 28 of the class certification brief.
[5] *See* contested redactions on pages 8-9 and 10-13 of the class certification brief, and pages 4-5 of the Shafiq Report.

at issue that come from the top handful of affiliate networks.[6] But Capital One points to no reason to consider these statistics a trade secret. Similar statistics are publicly available,[7] and there is no reason to think that these statistics for Capital One's extension specifically reveal anything proprietary – to the contrary, they simply reflect the market share of each of the affiliate networks generally. These statistics are core to Plaintiffs' allegations as they relate directly to the propriety of certifying affiliate network subclasses.

Also not a trade secret is the rate at which Plaintiffs allege that Capital One's browser extension illegally intercepted class members' commissions, and thus this information is not properly redacted.[8] Notably, in *Davis*, when Capital One sought to keep the rate at which it allegedly engaged in improper telephone calls sealed, the Court rejected that argument, holding:

> This is clearly not core competitive information such as pricing, sales volume, revenue, margins, upcoming product offerings or other research and development initiatives, procurement, distribution, qualitative aspects of marketing programs, etc. Instead, these figures relate to ancillary business processes, and reveal potential bases for TCPA liability, which Capital One may not hide from the public by recasting it as "competitive" information without any support.

*Davis*, 2023 WL 7214667, at *2. Similarly, the rates and percentages at which Capital One improperly intercepted Plaintiffs' commissions is core to this case and are not legitimate competitive trade secrets.[9]

### 4. Embarrassing corporate communications should not be sealed.[10]

Nor should communications which might make Capital One look bad be allowed to remain

---

[6] *See* contested redactions on page 7 of the class certification brief.
[7] *See, e.g.*, https://wecantrack.com/insights/affiliate-network-statistics/, last accessed 9/16/2025.
[8] *See* contested redactions on pages 13-14 of the class certification brief, and pages 33-35 and 40 of the Shafiq Report.
[9] Notably, Plaintiffs have not contested the redaction of Capital One's related revenue figures, i.e. the number of dollars Capital One improperly intercepted.
[10] *See* contested redactions on pages 12-13 and 26-27 of the class certification brief.

under seal. For example, Capital One seeks to redact emails from other companies complaining about Capital One's behavior. These communications, as well as internal communications noting complaints, cannot constitute trade secrets. In *Molded Doors I*, the Court addressed very similar issues, holding that communications where "executives took hard looks at some problems with the quality of their products," communications where "defendants sometimes referred to their customers in unflattering terms, such as bumpkins and fools" and communications about "historical pricing and discussions about pricing" all needed to be made public. *Molded Doors I*, 2020 WL 5250574, at *2. The result should be the same here.

## CONCLUSION

For all the reasons stated herein, Capital One has not met its common law burden with respect to specific redactions. As a result, Plaintiffs respectfully request that the Motion to Seal at ECF No. 310 be denied in part.

Dated: September 17, 2025

Respectfully submitted,

/s/ *Steven T. Webster*
Steven T. Webster (VSB No. 31975)
**WEBSTER BOOK LLP**
2300 Wilson Blvd., Suite 728
Arlington, Virginia 22201
Telephone: (888) 987-9991
swebster@websterbook.com

*Plaintiffs' Local Counsel*

/s/*Norman E. Siegel*
Norman E. Siegel (admitted *pro hac vice*)
**STUEVE SIEGEL HANSON LLP**
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: (816) 714-7100
siegel@stuevesiegel.com

*/s/E. Michelle Drake*
E. Michelle Drake (admitted *pro hac vice*)
**BERGER MONTAGUE PC**
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Telephone: 612.594.5999
emdrake@bm.net

*/s/Douglas J. McNamara*
Douglas J. McNamara (admitted *pro hac vice*)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, 8th Floor
Washington, DC 20005
Telephone: (202) 408-4600
dmcnamara@cohenmilstein.com

*/s/James J. Pizzirusso*
James J. Pizzirusso (admitted *pro hac vice*)
**HAUSFELD LLP**
1200 17th Street N.W., Suite 600
Washington, DC 20036
Telephone: (202) 540-7200
jpizzirusso@hausfeld.com

*Plaintiffs' Co-Lead Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ *Steven T. Webster*
Steven T. Webster (VSB No. 31975)
**WEBSTER BOOK LLP**