IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| *In re Capital One Financial Corporation, Affiliate Marketing Litigation* | Case No. 1:25-cv-00023-AJT-WBP |

**JOINT MOTION TO STRIKE DOCUMENTS**

Pursuant to the Court's October 1, 2025 Order (ECF No. 339), Plaintiffs Ahntourage Media LLC, Just Josh, Inc., Storm Productions LLC, TechSource Official, and ToastyBros, LLC (collectively, "Plaintiffs") and Defendants Capital One Financial Corporation, Wikibuy, LLC, and Wikibuy Holdings, LLC (collectively, "Capital One") (together with Plaintiffs, the "Parties") respectfully request that the Court strike from the docket certain documents that (i) contain information designated by Capital On as confidential information and (ii) have been withdrawn in light of the Parties' agreement in principle to settle this case and therefore are not the subject of a live dispute before the Court. In further support of this request, the Parties state as follows.[1]

## BACKGROUND

On September 2, 2025, Plaintiffs filed a Motion for Class Certification. *See* ECF Nos. 314–316. In support of that motion, Plaintiffs submitted a memorandum of law and accompanying exhibits that contain information Capital One designated as confidential information. *See* ECF Nos. 328, 329, 336. Accordingly, Plaintiffs also filed a Motion to Seal. *See* ECF Nos. 310–313. Capital One subsequently sought permanent sealing of the confidential information—with reference to the Court's prior orders sealing similar information—which Plaintiffs opposed. *See* ECF Nos. 326, 334. The Parties also submitted proposed redactions to the confidential information.

---

[1] If the Court is not inclined to grant this motion and strike the identified filings from the docket, Capital One respectfully requests an opportunity to submit further briefing in support of its sealing request in light of the Parties' agreement in principle to settle this case and Plaintiffs' withdrawal of their relevant filings, including their opposition to Capital One's sealing request. *See, e.g.*, *In re iPhone Application Litig.*, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) (sealing documents related to mooted motion for class certification because the court "will not have occasion to rule" on the motion and the documents therefore "are unrelated to the public's understanding of the judicial proceedings in this case").

*See* ECF Nos. 327, 338. As a result of this briefing, all documents containing the information designated by Capital One as confidential information are currently under seal.[2]

On September 18, 2025, the Parties filed a Notice of Settlement indicating that they have reached an agreement in principle to settle this case. *See* ECF No. 335. The Court subsequently stayed all existing deadlines in this case and ordered that Plaintiffs file a motion for preliminary approval of the settlement by November 17, 2025, which has been set for hearing on December 2, 2025. *See* ECF No. 337. On October 10, 2025, Plaintiffs withdrew their Motion for Class Certification and their opposition to Capital One's sealing request, including all documents submitted by Plaintiffs that contain confidential information. *See* ECF No. 340.[3]

## ARGUMENT

"It is well established that district courts have inherent power to control their docket." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (quotation omitted). This power is "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (quotation omitted). As part of this power, courts have the authority to "determine what appears in the court's records," including by "strik[ing] items from the docket." *Id.* at 404–05 (district court had authority to strike confidential settlement agreement from the public docket); *see also Iota Xi Chapter of Sigma Chi Fraternity v. Patterson*, 556 F. 3d

---

[2] Pursuant to the then-operative Standing Order regarding procedures for filing sealed documents, the documents containing confidential information were submitted in hard copy form and are not electronically accessible.

[3] Should the Court deny Plaintiffs' forthcoming motion for preliminary approval of the settlement, or if the settlement agreement is terminated or disapproved for any reason, Plaintiffs reserve the right to refile their Motion for Class Certification and accompanying filings (*see* ECF Nos. 314–316, 328) and Motion to Seal and accompanying filings (*see* ECF Nos. 310–313, 320, 329, 334, 336, 338), and Capital One reserves the right to oppose any refiled Motion for Class Certification on all available grounds and to seek sealing of any information submitted in connection therewith.

3

138, 150 (4th Cir. 2009) ("Within wide limits, it is for courts, not litigants, to decide what rules are desirable and how rigorously to enforce them.") (quotation omitted).

To strike documents from the docket, courts therefore need only find "just cause" to do so. *G.W. Aru, LLC v. W.R. Grace & Co.*, 2023 WL 5434666, at *1 (D. Md. Aug. 23, 2023). Multiple courts in this circuit have recognized that just cause may exist when the document in question is not relevant to a dispute before the court. *See, e.g.*, *In re Zetia Antitrust Litig.*, 2018 WL 6795832, at *1 (E.D. Va. Nov. 9, 2018) ("[T]he court has the inherent authority and discretion to strike an unnecessary or unwarranted submission.") (striking reply brief that was "not nee[ed]" by the court to resolve the motion); *McKenzie v. Steamship Trade Ass'n of Baltimore, Inc.*, 2024 WL 4110837, at *1 (D. Md. Sept. 6, 2024) (striking correspondence that "serve[d] no purpose" in the case and noting that lack of opposition to the request "weigh[ed] in favor" of striking the correspondence); *see also Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) (collecting cases noting that courts' inherent authority operates "with a view toward the efficient and expedient resolution of cases").

The Court thus has ample authority to strike Plaintiffs' Motion for Class Certification and opposition to Capital One's sealing request—including the confidential information submitted in support of each—from the docket. Plaintiffs have withdrawn these filings in light of the Parties' agreement in principle to settle this case. *See* ECF No. 340. Therefore, the filings are "unnecessary" and "serve[] no purpose" because they are not the subject of a live dispute before the Court. *In re Zetia*, 2018 WL 6795832, at *1; *McKenzie*, 2024 WL 4110837, at *1. Accordingly, "with a view toward the efficient and expedient resolution" of this case, "just cause" exists to strike them from the docket. *Dietz*, 579 U.S. at 47; *G.W. Aru*, 2023 WL 5434666, at *1. Resolving a non-existent sealing dispute would be an inefficient use of the Court's and the Parties' resources, and would detract from the Parties' focus on finalizing their settlement.

Striking the filings from the docket is also consistent with the Fourth Circuit's approach to the public's right of access to court documents. To have a First Amendment or common law right of access to judicial records, the documents must "play a role in the adjudicative process, or adjudicate substantive rights." *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F. 3d 283, 290–91 (4th Cir. 2013). Documents that "were never acted on or relied on or considered by" the court do not play a role in the adjudicative process. *BASF Plant Sci., LP v. Commonwealth Sci. & Indus. Res. Org.*, 2019 WL 8108115, at *9 (E.D. Va. Aug. 15, 2019) (sealing motion and brief because it was "resolved by the parties and withdrawn within a matter of days"); *see also Trapp v. Suntrust Bank*, 2016 WL 6833986, at *2–3 (M.D.N.C. Nov. 18, 2016) (sealing documents submitted with a motion because "they were not determinative of or relevant to" the court's decision).

Here, the documents containing the confidential information did not "play a role in the adjudicative process." *In re U.S.*, 707 F. 3d at 290–91. Instead, as in *BASF*, the motion that the confidential information was submitted in support of was "resolved by the parties" and promptly "withdrawn." 2019 WL 8108115, at *9. Accordingly, they were "not determinative of or relevant to" any decision by the Court. *Trapp*, 2016 WL 6833986, at *2–3. The public therefore has no right of access to these documents.

For these reasons, the Parties respectfully request that the Court grant this motion and strike from the docket Plaintiffs' Motion for Class Certification and the accompanying filings[4] and Plaintiffs' Motion to Seal and accompanying filings.[5]

---

[4] ECF Nos. 314–316, 328.
[5] ECF Nos. 310–313, 320, 329, 334, 336, 338.

DATED: October 10, 2025

Respectfully submitted,

By: /s/ *Connor Kelley*
Connor Kelley (VA Bar No. 93596)
Valerie Hletko*
Andrew Soukup*
Stephen Petkis*
Jeffrey Huberman*
Amee Frodle*
**COVINGTON & BURLING LLP**
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 778-5606
Email:  ckelley@cov.com
          vhletko@cov.com
          asoukup@cov.com
          spetkis@cov.com
          jhuberman@cov.com
          afrodle@cov.com

*Attorneys for Capital One*

*Admitted pro hac vice

/s/ *Steven T. Webster*
Steven T. Webster (VSB No. 31975)
**WEBSTER BOOK LLP**
2300 Wilson Blvd., Suite 728
Alexandria, Virginia 22201
Telephone: (888) 987-9991
swebster@websterbook.com

*Plaintiffs' Local Counsel*

James J. Pizzirusso
**HAUSFELD LLP**
1200 17th Street, NW, Suite 600
Washington, DC 20036
Tel: (202) 540-7200
jpizzirusso@hausfeld.com

E. Michelle Drake

6

           **BERGER MONTAGUE LLP**
           1229 Tyler Street, NE, Suite 205
           Minneapolis, MN 55413
           Tel: (612) 594-5933
           emdrake@bm.net

           Douglas J. McNamara
           **COHEN MILSTEIN LLP**
           1100 New York Avenue, NW, Suite 800
           Washington, D.C. 20005
           Tel: (202) 408-4651
           DMcNamara@cohenmilstein.com

           Norman E. Siegel
           **STUEVE SIEGEL HANSON LLP**
           460 Nichols Road, Suite 200
           Kansas City, MO 64112
           Tel: (816) 714-7100
           siegel@stuevesiegel.com

           *Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ *Connor Kelley*
Connor Kelley