# **<u>Exhibit 1</u>**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

|  |  |
|---|---|
| *In re Capital One Financial Corporation, Affiliate Marketing Litigation* | Case No. 1:25-cv-00023-AJT-WBP |

## CLASS ACTION SETTLEMENT AGREEMENT

# CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is entered into by and between Plaintiffs Ahntourage Media LLC, Just Josh, Inc., Storm Productions LLC, TechSource Official, and ToastyBros, LLC (the "Settlement Class Representatives"), on behalf of themselves and the Settlement Class (as defined below), on the one hand, and Defendants Capital One Financial Corporation, Wikibuy LLC, and Wikibuy Holdings, LLC[1] ("Capital One"), on the other (together, the "Parties").

## <u>RECITALS</u>

WHEREAS, the Settlement Class Representatives are plaintiffs in cases that have been consolidated together as reflected in a consolidated putative class action, captioned *In re Capital One Financial Corporation, Affiliate Marketing Litigation*, Case No. 1:25-cv-00023 (the "Action"), pending in the U.S. District Court for the Eastern District of Virginia (the "Court");

WHEREAS, the Complaint, the Consolidated Complaint, and the Amended Consolidated Complaint asserted various claims involving the Capital One Shopping line of business and the Capital One Shopping Browser Extension, including, but not limited to, unjust enrichment, tortious interference with prospective economic advantage, tortious interference with contractual relations, conversion, violations of various state consumer protection and deceptive trade practices acts, violations of various state computer fraud and crime statutes, and violations of the Computer Fraud and Abuse Act;

WHEREAS, Capital One filed a motion to dismiss the Amended Consolidated Complaint on April 16, 2025 on multiple grounds, which the Court granted in part and denied in part on June 2, 2025, leaving only the claims for unjust enrichment, tortious interference, and Computer Fraud and Abuse Act violations;

WHEREAS, since that time, the Parties engaged in significant discovery, including the production of tens of thousands of documents from the Parties and third parties, the production of multiple terabytes of data, the production of substantial quantities of source code, the Parties responding to interrogatories and requests for admission, and taking depositions of Capital One employees, corporate representatives, lead plaintiffs, and third-party affiliate networks and advertisers;

WHEREAS, the Parties and their counsel conducted arms-length settlement negotiations, including a full-day in person mediation session on August 28, 2025, mediated by the Hon. Jay Gandhi (Ret.), and extensive and hard-fought negotiations facilitated by Judge Gandhi in the weeks following the mediation session, after which, on or about September 18, 2025, the Parties reached an agreement in principle to settle on the terms and conditions embodied in this Agreement;

---

[1] While the Action was pending, the names of entities Wikibuy LLC and Wikibuy Holdings, LLC were changed to Capital One Shopping LLC and Capital One Shopping Holdings, LLC, respectively.

WHEREAS, the Settlement Class Representatives and Capital One separately have conducted an investigation of the facts and have analyzed the relevant legal issues in regard to the claims and defenses asserted in the Action;

WHEREAS, Capital One strongly denies all claims asserted against it in the Action, denies all allegations of wrongdoing and liability, and denies the lawsuits consolidated into the Action have merit;

WHEREAS, the Parties also have considered the uncertainties of further litigation and the benefits to be obtained by settlement and have considered the costs, risks, and delays associated with the continued prosecution of this complex and time-consuming litigation and the likely appeals of any rulings in favor of either the Settlement Class Representatives or Capital One;

WHEREAS, the Parties have concluded that continued litigation could be protracted and expensive and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Agreement in order to limit further expense, inconvenience, and uncertainty;

WHEREAS, the Parties now desire to resolve all remaining claims of the Settlement Class Representatives and the Settlement Class against Capital One that are asserted or that could have been asserted in the Action related to the Capital One Shopping Browser Extension;

WHEREAS, the Parties wish to enter into a compromise and settlement to avoid the uncertainty and expense of litigation and to achieve a fair and reasonable resolution of the Action;

WHEREAS, the Parties intend for this Agreement to supersede all other agreements between the Parties that may exist;

NOW, THEREFORE, in consideration of the covenants and agreements set forth herein, the Settlement Class Representatives, the Settlement Class, and Capital One, themselves and through their undersigned counsel, agree to settle the Action, subject to Court approval, under the following terms and conditions.

## **<u>AGREEMENT</u>**

1.     **DEFINITIONS.** Unless otherwise indicated above, the following shall be defined terms for purposes of this Agreement. Some of the definitions in this Section use terms that are defined later in the Section.

    1.1.     "Action" means the consolidated putative class action pending in the U.S. District Court for the Eastern District of Virginia, captioned *In re Capital One Financial Corporation, Affiliate Marketing Litigation*, Case No. 1:25-cv-00023 (E.D. Va.), as well as each of the individual cases ultimately consolidated into *In re Capital One Financial Corporation, Affiliate Marketing Litigation*.

    1.2.     "Agreement" means this Class Action Settlement Agreement and Releases, including all amendments and exhibits hereto.

**1.3.**    "Alternative Payment" means a monetary payment of $20, which shall be paid consistent with the terms of this Agreement to each Settlement Class Member who submits a valid Alternative Payment Claim Form.

**1.4.**    "Alternative Payment Claim Form" means a Claim Form submitted by a Settlement Class Member (including Settlement Class Members who submit an invalid Proof Payment Claim Form but whose Claim Form is otherwise considered a valid Alternative Payment Claim Form) with evidence sufficient to indicate that (1) that a Settlement Class Member's identifier is present in a URL within the page_view data (such as a publisher ID, affiliate ID, affiliate link, or trade name) of the Capital One Shopping Data, and (2) Capital One Shopping and the Settlement Class Member both partner with the same merchant through affiliate networks that Capital One Shopping also partners with.

**1.5.**    "Amended Consolidated Complaint" means the Amended Consolidated Class Action Complaint filed on March 25, 2025.

**1.6.**    "Capital One" means Capital One Financial Corporation (including Capital One Shopping), Capital One Shopping LLC and Capital One Shopping Holdings, LLC.

**1.7.**    "Capital One Shopping" means the line of business that operates the Capital One Shopping Browser Extension.

**1.8.**    "Capital One Shopping Data" means the Capital One Shopping data that has been produced by Capital One in this Action as well as the Supplemental Structured Data Production.

**1.9.**    "Capital One's Counsel" means Covington & Burling LLP.

**1.10.**    "Capital One Shopping Browser Extension" means the Capital One Shopping browser extension that is available to be downloaded and used on a browser.

**1.11.**    "Challenge Process" means the process by which Capital One may challenge whether any claimant seeking either a Proof Payment or an Alternative Payment actually appears in Capital One Shopping Data, and/or whether the amount of payment owed is correct, as set forth in Section 4.4.4.

**1.12.**    "Claim" or "Claims" means any and all actual or potential claims, counterclaims, cross claims, third-party claims, actions, causes of action, suits, liabilities, monetary relief, damages (whether actual, nominal, punitive, exemplary, statutory, or otherwise), injunctive relief, restitution, disgorgement, costs, fees, attorneys' fees, or penalties of any kind whether known or unknown, suspected or unsuspected, contingent or non-contingent, or discovered or undiscovered, whether asserted in federal court, state court, arbitration, or otherwise, whether asserted in an individual action, a putative class action, a *parens patriae* action, or other representative action (including any action purportedly brought on behalf of the general public of the United States or of a particular state, district, or territory therein), and whether triable before a judge or jury or otherwise. For the avoidance of doubt, "Claim" includes but is not limited to the following causes of action and statutes: unjust enrichment, tortious interference with contractual relations, intentional interference with contractual relations or business relations, intentional interference with prospective economic advantage or expectancy, quasi-contract claims, interference with

prospective economic advantage, tortious interference with prospective economic advantage, conversion, California Unfair Competition Law, restitution, Nebraska Uniform Deceptive Trade Practices, Nebraska Consumer Protection Act, New York Deceptive Trade Practices Act, Electronic Communications Privacy Act, Computer Fraud and Abuse Act, California Comprehensive Computer Data Access and Fraud Act, California Invasion of Privacy Act, Arizona Consumer Fraud Act, Arizona Unfair Trade Practices, North Carolina Unfair and Deceptive Trade Practices Act, Massachusetts Consumer Protection Act, Michigan Consumer Protection Act, Mississippi Computer Crimes & Identity Theft, Missouri Computer Tampering Act, Missouri Tampering with Computer Data, New Jersey Computer Related Offenses Act, New Jersey Computer Crime Law, Pennsylvania Computer Crime Law, Texas Computer Security Law, Virginia Computer Crimes Act, West Virginia Computer Crime and Abuse Act , and Wisconsin Computer Crimes Act.

    **1.13.** "Claim Form" means the Alternative Payment Claim Form or the Proof Payment Claim Form that the Settlement Class Members must submit to obtain any monetary relief available through this Settlement, in the forms of Exhibit G hereto. The Claim Form shall be submitted electronically through the Settlement Website. Paper Claim Forms will be made available upon request and from the Settlement Administrator and may be mailed to the Settlement Administrator at a dedicated PO Box to handle Claim Forms. Both the Alternative Payment Claim Form and the Proof of Payment Claim Form shall require each Settlement Class Member to provide at a minimum (1) the Settlement Class Member's name and contact information, including mailing address, phone number, email, and either the Settlement Class Member's Social Security Number or Taxpayer Identification Number; (2) information sufficient to identify a merchant partner that is also a merchant partner of Capital One Shopping; (3) information sufficient to locate a transaction involving a Settlement Class Member in the Capital One Shopping Data, which includes but is not limited to a trade name, publisher ID, affiliate ID, URLs (short and or long form), and/or click IDs; and (4) information sufficient to demonstrate that the Settlement Class Member is the true owner of the affiliate account for the transaction in question. Although Settlement Class Members are not required to submit click IDs with their Claim Form, click IDs are an important piece of evidence that can demonstrate ownership and eligibility for payment, and failure to provide click IDs could make it difficult to locate transactions in the Capital One Shopping Data or establish ownership and eligibility for payment.

    **1.14.** "Claims Submission Deadline" means the date one hundred twenty (120) days after the entry of the Preliminary Approval Order, and is the deadline by which Settlement Class Members must submit a Claim Form to the Settlement Administrator in order for the claim to be considered valid, as set forth in Section 4.4.2 of this Agreement.

    **1.15.** "Class Period" means January 6, 2020 through the date on which the Court enters the Preliminary Approval Order.

    **1.16.** "Consolidated Complaint" means the Consolidated Class Action Complaint filed in the Action on February 14, 2025.

    **1.17.** "Court" means the United States District Court for the Eastern District of Virginia.

    **1.18.** "Deficiency Notice" means the communication sent via email from the Settlement

Administrator to a Settlement Class Member indicating that their initial submission of the Claim Form failed to provide sufficient information to determine that the Settlement Class Member is eligible for the Alternative Payment.

**1.19.** "Effective Date" means the date on which all of the following events have occurred: (a) the Court has entered both the Final Approval Order and the Judgment, and (b) either: (i) the time to appeal from the Judgement and all orders entered in connection with the Judgment has expired and no appeal has been taken; or (ii) if a timely appeal of the Judgment or any order entered in connection with the Judgment is taken and the Judgment and all orders entered in connection with the Judgment are not reversed in any way, the date on which the Judgment and all orders entered in connection with the Judgment are no longer subject to further direct appellate review.

**1.20.** "Execution Date" means the date the Agreement shall be deemed executed, which shall be the last date of execution by any of the signatories to the Agreement.

**1.21.** "Exclusion/Objection Deadline" means the date one hundred twenty (120) days after the entry of the Preliminary Approval Order, and is the deadline by which Settlement Class Members must exclude themselves from the Settlement Class or object to the Settlement, as set forth in Sections 4.5 and 4.7 of this Agreement.

**1.22.** "Final Approval Hearing" means the hearing(s) to be held by the Court to consider and determine whether the proposed Settlement of the Action on the terms of this Agreement should be finally approved as fair, reasonable, and adequate, and whether both the Final Approval Order and Judgment should be entered. As set forth in the Preliminary Approval Order, the Parties agree to recommend that the Final Approval Hearing be set one hundred seventy-four (174) days after the entry of the Preliminary Approval Order.

**1.23.** "Final Approval Order" means the order finally approving the Settlement and this Agreement and directing its consummation pursuant to its terms and conditions, approving the Release, and dismissing the claims asserted in the Action with prejudice. The Final Approval Order shall be substantially in the form attached as Exhibit B hereto, subject to such non-substantive modifications as the Court may direct.

**1.24.** "Judgment" means the Judgment to be entered by the Court. The Judgment shall be substantially in the form attached as Exhibit C hereto, subject to such modifications as the Court may direct.

**1.25.** "Long Form Notice" means the Court-approved form of notice of the terms of the proposed Settlement that shall be provided to the Settlement Class Members in the manner contemplated by Section 4.3. The Long Form Notice shall be substantially in the form attached as Exhibit D hereto.

**1.26.** "Motion for Preliminary Approval" means the motion to be filed by the Settlement Class Representatives pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, which shall be filed on or before December 8, 2025.

**1.27.** "Motion for Attorney's Fees and Settlement Class Representative Service Awards" means the motion for an award of fees and nontaxable costs filed by Settlement Class

Representatives and/or Settlement Class Counsel pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, and for Settlement Class Representative Service Awards, which shall be filed on or before ninety (90) days after the entry of the Preliminary Approval Order. For the avoidance of doubt, these attorney's fees and costs shall include costs incurred by Settlement Class Representatives' experts or Settlement Class Counsel associated with administering this Settlement, including identifying valid Claim Forms submitted pursuant to this Agreement.

1.28.   "Motion for Final Approval" means the motion filed pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, which shall be filed on or before thirty-five (35) days prior to the Final Approval Hearing.

1.29.   "Notice" means the notice of the terms of the proposed Settlement provided to Settlement Class Members in the manner contemplated by Section 4.3.

1.30.   "Notice and Settlement Administration Costs" means all reasonable fees, costs, and other expenses, without limitation, relating to the Settlement Administrator's implementation and administration of this Agreement. For the avoidance of doubt, "Notice and Settlement Administration Costs" does not include any costs incurred by Settlement Class Representatives' experts or Settlement Class Counsel associated with administering this Settlement, including identifying valid Claim Forms submitted pursuant to this Agreement.

1.31.   "Objector" means a Settlement Class Member who objects to the Settlement pursuant to and consistent with the procedures laid out in Section 4.7 of this Agreement.

1.32.   "Online Notice" means the Court approved form of notice of the terms of the proposed Settlement that shall be provided to Settlement Class Members in the matter contemplated by Section 4.3.3. The Online Notice shall be substantially in the same form attached as Exhibit E hereto, with the exception that the Online Notice may have immaterial differences depending on which website or social media platform it is posted on, subject to such modification as the Court may direct.

1.33.   "Order" includes, as appropriate, the Preliminary Approval Order, the Final Approval Order, any orders relating to a Settlement Class Representative Service Award or any Settlement Class Counsel Attorneys' Fees and Costs Award, and the Judgment.

1.34.   "Party" or "Parties" means the Settlement Class Representatives, individually and in their capacities as representatives of the Settlement Class, and Capital One.

1.35.   "Preliminary Approval Order" means the order preliminarily approving this Agreement as fair, reasonable, and adequate; provisionally certifying, for settlement purposes only, the Settlement Class; provisionally appointing the Settlement Class Representatives as the class representatives; provisionally appointing Settlement Class Counsel as class counsel; staying further proceedings in the Actions and staying any litigation of the Released Claims by any member of the Settlement Class, pending final settlement approval; authorizing the sending of Notice to the Settlement Class; and setting the date and time of the Final Approval Hearing. The Preliminary Approval Order shall be substantially in the form attached as Exhibit A hereto, subject to such modifications as the Court may direct.

**1.36.** "Publication Notice" means the Court-approved form of notice of the terms of the proposed Settlement that shall be provided to Settlement Class Members in the manner contemplated by Section 4.3.4. The Publication Notice shall be substantially in the form attached as Exhibit F hereto, subject to such modification as the Court may direct.

**1.37.** "Proof Claim" means information submitted by a Settlement Class Member in a Proof Payment Claim Form sufficient to demonstrate that the Settlement Class Member qualifies for a Proof Payment under the terms of this Agreement.

**1.38.** "Proof Payment" means a monetary payment equal to the amount of commission received by Capital One Shopping for a transaction posted on or after November 1, 2023 where a Proof Claim is shown, which shall be paid consistent with the terms of this Agreement to each Settlement Class Member who submits a valid Proof Payment Claim Form.

**1.39.** "Proof Payment Claim Form" means a Claim Form submitted by a Settlement Class Member with evidence sufficient to indicate that the Settlement Class Member in question has at least one transaction reflected in the Capital One Shopping Data, posted on or after November 1, 2023, that qualifies under the agreed-upon list of rules and parameters mutually developed by the Parties that is the subject of a separate agreement between Capital One and Settlement Class Counsel and was attached as Exhibit B to the Term Sheet.

**1.40.** "Releases" means the releases and covenants not to sue granted pursuant to Section 3.6 of this Agreement.

**1.41.** "Released Claims" means (i) any and all Claims that the Releasing Parties ever had, now have, or hereafter can, shall, or may have, individually, representatively, derivatively, or in any other capacity, against Capital One, arising from or related in any way to Capital One Shopping, the conduct alleged in this Action, or conduct arising from the factual predicate of this Action, from the beginning of time through the date of the Preliminary Approval Order, as well as (ii) any and all claims the Releasing Parties may have in the future that relate to the same factual predicate as asserted in this Action or the operation of the Capital One Shopping Browser Extension where Capital One Shopping complies with the applicable network's or merchant's stand-down rules in effect at the time of a transaction involving a Released Party.

**1.42.** "Released Parties" means Capital One Financial Corporation and each of its predecessors, successors (including without limitation acquirers of all or substantially all of its assets, stock, or other ownership interests), and assigns; the past, present, and future direct and indirect parents, subsidiaries, and affiliates of any of the foregoing; and the past, present, and future principals, trustees, partners, insurers, managers, officers, directors, employees, agents, attorneys, shareholders, advisors, predecessors, successors (including without limitation acquirers of all or substantially all of their assets, stock, or other ownership interests), assigns, representatives, heirs, executors, and administrators of any of the above. For the avoidance of doubt, Released Parties shall include without limitation Capital One, N.A., Capital One Shopping, Capital One Shopping LLC, and Capital One Shopping Holdings, LLC.

**1.43.** "Releasing Parties" means the Settlement Class Representatives, all Settlement Class Members who have not timely and validly excluded themselves from the Settlement Class

as set forth in Section 4.5 of this Agreement, and any person or entity claiming by, for, on behalf of, or through them.

**1.44.**    "Settlement" means the full and final resolution of the Action and related claims effectuated by this Agreement.

**1.45.**    "Settlement Administrator" means or refers to Epiq Class Action and Claims Solutions, Inc. ("Epiq"), if approved by the Court in the Preliminary Approval Order, which shall perform the services contemplated by Section 2 of this Agreement as agreed to by both Settlement Class Counsel and Capital One or as approved by the Court.

**1.46.**    "Settlement Class" means all persons (including entities) in the United States who participated in an affiliate commission program with an online merchant that also partnered with Capital One Shopping during the Class Period, and who were involved in a transaction in which Capital One Shopping was also involved. Excluded from the Settlement Class are the entities and individuals listed in Exhibit H.

**1.47.**    "Settlement Class Counsel" means the Lead Counsel appointed by the Court in Pretrial Order 2 from the law firms Hausfeld LLP; Berger Montague PC; Cohen, Milstein, Sellers & Toll PLLC; and Stueve Siegel Hanson LLP.

**1.48.**    "Settlement Class Counsel Attorneys' Fees and Costs Award" means an amount not to exceed $3,950,000, to be awarded at the discretion of the Court to Settlement Class Counsel. For the avoidance of doubt, costs incurred by Settlement Class Representatives' experts or Settlement Class Counsel associated with administering this Settlement, including identifying valid Claim Forms submitted pursuant to this Agreement shall be considered fees and costs under this Award.

**1.49.**    "Settlement Class Member" means any person who is a member of the Settlement Class.

**1.50.**    "Settlement Class Representatives" means collectively Plaintiffs Ahntourage Media LLC; Just Josh, Inc.; Storm Productions LLC; TechSource Official; and ToastyBros, LLC; individually and in their capacities as representatives of the Settlement Class.

**1.51.**    "Settlement Class Representative Service Award" means an amount not to exceed ten thousand dollars ($10,000) for each Settlement Class Representative, awarded at the discretion of the Court, intended to compensate the Settlement Class Representatives for their work done on behalf of the Settlement Class.

**1.52.**    "Settlement Fund" means a means a Qualified Settlement Fund for which Capital One will be a "transferor" within the meaning of Treasury Regulation § 1.468B-1(d)(1) with respect to the amounts transferred, and for which the Settlement Administrator will be the "administrator" within the meaning of Treasury Regulation § 1.468B-2(k)(3), responsible for causing the filing of all tax returns required to be filed by or with respect to the Settlement Fund, paying from the Settlement Fund any taxes owed by or with respect to the Settlement Fund, and applying with any applicable information reporting or tax withholding requirements imposed by Treasury Regulation § 1.468B-1, 2 or any other applicable law on or with respect to the Settlement

Fund and in accordance with this Agreement.

**1.53.** "Settlement Website" means the website that shall be created for Settlement administration purposes by the Settlement Administrator in the manner contemplated by Section 2.2.4.

**1.54.** "Supplemental Structured Data Production" means the structured data that Capital One will produce containing the affiliate_request_match and page_view data for Capital One Shopping from January 6, 2025 through the date of the Preliminary Approval Order.

**1.55.** "Term Sheet" refers to the document signed by the Parties on September 17 and 18, 2025.

**1.56.** Other capitalized terms used in this Agreement but not defined in this Section shall have the meanings ascribed to them elsewhere in this Class Action Agreement.

**1.57.** The terms "he or she" and "his or hers" include "it" or "its" where applicable.

## 2. SETTLEMENT ADMINISTRATION

**2.1.    Settlement Administrator**. The Settlement Administrator shall administer various aspects of the Settlement as described in the Agreement.

**2.2.    Duties of Settlement Administrator**. The duties of the Settlement Administrator, in addition to any other responsibilities that are described in this Agreement, shall include but are not limited to:

**2.2.1.** Serving notice as required by the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, within ten (10) days after the filing of the Motion for Preliminary Approval;

**2.2.2.** Securely maintaining all data provided to the Settlement Administrator in connection with this Settlement, including the structured data already produced by Capital One in the Action and the Supplemental Structured Data to be produced under this Agreement;

**2.2.3.** Providing Notice to Settlement Class Members as set forth in this Agreement or as otherwise directed by the Court;

**2.2.4.** Establishing and maintaining the Settlement Website, which shall bear a URL that is subject to the Parties' approval, as a means for Settlement Class Members to obtain Notice and information about the Settlement;

**2.2.5.** Establishing and maintaining a toll-free telephone helpline to which Settlement Class Members may refer for information about the Action and Settlement;

**2.2.6.** Establishing and maintaining a system for collecting the submission of Claim Forms that may be submitted to the Settlement Administrator through the Settlement Website;

2.2.7.  Providing an address for mailed requests for exclusion from Settlement Class Members;

2.2.8.  Responding to inquiries related to the Action and Settlement from Settlement Class Members;

2.2.9.  Processing and determining the validity of any requests for exclusion by Settlement Class Members;

2.2.10. Providing interim reports on request by Settlement Class Counsel or Capital One's Counsel (but in any event, on no less than a biweekly basis) and, within one hundred forty (140) days after the Preliminary Approval Order, a final report to Settlement Class Counsel and Capital One's Counsel that summarizes the number of Claim Forms received from Settlement Class Members since the prior interim report was submitted, the total number of Claim Forms received to date, the number of any Claim Forms accepted and denied since the prior reporting period, the total number of Claim Forms accepted and denied to date, and any other pertinent information requested by Settlement Class Counsel or Capital One's Counsel;

2.2.11. Providing interim reports on request by Settlement Class Counsel or Capital One's Counsel (but in any event, on no less than a biweekly basis) and, within one hundred forty (140) days after the Preliminary Approval Order, a final report to Settlement Class Counsel and Capital One's Counsel that summarizes the number of requests for exclusion received from Settlement Class Members since the prior interim report was submitted, the total number of exclusion requests received to date, the names and addresses of all Settlement Class Members who made a request for exclusion, and any other pertinent information requested by Settlement Class Counsel or Capital One's Counsel;

2.2.12. Providing interim reports on request by Settlement Class Counsel or Capital One's Counsel (but in any event, on no less than a biweekly basis) and, within one hundred forty (140) days after the Preliminary Approval Order, a final report to Settlement Class Counsel and Capital One's Counsel that summarizes the extent to which the Settlement Administrator executed the notice plan contemplated by Section 4.3 of this Agreement;

2.2.13. No later than seven (7) days before the Motion for Final Approval of this Settlement is due under this Agreement, preparing and submitting to Settlement Class Counsel and Capital One's Counsel a declaration to submit to the Court affirming its compliance with the notice (including CAFA notice) and settlement administration provisions of this Agreement, and identifying any Settlement Class Members who timely and validly requested exclusion from the Settlement Classes;

2.2.14. Sending Deficiency Notices to Settlement Class Members via email when warranted within seven (7) days of determining that a Settlement Class Member's initial Claim Form submission was deficient.

2.2.15. Reviewing, determining the validity of, and responding to all Claim Forms submitted, including those submitted in response to Deficiency Notices;

2.2.16. Providing all information to Capital One that Capital One deems necessary

before they can perform any of their obligations under this Agreement, including transferring any funds to the Settlement Administrator;

       2.2.17. Processing and transmitting the Alternative Payments and Proof Payments to Settlement Class Members as provided in this Agreement and as requested by each Settlement Class Member;

       2.2.18. Paying any invoices, expenses, taxes, fees, and other costs contemplated by this Agreement or required by law; and

       2.2.19. Performing any other settlement administration-related functions reasonably necessary to efficiently effectuate this Agreement, with the consent of both Settlement Class Counsel and Capital One's Counsel, or as approved or ordered by the Court.

    **2.3.**   **Confidentiality.** The Settlement Administrator shall administer the Settlement in accordance with the terms of this Agreement and, without limiting the foregoing, shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as confidential and shall not disclose any or all such documents, communications, or other information to any person or entity except as provided for in this Agreement or by court order.

    **2.4.**   **Payment of Notice and Settlement Administration Costs**. All Notice and Settlement Administration Costs, including all costs associated with providing notice to the appropriate state and federal government officials as may be required by the CAFA, shall be paid by Capital One.

**3.**     **SETTLEMENT TERMS.**

    **3.1.**   **Certification of the Settlement Class.**

       3.1.1.   Solely for the purposes of Settlement and the proceedings contemplated herein for effectuating the Settlement, the Parties stipulate and agree that the Court may (i) certify the Settlement Class in accordance with the definitions contained in Section 1.46 of this Agreement; (ii) appoint Ahntourage Media LLC, Just Josh, Inc., Storm Productions LLC, TechSource Official, and ToastyBros, LLC as Settlement Class Representatives; and (iii) appoint Settlement Class Counsel as counsel for the Settlement Class. Certification of the Settlement Class shall be effective only with respect to the Settlement and Agreement.

       3.1.2.   It is expressly recognized and agreed that this stipulation as to the certification of the Settlement Class and the appointment of Settlement Class Representatives and Settlement Class Counsel shall be of no force and effect and has no evidentiary significance outside of or beyond enforcing the terms of this Agreement. By entering this Agreement, Capital One does not waive their right to challenge or contest the maintenance of any lawsuit against it as a class action or to oppose certification of any class other than the Settlement Class in connection with the Settlement memorialized in this Agreement.

    **3.2.**   **Settlement Class Consideration.**

In consideration for the complete and final settlement of the Action, the Releases, and other promises and covenants set forth in this Agreement, and subject to the other terms and conditions thereof, Capital One agrees to provide to Settlement Class Members the monetary and non-monetary relief as set forth in this Section 3.2. Within thirty (30) days of the Effective Date, Capital One shall transfer into the Settlement Fund the total amount of the Alternative Payments and Proof Payments, as calculated by the Settlement Administrator pursuant to Section 4.8.1.

3.2.1. <u>Proof Payment</u>. Settlement Class Members who submit a valid and timely Proof Payment Claim Form with sufficient information for the Parties to determine that the Settlement Class Member qualifies for a Proof Payment shall receive the greater of (i) the Proof Payment, or (ii) the Alternative Payment. For the avoidance of doubt, no Settlement Class Member shall receive the Proof Payment and the Alternative Payment.

3.2.2. <u>Alternative Payment</u>. Settlement Class Members who do not provide a valid and timely Proof Payment Claim Form but who otherwise provide a valid and timely Alternative Payment Claim Form shall receive the Alternative Payment. For the avoidance of doubt, no Settlement Class Member shall receive more than one Alternative Payment.

**3.3.    Service Awards to Settlement Class Representatives.**

3.3.1.   The Parties agree that the Settlement Class Representatives may apply to the Court for Settlement Class Representative Service Award(s), not to exceed $10,000.00 for each Settlement Class Representative. Any such motion, if filed, must be filed at the time the Parties file the Motion for Attorneys' Fees and Settlement Class Representatives Service Awards. Any such motion shall be posted to the Settlement Website two (2) business days after the Settlement Website becomes operational. Subject to Court approval, Capital One agrees to pay the Settlement Class Representative Service Award(s) in an amount awarded by the Court, provided that any such award does not exceed $10,000.00 each for the Settlement Class Representatives.

3.3.2.   The Settlement Class Representatives' entitlement, if any, to a Settlement Class Representative Service Award will be determined by the Court. The Settlement shall not be conditioned on Court approval of any Settlement Class Representative Service Award. In the event the Court declines any motion for a Settlement Class Representative Service Award or awards less than the amount sought, but otherwise approves the Settlement, the remaining provisions of this Agreement will continue to be effective and enforceable by the Parties. The Settlement Class Representatives agree not to appeal denial of a motion for a Settlement Class Representative Service Award or an award in an amount that is less than requested.

3.3.3.   Within twenty-one (21) days of the later of (i) the Effective Date or (ii) the receipt by Capital One of all tax forms and/or payment information reasonably requested by Capital One, Capital One shall pay any Settlement Class Representative Service Award in accordance with instructions provided in writing by Settlement Class Counsel on one of Settlement Class Counsel's firm letterhead. Under no circumstances may the amount distributed to the Settlement Class Representatives in connection with this Settlement exceed $10,000.00 for each Settlement Class Representative plus the amount, if any, to which the Settlement Class Representative is entitled in connection with any valid Claim they may make.

### 3.4. Attorneys' Fees and Costs.

3.4.1.  Settlement Class Counsel may file a Motion for Attorney's Fees and Settlement Class Representative Service Awards with the Court requesting a Settlement Class Counsel Attorneys' Fees and Costs Award not to exceed $3,950,000.00, to be paid by Capital One separately from the relief to the Settlement Class. Any such Motion for Attorney's Fees and Settlement Class Representative Service Awards, if it is filed, must be filed within ninety (90) days of the entry of the Preliminary Approval Order. Any such Motion for Attorney's Fees and Settlement Class Representative Service Awards shall be posted to the Settlement Website two (2) business days after the Motion for Attorney's Fees and Settlement Class Representative Service Awards is filed or the Settlement Website becomes operational, whichever is later. Subject to Court approval, Capital One agrees to pay Settlement Class Counsel's Attorneys' Fees and Costs Award in an amount awarded by the Court, provided that any such award of such fees and costs does not exceed $3,950,000.00.

3.4.2.  Settlement Class Counsel's entitlement, if any, to an award of attorneys' fees, costs, and/or expenses will be determined by the Court. The Settlement shall not be conditioned on Court approval of the Settlement Class Counsel Attorneys' Fees and Costs Award. In the event the Court declines any request or awards less than the amount sought, but otherwise approves the Settlement, the remaining provisions of this Agreement will continue to be effective and enforceable by the Parties.

3.4.3.  Settlement Class Counsel shall have the sole and absolute discretion to allocate the attorneys' fees and costs among themselves. Capital One shall have no liability or other responsibility for allocation of any such fees and costs awarded, and, in the event that any dispute arises relating to the allocation of fees, Settlement Class Counsel agree to hold Capital One harmless from any and all such liabilities, costs, and expenses of such dispute.

3.4.4.  Within twenty-one (21) days of the later of (i) the Effective Date or (ii) the receipt by Capital One of all tax forms and/or payment information reasonably requested by Capital One, Capital One shall pay any Court-approved Settlement Class Counsel Attorneys' Fees and Costs Award in accordance with instructions provided in writing by Settlement Class Counsel on one of Settlement Class Counsel's firm letterhead.

### 3.5. Business Practice Commitments.

3.5.1.  In further consideration for the complete and final settlement of the Action, the Releases, and other promises and covenants set forth in this Agreement, subject to Court approval, Capital One shall implement or maintain the following business practices relating to the Capital One Shopping Browser Extension for at least two years from the date the Court enters the Final Approval Order:

3.5.1.1.    Use its best efforts to ensure that the Capital One Shopping Browser Extension is designed and functions so that it complies with the stand-down rules and policies established by affiliate networks and merchants that partner with Capital One Shopping, including reviewing the work of Settlement Class Representatives' expert to determine if any affiliate links that were not included in Capital One's affiliate_redirect_match table should have

triggered a stand down.

3.5.1.2.    Formalize a process within Capital One whereby Capital One periodically reviews applicable stand-down rules established by its partner networks and merchants and monitors compliance with those rules.

3.5.1.3.    Identify an ombudsman within Capital One with a published email address who can serve as a point of contact for merchants, affiliate networks, and publishers to contact with concerns about whether Capital One Shopping is complying with the terms of this Agreement.

3.5.1.4.    Abide by a process where bona fide, non-frivolous issues brought to the attention of the ombudsman are evaluated in order to determine whether they require any changes to the Capital One Shopping Browser Extension. This obligation shall not apply to communications involving individuals or entities perceived to be making false or fraudulent claims, automatically generated messages, or messages sent on behalf of others (other than legal counsel for a Settlement Class Member).

3.5.1.5.    In instances where Capital One determines that changes should be made to the Capital One Shopping Browser Extension, Capital One will evaluate whether the issue being addressed is of such significance that it needs to be addressed globally (*i.e.*, across multiple merchants and/or affiliate networks, if consistent with those merchants and networks' standdown rules), or whether it should be addressed only at a website-, merchant-, or other non-global level.

3.5.2.    In the event technological or industry developments or intervening changes in law make compliance by Capital One with any provision impossible or technically impractical, the Parties agree to negotiate in good faith as to appropriate modifications to such provision. If the Parties reach a mutual agreement that the elimination or modification of a provision is appropriate, they may jointly petition the Court to eliminate or modify such provision. If the Parties fail to reach an agreement, Capital One may ask the Court to eliminate or modify such provision.

3.5.3.    To the extent Settlement Class Counsel believe that Capital One is not complying with any commitments in this Section 3.5, they will first meet and confer with Capital One prior to seeking relief from the Court. In the event that any motion, suit, action or arbitration is instituted to enforce any provision of Section 3.5, the prevailing party in such dispute shall be entitled to recover from the losing party all fees, costs, and expenses incurred, including without limitation, such reasonable fees and expenses of attorneys and accountants, and all fees, costs and expenses of appeals.

**3.6.    Releases and Waivers of Rights.**

3.6.1.    **Release by Releasing Parties**. Upon entry of the Final Approval Order and accompanying Judgment, and in addition to the preclusive effect of the dismissal with prejudice of the claims asserted in the Action pursuant to this Settlement, the Releasing Parties shall be deemed to have released, relinquished, and forever discharged each of the Released Parties from any and all Released Claims. The Releasing Parties covenant and agree that they will not take any step whatsoever to assert, sue on, continue, pursue, maintain, prosecute, or enforce any Released

Claim, directly or indirectly, against any of the Released Parties.

3.6.2. **Additional Releases and Representations By Settlement Class Representatives and as to Settlement Class Representatives**. The Settlement Class Representatives represent and warrant that, as of the date of the execution of this Agreement, they are unaware of any additional Claims that they have against Capital One. In addition to the Releases provided in Section 3.6.1, the Settlement Class Representatives also agree to release Capital One from any and all Claims that they could have asserted against Capital One, regardless of whether the Settlement Class Representatives know of any such Claim. Capital One agrees to release Settlement Class Representatives and Settlement Class Counsel from any and all claims.

3.6.3. **Additional Representations By Settlement Class Counsel**. To the extent permissible under applicable ethical rules, Settlement Class Counsel represent and warrant that they: (a) have not been retained by and do not know of any other individual (including any other plaintiff, class, class member, or attorney) who intends to make demands or bring litigation against Capital One; (b) have not disclosed any potential claims relating in any way to the Action and/or operation of the Capital One Shopping Browser Extension to any other potential plaintiff or class member or any other attorney other than Capital One's Counsel; (c) have not disclosed or revealed the contents of the Term Sheet to any other potential plaintiffs or putative class member other than Settlement Class Representatives; and (d) are not currently soliciting, and have no present intention to solicit, any other potential plaintiffs who may bring claims against Capital One.

3.6.4. **Releases Relating To Litigation Conduct**. Settlement Class Representatives, Settlement Class Counsel, Capital One, and Capital One's Counsel agree to release each other from any and all Claims relating in any way to any Party or counsel's conduct in the Action, including but not limited to any Claims of abuse of process, malicious prosecution, or any other claims arising out of the institution, prosecution, assertion, or resolution of the Action. The list of Claims released by this Section 3.6.4 includes, but is not limited to, Claims for attorneys' fees, costs of suit, or sanctions of any kind except as otherwise set forth in this Agreement, including without limitation in Sections 3.4 and 3.5.

3.6.5. **Waiver of Rights**. The Settlement Class Representatives and each Settlement Class Member each fully understand that, except as otherwise set forth herein, the facts upon which this Agreement is executed may be found hereafter to be other than or different from the facts now believed by the Settlement Class Representatives, the Settlement Class Members, Settlement Class Counsel, Capital One, and Capital One's Counsel to be true and expressly accept and assume the risk of such possible differences in facts and agree that the Agreement shall remain effective notwithstanding any such difference in facts. The Notice shall expressly advise Settlement Class Members of this waiver.

As to the Released Claims only, upon entry of the Final Approval Order and accompanying Judgment, the Settlement Class Representatives and each Settlement Class Member expressly waive and relinquish the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT

KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT
THE TIME OF EXECUTING THE RELEASE AND THAT, IF
KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY
AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR
OR RELEASED PARTY

and any and all provisions, rights and benefits of any similar, comparable, or equivalent state, federal, or other law, rule, or regulation or the common law or equity. The Settlement Class Representatives and each Settlement Class Member may hereafter discover facts other than, different from, or in addition to those that he, she, or it knows or believes to be true and, except as otherwise set forth herein, the Settlement Class Representatives and each Settlement Class Member hereby expressly waive and fully, finally, and forever settle, release, and discharge all known or unknown, suspected or unsuspected, contingent or non-contingent Released Claims as of the date of entry of the Preliminary Approval Order, whether or not concealed or hidden, and without regard to the subsequent discovery or existence of such other, different, or additional facts. The Settlement Class Representatives acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Approval Order and the Judgment to have acknowledged, that the waivers in this Section 3.6.5 were separately bargained for and are a material element of this Agreement. The waivers in this Section 3.6.5 apply only to the Released Claims and not to any other claims.

3.6.6.   The scope of the Releases and waivers in this Section 3.6 is a material term of this Settlement and Agreement.

## 4.    CLASS SETTLEMENT PROCEDURES

**4.1.    Preliminary Approval**. The Parties agree that, no later than December 8, 2025, the Settlement Class Representatives and Settlement Class Counsel shall submit this Settlement to the Court and file the Motion for Preliminary Approval asking the Court to conditionally certify the Settlement Class and enter the Preliminary Approval Order substantially in the form of Exhibit A hereto. For purposes of Settlement only, Capital One will not oppose the certification, pursuant to Federal Rule of Civil Procedure 23(b)(3), and 23(e) of the Settlement Class or entry of the Preliminary Approval Order.

**4.2.    Supplemental Structured Data Production.** To facilitate the process by which Settlement Class Members who qualify for monetary relief under this Agreement may be paid, within forty-five (45) days of the date of the Preliminary Approval Order, Capital One shall produce to Settlement Class Counsel and the Settlement Administrator the Supplemental Structured Data Production.

**4.3.    Settlement Class Notice**. Subject to Court approval, the Parties agree that as soon as practicable and no later than sixty (60) days after entry of the Preliminary Approval Order, the Settlement Administrator will provide the Settlement Class with Notice of the proposed Settlement by the following methods:

4.3.1. Establishing     a     Settlement     Website     hosted     at www.influencermarketingclaims.com and dedicated to the Settlement, which shall contain a Long

Form Notice and the Publication Notice in substantially the same form attached hereto as Exhibits
D and F, in both downloadable PDF format and HTML format; a contact information page that
includes the address for the Settlement Administrator and addresses and telephone numbers for
Settlement Class Counsel; the telephone helpline number set forth in Section 4.3.2; the Agreement;
the signed Preliminary Approval Order; and an online version of the Claim Form as well as a
version that may be printed and mailed. While the Settlement Administrator shall have primary
responsibility over the design and operation of the Settlement Website, the final design of the
Settlement Website shall be subject to the final approval of Settlement Class Counsel and Capital
One's Counsel. The Settlement Administrator shall further permit Settlement Class Counsel and
Capital One's Counsel to test the operation of the Settlement Website and shall monitor and, if
necessary, update and modify the Settlement Website to ensure that it performs reliably and
consistently with the terms of this Agreement, when accessed from all major Internet browsers
(desktop and mobile) operating on all major operating systems (including Windows, MacOS,
Android, and iOS). The Settlement Administrator shall add to the Settlement Website all other
material filings by the Parties or orders from the Court regarding the Settlement, including, but not
limited to, Settlement Class Counsel's Motion for Attorney's Fees and Settlement Class
Representative Service Awards, the Motion for Final Approval, and any orders with respect to
such applications and motions. The Settlement Website shall remain accessible until at least one
hundred and twenty (120) days after all monetary payments as described in Section 3.2 are
distributed to eligible Settlement Class Members.

       4.3.2.  Establishing and maintaining a toll-free telephone helpline, which shall be
posted on the Settlement Website, to which Settlement Class Members may refer for information
about the Actions and the Settlement Agreement. The toll-free helpline shall remain active until at
least one hundred and twenty (120) days after all monetary payments as described in Section 3.2
are distributed to eligible Settlement Class Members.

       4.3.3.  Causing the Online Notice to be published online through an appropriate
programmatic network.

       4.3.4.  Causing the Publication Notice to be distributed over a newsline for direct
distribution into newsrooms.

       4.3.5.  Providing notice as required by the CAFA, 28 U.S.C. § 1715.

       The Settlement Administrator shall provide a declaration under penalty of perjury to the
Court in connection with a Motion for Preliminary Approval that the Notice provides sufficient
reach and frequency to alert Settlement Class Members to the pendency of the Settlement and their
rights thereunder. The Court may require changes to the Notice process without invalidating this
Settlement, provided that the material terms of the Settlement, including the scope of the Releases
and the total financial obligations imposed on Capital One, are not altered by such changes.

**4.4.**    **Submission of Claims by Settlement Class Members**.

       4.4.1.  Settlement Class Members will be provided an opportunity to submit
electronically a Claim Form seeking a Proof Payment or Alternative Payment in accordance with
Section 3.2 hereof. The Settlement Administrator will make the Claim Form available on the

Settlement Website, and ensure the Claim Form (or the electronic equivalent thereof) can be completed and submitted directly through the Settlement Website. A Settlement Class Member can submit a Claim Form only on their behalf, and not on behalf of any other Settlement Class Member.

4.4.2.   To be considered for payment, a Claim Form must be submitted online at the Settlement Website, or postmarked no later than the Claims Submission Deadline. The deadline to submit a Claim Form shall be one hundred twenty (120) days after the entry of the Preliminary Approval Order. Claim Forms will not be considered for payment if they are submitted online after the Claims Submission Deadline.

4.4.3.   Settlement Class Members who are entitled to compensation under the terms of this Agreement shall have two alternative and mutually exclusive means of obtaining compensation: Proof Payment and Alternative Payment.

4.4.3.1.      To receive a Proof Payment, Settlement Class Members must submit valid Proof Claims, meaning the Settlement Class Member has submitted a Proof Payment Claim Form with sufficient information to demonstrate that the Settlement Class Member has at least one (1) transaction in the Capital One Shopping Data, posted on or after November 1, 2023, that qualifies under the agreed-upon list of rules and parameters mutually developed by the Parties, which was attached as Exhibit B to the Term Sheet. The Parties agree that Exhibit B to the Term Sheet reflects highly confidential information containing Capital One's trade secrets, shall not be filed with the Court unless directed to be filed by the Court (and then, the Parties shall seek leave to file Exhibit B under seal), and shall not be shared with any other individual or entity (including any Settlement Class Member) without the approval of the Court or without the express written agreement of Capital One. Settlement Class Members who seek Proof Payments are required to submit the Claim Form and required information set forth in Section 1.13.

4.4.3.2.      Settlement Class Members who submit an Alternative Payment Claim Form, or who submit a Proof Payment Claim Form that is deemed invalid or insufficient, shall receive the Alternative Payment, provided that the Settlement Class Member has submitted information in their Claim Form sufficient to demonstrate that an identifier of theirs is present in a URL within the page_view data (such as a publisher ID, affiliate ID, affiliate link, trade name, or click IDs) of the Capital One Shopping Data, and evidence indicating that both Capital One and the Settlement Class Member both partner with the same merchant through affiliate networks that Capital One Shopping also partners with. Although Settlement Class Members are not required to submit click IDs with their Claim Form, click IDs are an important piece of evidence that can demonstrate ownership and eligibility for payment, and failure to provide click IDs could make it difficult to locate transactions in the Capital One Shopping Data or establish ownership and eligibility for payment.

4.4.4.   **Claim Approval Process**. Every Claim Form shall require a Settlement Class Member to submit information consisting of the name, address, phone number, and email address of the Settlement Class Member; information to identify a merchant partner that is also a partner of Capital One Shopping's; information sufficient to locate a transaction involving a Settlement Class Member in the Capital One Shopping Data; and information sufficient to determine that the Settlement Class Member qualifies for a Proof Payment or Alternative Payment.

The Settlement Administrator shall be responsible for reviewing, determining the validity of, and responding to all Claim Forms submitted in the first instance, including as to whether a Settlement Class Member qualifies for a Proof Payment or an Alternative Payment, and may use the automated process developed by an expert retained by Settlement Class Counsel (the costs of which shall be covered by any request for Settlement Class Counsel Attorneys' Fees and Costs Award under Section 3.4) to identify valid Proof Claims and Alternative Payment Claims in the first instance. The process for locating transactions in the Capital One Shopping Data shall not require searching for information, or time periods, beyond those submitted by the Claimant.

4.4.4.1.    The Settlement Administrator, in conjunction with the Parties, shall use reasonable, adequate, and customary procedures and standards to identify and prevent the distribution of a monetary payment to those submitting fraudulent, untimely, or invalid Claim Forms, and otherwise prevent fraud, waste, and abuse in the claims process, including by using the Settlement Class Member's Social Security Number or Taxpayer Identification Number for identification purposes. The Settlement Administrator will approve Claim Forms and issue payment based upon the terms and conditions of the Agreement and may reject Claim Forms that are invalid or evidence waste, fraud, or abuse.

4.4.4.2.    Settlement Class Members who submit a Claim Form that is deemed invalid or insufficient shall receive a Deficiency Notice from the Settlement Administrator. A Settlement Class Member's Claim Form shall be deemed invalid, and a Deficiency Notice shall be submitted, if multiple Settlement Class Members submit Claim Forms that contain the same affiliate or publisher ID; in such an instance, identity verification and proof that a Settlement Class Member is associated with the affiliate or publisher ID shall be required to establish the Settlement Class Member's entitlement to any Proof Payment or Alternative Payment. Settlement Class Members who receive a Deficiency Notice shall have fourteen (14) days to submit additional information in a Claim Form sufficient to establish their entitlement to a Proof Payment or Alternative Payment.

4.4.4.3.    The determination of the initial validity of all Claim Forms by the Settlement Administrator shall occur within one hundred twenty-seven (127) days of the date of entry of the Preliminary Approval Order. The determination of the validity of all Claim Forms submitted in response to a Deficiency Notice shall occur within fourteen (14) days of receipt. All Claim Forms that the Settlement Administrator deems valid, invalid, or untimely shall be identified and presented to the Parties.

4.4.4.4.    Capital One shall have the right to challenge whether any claimant is entitled to an Alternative Payment or Proof Payment, or the amount of any payment owed as to a Proof Payment, or whether any claimant identified by any automated process developed by experts retained by Settlement Class Counsel actually appears within the structured data produced by Capital One. Within thirty-five (35) days of the determination of the validity of all Claim Forms by the Settlement Administrator, Capital One may identify any presumptively valid Claim Form as invalid, which may include challenging whether any given Settlement Class Member qualifies for a Proof Payment, the amount of any Proof Payment, or whether any given Settlement Class Member is entitled to any payment at all under the terms of this Agreement. In doing so, Capital One may, but is not required, to submit supporting documentation as to the basis of the challenge.

4.4.4.5.    Should Capital One make any such challenge, the Parties shall meet and confer within seven (7) days. During the conferral process, the review of Capital One's challenge will be limited to the information that the Settlement Class Member associated with the challenged claim submitted in their Claim Form and any information provided by Capital One challenging the payment award.

4.4.4.6.    In the event the disagreement cannot be resolved, the Parties shall submit the disagreement to a mutually agreed third party to finally resolve, who must render a decision within seven days of the end of the conferral period.

4.4.4.7.    In all circumstances, a Settlement Class Member bears the burden of demonstrating that they are the owner of the publisher account in question and are entitled to either an Alternative Payment or Proof Payment, which shall be limited to the information submitted in connection with that Settlement Class Member's Claim Form, and the information reviewed by the Parties and Settlement Administrator in making the determination contemplated by Section 4.4.4.

4.4.4.8.    Capital One's choice not to audit or challenge the validity of any one or more Claim Forms shall not constitute or be construed as a waiver or relinquishment of any audit, challenge, or other rights as to any other Claim Forms, individually or as a group, and similarly shall not be construed as a waiver or relinquishment by Capital One as to any of their audit and other rights under the Settlement Agreement.

4.4.4.9.    No person or entity shall have any claim against the Settlement Class Representatives, Capital One, Settlement Class Counsel, Capital One's Counsel, or the Settlement Administrator based on any determination regarding the validity of a Claim Form or the distributions or awards made in accordance with this Agreement and the Exhibits hereto.

4.4.5.    Court approval of the claims process set forth in this Section 4.4 (with the exception of the deadline to submit a Claim Form) is a material term of this Agreement.

**4.5.    Requests for Exclusion**. The Notice shall inform Settlement Class Members that they may exclude themselves from the Settlement Class by mailing to the Settlement Administrator a written request for exclusion that is postmarked no later than the Exclusion/Objection Deadline, *i.e.*, no later than one hundred twenty (120) days after the entry of the Preliminary Approval Order. To be effective, the request for exclusion must include (a) the Settlement Class Member's full name, telephone number, and mailing address; (b) a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class; (c) the name of the Action: "*In re Capital One Financial Corporation, Affiliate Marketing Litigation*, No. 1:25-cv-00023"; and (d) the Settlement Class Member's personal signature. Electronic signatures, including DocuSign, are invalid and will not be considered personal signatures. Requests for Exclusion that are signed by an attorney but not the Settlement Class Member are invalid, except in the case of an attorney employed by a Settlement Class Member that is not a natural person signing on behalf of that Settlement Class Member. Upon the Settlement Administrator's receipt of a timely and valid exclusion request, the Settlement Class Member shall be deemed excluded from the Settlement Class and shall not be entitled to any benefits of this Settlement. A Settlement Class Member may request to be excluded from the Settlement only on the Settlement Class

Member's own behalf; a Settlement Class Member may not request that other Settlement Class Members (or a group or subclass of Settlement Class Members) be excluded from the settlement. The Settlement Administrator shall provide copies of all timely and valid exclusion requests to Settlement Class Counsel and Capital One's Counsel. A list of the Settlement Class Members who have timely and validly excluded themselves from the Settlement Class pursuant to this Section 4.5 shall be attached to the Final Approval Order or otherwise recorded by the Court.

     **4.6.**    **Capital One's Right to Terminate Based on Exclusions**. Capital One may terminate and rescind this Agreement and void the Settlement, at its own discretion (which shall not be subject to any challenge by Settlement Class Counsel, the Settlement Class Representatives, or any other Settlement Class Member), if the number of Settlement Class Members who submit valid and timely requests for exclusion exceeds the number identified in the Term Sheet that the Parties have separately agreed can trigger Capital One's right to terminate and rescind this Agreement pursuant to this Section 4.6. Capital One may exercise this right by, within twenty (20) business days after receiving notice that the number of timely and valid exclusions exceeds the agreed upon threshold, giving notice to Settlement Class Counsel that Capital One is terminating and rescinding this Agreement and voiding the Settlement *ab initio*.

     **4.7.**    **Objections**. The Notice shall inform Settlement Class Members that, if they do not request exclusion from the Settlement Class, they have the right to object to the proposed Settlement only by complying with the objection provisions set forth in this Section 4.7. Settlement Class Members who object to the proposed Settlement shall remain Settlement Class Members, and shall have voluntarily waived their right to pursue any independent remedy for the Released Claims against the Released Parties. Any Settlement Class Member who wishes to object to the proposed Settlement must file or send to the Court a written objection that is postmarked or filed no later than the Exclusion/Objection Deadline, *i.e.*, no later than one hundred twenty (120) days after the entry of the Preliminary Approval Order. To be effective, an objection must (a) include the case name and case number: "*In re Capital One Financial Corporation, Affiliate Marketing Litigation*, No. 1:25-cv-00023"; (b) contain the full name, mailing address, and telephone number of the Settlement Class Member objecting to the Settlement (the "Objector"); (c) include the Objector's signature, or the like signature or affirmation of an individual authorized to act on the Objector's behalf; (d) state with specificity the grounds for the objection; (e) state whether the objection applies only to the Objector, to a specific subset of the class, or to the entire class; (f) contain the name, address, bar number, and telephone number of counsel for the Objector, if represented by an attorney in connection with the objection; and (g) state whether the Objector intends to appear at the Final Approval Hearing, either in person or through counsel. If the Objector or his or her attorney intends to present evidence at the Final Approval Hearing, the objection must contain the following information: a detailed description of all evidence the Objector will offer at the Final Approval Hearing, including copies of any and all exhibits that the Objector may introduce at the Final Approval Hearing. To the extent any Settlement Class Member objects to the proposed Settlement, and such objection is overruled in whole or in part, such Settlement Class Member will be forever bound by the Final Approval Order and accompanying Judgment.

     **4.8.**    **Distribution of Proof Payments and Alternative Payments**

     4.8.1. Within fifteen (15) days after the Effective Date, the Settlement Administrator shall calculate the total of Proof Payments and Alternative Payments payable to

Settlement Class Members and inform Settlement Class Counsel, Capital One, and Capital One's Counsel in writing of that amount. Capital One shall pay the total amount of the Proof Payments and Alternative Payments to the Settlement Administrator within fifteen (15) days of receiving such notice. Payment of this amount, plus any Settlement Class Representative Service Awards, shall fully discharge Capital One's monetary obligations to the Settlement Class Members and Settlement Class Representatives under this Agreement.

4.8.2.  Proof Payments and Alternative Payments shall be paid by digital prepaid Mastercard emailed to the address on the Claim Form or other digital means offered by the Settlement Administrator (such as PayPal or Venmo). All Proof Payments and Alternative Payments shall be made by the Settlement Administrator within sixty (60) days after the Effective Date, unless otherwise ordered by the Court.

4.8.3.  The digital prepaid MasterCards or other digital payments distributed to Settlement Class Members shall be valid for one hundred eighty (180) days after issuance. If a digital prepaid MasterCard or other digital payment is not redeemed within the 180-day period, the Settlement Class Member shall not be entitled to any further payment under this Agreement. Any Proof Payments or Alternative Payments (including any portion thereof) that remain unclaimed after one hundred eighty (180) days of issuance shall be treated *nunc pro tunc* as invalid claims and Capital One shall be entitled to retain any funds associated with those Payments.

4.8.4.  No deductions for taxes will be taken from any Proof Payment or Alternative Payment at the time of distribution. Settlement Class Members are responsible for paying all taxes due on such Proof Payments and Alternative Payments. Under no circumstance shall Capital One be held liable for any tax payments with respect to the Proof Payments or Alternative Payments. All Proof Payments and Alternative Payments shall be deemed to be paid solely in the year in which such payments are actually issued. Neither Settlement Class Counsel nor Capital One's Counsel purport to provide legal advice on tax matters. To the extent this Agreement, or any of its exhibits or related materials, is interpreted to contain or constitute advice regarding any U.S. Federal or any state tax issue, such advice is not intended or written to be used, and cannot be used, by any person or entity for the purpose of avoiding penalties under the Internal Revenue Code or any state's tax laws.

**4.9.    No Further Confirmatory Discovery**. The Parties exchanged information via discovery in the Action. Settlement Class Representatives and Settlement Class Counsel, and Capital One represent and warrant that they will not seek further discovery from each other, other than the Supplemental Structured Data Production. The Parties further agree that Capital One is not required to provide any additional discovery in connection with the process of obtaining preliminary or final approval of the Settlement, whether formal or informal, unless otherwise ordered by the Court.

**4.10.    Full Extent of Capital One's Financial Obligations**. Capital One's sole financial obligations in connection with this Settlement shall be limited to any obligation to pay any Notice and Settlement Administration Costs, Settlement Class Representative Service Awards, Settlement Class Counsel Attorneys' Fees and Costs Award, and the total of Proof Payments and Alternative Payments, all subject to the terms of this Agreement. Other than these payments, Capital One shall have no further financial obligations in connection with this Settlement.

**4.11.    Finality of Settlement**. The Settlement shall become final and effective on the Effective Date.

## 5.    Final Judgment and Release

**5.1.    Approval of this Agreement**. Counsel for all Parties will jointly take all necessary and appropriate steps to secure the Court's approval of this Agreement. The Parties intend to use their best efforts to obtain approval of the Settlement and entry of the orders contemplated herein, including, without limitation, seeking certification of the Settlement Class and the entry of Preliminary and Final Approval Orders. Settlement Class Counsel shall prepare and file the Motion for Preliminary Approval and the Motion for Final Approval. Capital One may, but is not required to, submit a memorandum or evidence in support of preliminary or final approval. Capital One shall not be responsible for justifying to the Court the amount of any Settlement Class Representative Service Award or any Settlement Class Counsel Attorneys' Fees and Costs Award, and Capital One shall have no obligation to provide or submit any materials to justify any such awards.

**5.2.    Final Approval Order and Judgment**. The Settlement is contingent upon entry of a Final Approval Order approving the terms and conditions of this Agreement, and judgment thereon. No later than thirty-five (35) days before the date of the Final Approval Hearing, the Settlement Class Representatives and Settlement Class Counsel shall file a Motion for Final Approval seeking the Court's entry of the Final Approval Order and Judgment substantially in the form attached hereto as Exhibits B and C. Such motion shall include the total amount of Notice and Settlement Administration Costs the Settlement Administrator is seeking to be paid in connection with work performed or that will be performed pursuant to the Settlement Administrator's obligations under the Agreement. Capital One will not oppose the Motion for Final Approval, unless to enforce its rights under this Agreement in Section 4.6. Oppositions (if any) to the motion seeking the Court's entry of the Final Approval Order shall be filed within fourteen (14) days after service of the Motion for Final Approval. Any replies in further support of Motion for Final Approval shall be filed fourteen (14) days after the service of the brief opposing the Motion for Final Approval.

**5.3.    Effect of Agreement if Settlement Is Not Approved**. This Agreement is entered into only for the purpose of Settlement. If certification of the Settlement Class, preliminary or final approval of the Settlement, or any other Order necessary to effectuate this Settlement does not occur, then this Settlement shall be void, shall have no force or effect, and shall impose no obligations on the Parties. Under such circumstances, this Agreement may not be introduced into evidence under any circumstances, including but not limited to in connection with any motion for class certification. The intent of this Section 5.3 is that, if a necessary approval is denied, the Parties will revert to their positions immediately prior to September 18, 2025, and the Action will resume without prejudice to any party (i.e., to their positions *ab initio*). In the event of such a reversion, the Parties agree that no class will be deemed to have been certified, and that the proposed or actual certification of a settlement class will not be urged or considered as a factor in any proceeding.

**5.4.    Dismissal**. Upon entry of the Final Approval Order and accompanying Judgment, except as to any Settlement Class Members who have validly and timely requested exclusion, all Claims in the Action shall be dismissed with prejudice pursuant to this Settlement. Dismissal with

prejudice is a material term of this Settlement.

## 6.    ADDITIONAL PROVISIONS

**6.1.    No Admission of Liability or Wrongdoing**. This Agreement reflects the compromise and settlement of disputed claims among the Parties. Its constituent provisions, and any and all drafts, communications, and discussions relating thereto, shall not be construed as, used for, or deemed to be evidence of an admission or concession of any point of fact or law by any person or entity, including Capital One, and shall not be offered or received in evidence or requested in discovery in the Actions or any other litigation or proceeding as evidence of an admission or concession. Capital One has denied and continues to deny each of the claims and contentions alleged by the Settlement Class Representatives in the Actions. Capital One has asserted and continues to assert defenses thereto, and Capital One has expressly denied and continues to deny any wrongdoing or legal liability arising out of any of the facts or conduct alleged in the various complaints in the Actions.

**6.2.    Termination**. If the Court for any reason does not enter any material part of the Preliminary Approval Order or the Final Approval Order or Judgment, or if any of those Orders (with the exception of any provision of these Orders relating to any Settlement Class Representative Service Award or any Settlement Class Counsel Attorneys' Fees and Costs Award) is materially modified, reversed, or set aside on further judicial review, or if for any other reason the Settlement does not become final, or if the Court or a reviewing court takes any action to expand, impair, or reduce the scope or effectiveness of the Releases set forth in Section 3.6 or to impose greater financial or other burdens on Capital One than those contemplated in this Agreement, then either Party shall have the option of terminating this Agreement. If a Party exercises this option, this Agreement shall become null and void *ab initio* without prejudice to the *status quo ante* rights, positions, and privileges of the Parties, except as otherwise expressly provided herein. In the event of a termination, this Agreement shall have no force or effect and the Parties will return to the *status quo ante* in the Action as it existed prior to September 18, 2025. The Parties will also be prohibited from using this Settlement and any settlement or mediation communications as evidence in the Action. The Parties further agree to cooperate in asking the Court to set a reasonable schedule for the resumption of the Action.

**6.3.    Publicity**. Settlement Class Representatives and Settlement Class Counsel shall not make any public statements about the litigation or the settlement other than settlement-related filings (which shall be shared in advance with Capital One's counsel), the Notice, and information on the Settlement Website. The Settlement shall not impose any restrictions on Capital One's ability to make any statements, whether public or nonpublic, about the litigation or settlement, except that Capital One shall not issue public statements characterizing the Settlement in a negative light or denigrating the adequacy of Class Counsel or the Settlement Class Representatives.

**6.4.    Fair, Adequate and Reasonable Settlement**. The Parties believe this Settlement is a fair, adequate, and reasonable settlement of the Action and have arrived at this Settlement through arms-length negotiations, taking into account all relevant factors, present and potential. This Settlement was reached after negotiations that included a daylong mediation and extensive follow-up negotiations conducted by the Hon. Jay Gandhi (Ret.).

**6.5.    Stay and Bar of Other Proceedings**. Pending determination of whether the Settlement should be granted final approval, the Parties agree not to pursue any claims or defenses otherwise available to them in the Action, and no Settlement Class Member, either directly, on a representative basis, or in any other capacity, will commence or prosecute any action or proceeding against any of the Released Parties asserting any of the Released Claims, pending final approval of the Settlement; nor shall any third party do so on their behalf.

**6.6.    Real Parties in Interest**. In executing this Agreement, Settlement Class Representatives, on behalf of themselves and the Settlement Class, represent and warrant that, to their knowledge, Settlement Class Members are the only persons having any interest in any of the Claims that are described or referred to herein, or in any of the pleadings, records, and papers in the Action, and, except as provided herein, neither said Claims nor any part thereof have been assigned, granted, or transferred in any way to any other person, firm, or entity.

**6.7.    Voluntary Agreement**. This Agreement is executed voluntarily and without duress or undue influence on the part of or on behalf of the Parties, or of any other person, firm, or entity.

**6.8.    Binding On Successors**. This Agreement shall bind and inure to the benefit of the respective successors, assigns, legatees, heirs, and personal representatives of each of the Parties.

**6.9.    Parties Represented by Counsel**. The Parties hereby acknowledge that they have been represented in negotiations for and in the preparation of this Agreement by independent counsel of their own choosing, that they have read this Agreement and have had it fully explained to them by such counsel, and that they are fully aware of the contents of this Agreement and of its legal effect.

**6.10.    Authorization**. Each Party warrants and represents that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released herein by that Party and, further, that each Party is fully entitled and duly authorized to give this complete and final release and discharge.

**6.11.    Construction and Interpretation**. Neither the Parties nor any of the Parties' respective attorneys shall be deemed the drafter of this Agreement for purposes of interpreting any provision hereof in any judicial or other proceeding that may arise between or among them. The Parties waive the application of any applicable law, regulation, holding, or rule of construction providing that ambiguities in an agreement shall be construed against the party drafting such agreement.

**6.12.    Headings**. The various headings used in this Agreement are solely for the convenience of the Parties and shall not be used to interpret this Agreement.

**6.13.    Exhibits**. The exhibits to this Agreement constitute material parts of this Agreement and are incorporated by reference herein.

**6.14.    Effect of Weekends and Holidays**. If any date or deadline in this Agreement falls on a Saturday, Sunday, or federal holiday, the next business day following the date or deadline shall be the operative date.

**6.15.    Merger and Integration**. This Agreement—including the recitals to this Agreement, which are contractual in nature and form a material part of this Agreement—contains the entire, complete, and integrated statement of each and every term and condition agreed to by and among the Parties, is not subject to any term or condition not provided for herein, and supersedes, extinguishes, and replaces all previous agreements, discussions, and negotiations (including but not limited to the Term Sheet executed on or about September 18, 2025). This Agreement shall not be modified in any respect except by a writing executed by duly authorized representatives of all the Parties hereto. In entering into this Agreement, no Party has made or relied on any warranty or representation not specifically set forth herein. There shall be no waiver of any term or condition absent an express writing to that effect by the Party to be charged with that waiver. No waiver of any term or condition in this Agreement by any Party shall be construed as a waiver of a subsequent breach or failure of the same term or condition, or waiver of any other term or condition of this Agreement.

**6.16.    Modifications and Amendments**. No amendment, change, or modification of this Agreement or any part thereof shall be valid unless in writing signed by the Parties.

**6.17.    Governing Law**. This Agreement is entered into in accordance with federal law and the laws of Delaware and shall be governed by and interpreted in accordance with federal law and the laws of the Delaware, without regard to any conflicts of laws principles.

**6.18.    Further Assurances**. Each of the Parties hereto shall execute and deliver any and all additional papers, documents, and other assurances and shall do any and all acts or things reasonably necessary in connection with the performance of its obligations hereunder to carry out the express intent of the Parties hereto.

**6.19.    Execution Date**. This Agreement shall be deemed executed on the Execution Date.

**6.20.    Continuing Jurisdiction**. The parties shall ask the Court to retain jurisdiction over the interpretation, effectuation, and implementation of this Agreement.

**6.21.    Counterparts**. This Agreement may be executed in counterparts, each of which shall constitute an original, but all of which together shall constitute one and the same instrument. The several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Agreement may be treated as originals.

**6.22.    Notice**. Any notice required or permitted to be given in connection with this Agreement shall be served in the Action in accordance with applicable law. If not served by email, a copy shall be sent by email to all opposing counsel of record at their respective email addresses of record.

IN WITNESS WHEREOF, each of the signatories has read and understood this Agreement, has executed it, and represents that he or she is authorized to execute this Agreement on behalf of the Party or Parties he or she represents, who or which has agreed to be bound by its terms and has entered into this Agreement.

Agreed to by:

**For Capital One:**

By: _Walt Roloson_       December 9, 2025
Signed by: Walt Roloson
FDBF68277454454...

Walt Roloson                 Date
Co-Head of Capital One Shopping
Capital One Financial Corporation,
Capital One Shopping LLC, and Capital One Shopping Holdings, LLC


By: _____       December 9, 2025

Andrew Soukup               Date
Covington & Burling LLP
Counsel for Capital One


**For the Settlement Class Representatives, Settlement Class Counsel, and the Settlement Class:**

By: _____       _____

Daniel Ahn               Date
Ahntourage Media LLC
Settlement Class Representative


By: _____       _____

Joshua van Aalst            Date
Just Josh, Inc.
Settlement Class Representative


By: _____       _____

Hayley Corwick            Date
Storm Productions LLC
Settlement Class Representative

Agreed to by:

**For Capital One:**

By: _____     _____
    [Representative Name]                Date
    Capital One Financial Corporation,
    Capital One Shopping LLC, and Capital One Shopping Holdings, LLC

By: _____     _____
    Andrew Soukup                        Date
    Covington & Burling LLP
    Counsel for Capital One

**For the Settlement Class Representatives, Settlement Class Counsel, and the Settlement Class:**

By: _____     12/8/2025 | 6:18 PM PST
    Daniel Ahn                           _____
    Ahntourage Media LLC                 Date
    Settlement Class Representative

By: _____     12/9/2025 | 2:28 PM PST
    Joshua van Aalst                     _____
    Just Josh, Inc.                      Date
    Settlement Class Representative

By: _____     12/8/2025 | 6:57 PM PST
    Hayley Corwick                       _____
    Storm Productions LLC                Date
    Settlement Class Representative

By: _____
Edgar Oganesyan
TechSource Official
Settlement Class Representative

12/8/2025 | 6:27 PM PST
_____
Date

By: _____

ToastyBros, LLC
Settlement Class Representative

12/9/2025 | 5:13 AM PST
_____
Date

By: _____
James J. Pizzirusso
Hausfeld LLP
Counsel for Plaintiffs and the Settlement Class

12/8/2025 | 6:32 PM PST
_____
Date

By: _____
E. Michelle Drake
Berger Montague PC
Counsel for Plaintiffs and the Settlement Class

12/9/2025 | 4:30 AM PST
_____
Date

By: _____
Douglas J. McNamara
Cohen Milstein Sellers & Toll, LLP
Counsel for Plaintiffs and the Settlement Class

12/9/2025 | 6:45 AM PST
_____
Date

By: _____
Norman E. Seigel
Stueve Siegel Hanson LLP
Counsel for Plaintiffs and the Settlement Class

12/9/2025 | 7:16 AM PST
_____
Date

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| *In re Capital One Financial Corporation, Affiliate Marketing Litigation* | Case No. 1:25-cv-00023-AJT-WBP |

**[PROPOSED] ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS SETTLEMENT**

Before the Court is Plaintiffs' Motion for Preliminary Approval (the "Motion"). Plaintiffs Ahntourage Media LLC, Just Josh, Inc., Storm Productions LLC, TechSource Official, and ToastyBros, LLC (collectively, "Settlement Class Representatives") and Defendants Capital One Financial Corporation, Wikibuy LLC, and Wikibuy Holdings, LLC ("Capital One")[1] have entered into a Class Action Settlement Agreement and Release, dated December 8, 2025 (the "Settlement Agreement").

Having thoroughly reviewed the Settlement Agreement, including the proposed forms of class notice and other exhibits thereto, the Motion, and the papers and arguments in connection therewith, THE COURT HEREBY FINDS, CONCLUDES, AND ORDERS THE FOLLOWING:

1.    Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

---

[1] During the pendency of the Action, names of entities Wikibuy LLC and Wikibuy Holdings, LLC were changed to Capital One Shopping LLC and Capital One Shopping Holdings, LLC, respectively.

2.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), and has personal jurisdiction over the Parties and the Settlement Class Members. Venue is proper in this District.

3.     The Motion is GRANTED.

4.     The Court hereby provisionally certifies, for settlement purposes only, a "Settlement Class," pursuant to Rule 23(b)(3), consisting of

> All persons (including entities) in the United States who participated in an affiliate commission program with an online merchant that also partnered with Capital One Shopping during the Class Period, and who were involved in a transaction in which Capital One Shopping was also involved. Excluded from the Settlement Class are the entities listed in Exhibit H to the Settlement Agreement.

5.     The Court hereby preliminarily approves the Settlement Agreement and the terms embodied therein pursuant to Rule 23(e)(1).  The Court finds that it will likely be able to approve the Settlement Agreement under Rule 23(e)(2) and to certify the Settlement Class for purposes of judgment on the proposed Settlement.  The Court preliminarily finds that the Settlement is fair, reasonable, and adequate as to the Settlement Class Members under the relevant considerations. The Court finds that proposed Settlement Class Representatives and proposed Settlement Class Counsel have adequately represented, and will continue to adequately represent, the Settlement Class.  The Court further finds that the Settlement Agreement is the product of arm's length negotiations by the Parties through an experienced mediator, the Honorable Jay Gandhi (Ret.), and comes after adequate investigation of the facts and legal issues, the filing of multiple individual complaints by proposed Settlement Class Representatives that were consolidated into the Action, a day-long mediation session, and extended arm's-length negotiations thereafter.  The Court preliminarily finds that the relief provided to the Settlement Class is adequate taking into account, *inter alia*, the costs, risks, and delay of trial and appeal and the proposed method of distributing

2

compensation to the Settlement Class. The Court further finds that the Settlement Agreement treats the Settlement Class Members equitably relative to one another. As set forth more fully in the Settlement Agreement, each Settlement Class Member that submits a timely and valid Claim Form will be sent either Proof Payments equivalent to any amount of commissions for transactions that qualify, or an Alternative Payment. The Court will fully assess any request for an Attorneys' Fees and Costs Award or a Settlement Class Representative Service Award after receiving a motion from proposed Settlement Class Representatives and Settlement Class Counsel supporting such request. At this stage, the Court finds that the plan to request these awards creates no reason not to direct notice to the Settlement Class, especially because any motion for any such award must be filed before the deadline to object or opt-out of the Settlement.

6.    The Court finds that, for settlement purposes only, the Settlement Class, as defined above, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3). Specifically, the Court finds that (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are questions of law and fact common to Settlement Class Members; (3) proposed Settlement Class Representatives' claims are typical of those of the Settlement Class Members; (4) proposed Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class Members; and (5) for purposes of settlement only, the Settlement Class meets the predominance and superiority requirements of Rule 23(b)(3).

7.    Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect, and the Parties preserve all rights and defenses regarding class

certification in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

8.    The Court hereby appoints Plaintiffs Ahntourage Media LLC, Just Josh, Inc., Storm Productions LLC, TechSource Official, and ToastyBros, LLC as Settlement Class Representatives to represent the Settlement Class.

9.    The Court hereby appoints the following lawyers at the following firms as Settlement Class Counsel for the Settlement Class: James J. Pizzirusso at Hausfeld LLP; E. Michelle Drake at Berger Montague PC; Douglas J. McNamara at Cohen Milstein Sellers & Toll, LLP; and Norman E. Siegel at Stueve Siegel Hanson LLP.

10.    The Court hereby appoints Epiq Class Action & Claims Solutions, Inc. ("Epiq") as Settlement Administrator and directs Epiq to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement and herein.

<u>Notice Program</u>

11.    Pursuant to Rule 23(e)(1) and Rules 23(c)(2)(A) and 23(c)(2)(B), the Court approves the proposed Notice program set forth at Section 4.3 of the Settlement Agreement, including the form and content of the proposed forms of class notice attached as Exhibits D and F to the Settlement Agreement.  The Court finds that the proposed Notice program meets the requirements of due process under the U.S. Constitution and Rule 23; and that such Notice program, which includes the establishment of a Settlement Website, the establishment of a toll-free telephone helpline, the publication of notice online through an appropriate programmatic network, which will include advertising on search engines and social media, and publication of notice of the proposed Settlement over a newsline for direct distribution into newsrooms, is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all

4

persons entitled thereto.  The Court further finds that the proposed form and content of the Notice are adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement Class, the right to object or opt out, and the proposed Settlement and its terms.  The Court finds that the Notice clearly and concisely states in plain, easily understood language, *inter alia*: (i) the nature of the Action; (ii) the definition of the Settlement Class; (iii) the class claims and issues; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Settlement Class Member must submit a timely claim via a valid Claim Form to be eligible to receive compensation under the Settlement; (vi) the time and manner for submitting a Claim Form; (vii) that the Court will exclude from the Settlement Class any member who timely and validly requests exclusion; (viii) the time and manner for requesting exclusion; and (ix) the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3).  The parties may make non-material changes to the proposed Notice program, including the form and content of the Notice, without seeking further approval of the Court.

12.    The Court directs the Settlement Administrator and the Parties to implement the Notice program as set forth in the Settlement Agreement.  As soon as practicable and no later than 60 days after entry of this Preliminary Approval Order, the Settlement Administrator shall do the following:

a.    <u>Settlement Website</u>:    The Settlement Administrator shall establish a Settlement Website hosted at www.influencermarketingclaims.com that is dedicated to the Settlement.  The Settlement Website shall contain the Long Form Notice (in substantially the same form attached as Exhibit D to the Settlement Agreement), in both downloadable PDF format and HTML format; a Contact Information page that includes the address for the Settlement

5

Administrator and addresses and telephone numbers for Settlement Class Counsel; the telephone helpline number; the Settlement Agreement; this Order; an online version of the Claim Form; and all other material filings by the Parties or the Court regarding the Settlement, including Settlement Class Counsel's Motion for Attorney's Fees and/or Settlement Class Representative Service Awards, the Motion for Final Approval of the Settlement, and any orders with respect to such applications and motions. The Settlement Website shall remain accessible until at least 120 days after all monetary payments to eligible Settlement Class Members have been distributed.

   b. <u>Toll-free telephone helpline</u>:  The Settlement Administrator shall establish a toll-free telephone helpline, which shall be posted on the Settlement Website, and to which Settlement Class Members may refer for information about the Action and the Settlement Agreement.  The toll-free helpline shall remain active until at least 120 days after all monetary payments to eligible Settlement Class Members have been distributed

   c. <u>Online Notice</u>:  The Settlement Administrator shall cause the Online Notice to be published through a Digital Notice Campaign (including targeted advertising and social media advertising through Google, Facebook, and YouTube, as appropriate) and acquire sponsored search listing on the major internet search engines.

   d. <u>Publication Notice</u>: The Settlement Administrator shall cause the Publication Notice to be distributed over a newsline for direct distribution into newsrooms.

  13. By no later than 7 days before the Motion for Final Approval is due under the terms of the Settlement Agreement, the Settlement Administrator shall provide to Settlement Class Counsel for filing in connection with the Motion for Final Approval an affidavit affirming that the Notice program has been implemented in accordance with the Settlement Agreement and this

Order (including CAFA notice) and identifying any Settlement Class Members who timely and validly requested exclusion from the Settlement Class.

Opt-Out and Objection Procedures

14.     Settlement Class Members may exclude themselves from the Settlement Class by following the procedures set forth in Section 4.5 of the Settlement Agreement.  As set forth more fully in the Settlement Agreement, Settlement Class Members shall mail to the Settlement Administrator a written request for exclusion that is postmarked no later than 120 days after entry of this Preliminary Approval Order (the "Exclusion/Objection Deadline").  To be effective, the request for exclusion must include (a) the Settlement Class Member's full name, telephone number, and mailing address; (b) a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class; (c) the name of the Action: "*In re Capital One Financial Corporation, Affiliate Marketing Litigation*, No. 1:25-cv-00023"; and (d) the Settlement Class Member's signature, or the like signature or affirmation of an individual authorized to act on the Settlement Class Member's behalf.  Upon the Settlement Administrator's receipt of a timely and valid exclusion request, the Settlement Class Member shall be deemed excluded from the Settlement Class and shall not be entitled to any benefits of this Settlement.  A Settlement Class Member may request to be excluded from the Settlement only on the Settlement Class Member's own behalf; a Settlement Class Member may not request that other Settlement Class Members (or a group or subclass of Settlement Class Members) be excluded from the settlement.

15.     Any Settlement Class Member who does not request exclusion from the Settlement Class has the right to object to the proposed Settlement and/or to Settlement Class Counsel's Motion for Attorney's Fees and Settlement Class Representative Service Awards.  To be

considered valid, an objection must be in writing, must be filed with or sent to the Court, must be postmarked or filed no later than 120 days after entry of this Preliminary Approval Order (the Exclusion/Objection Deadline), and must include the following:  (a) the case name and case number: "*In re Capital One Financial Corporation, Affiliate Marketing Litigation*, No. 1:25-cv-00023"; (b) the full name, mailing address, and telephone number of the Settlement Class Member objecting to the Settlement (the "Objector"); (c) the Objector's signature, or the like signature or affirmation of an individual authorized to act on the Objector's behalf; (d) a statement of the specific grounds for the objection; (e) a statement whether the objection applies only to the Objector, to a specific subset of the class, or to the entire class; (f) the name, address, bar number, and telephone number of counsel for the Objector, if represented by an attorney in connection with the objection; and (g) a statement whether the Objector intends to appear at the Final Approval Hearing, either in person or through counsel.  If the Objector or his or her attorney intends to present evidence at the Final Approval Hearing, the objection must contain the following information: a detailed description of all evidence the Objector will offer at the Final Approval Hearing, including copies of any and all exhibits that the Objector may introduce at the Final Approval Hearing.  If an objection is not submitted in accordance with this paragraph, this Court may in the exercise of its discretion refuse to consider it.  Any Settlement Class Member who does not timely submit an objection in accordance with this paragraph shall waive the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the proposed Settlement or to Settlement Class Counsel's Motion for Attorney's Fees and Settlement Class Representative Service Awards.

16.    By no later than 90 days after the entry of the Preliminary Approval Order, Settlement Class Counsel shall file their Motion for Attorney's Fees and Settlement Class

Representative Service Awards.  Any such motions shall be posted to the Settlement Website within two business days after filing.

<u>Final Approval Hearing</u>

17.    The Court will hold a Final Approval Hearing on _____, 2026 [at least *174 days after entry of this Preliminary Approval Order*] at _____ a.m./p.m, in the United States District Court for the Eastern District of Virginia, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314.  The purposes of the Final Approval Hearing will be to: (i) determine whether the proposed Settlement Agreement should be finally approved by the Court as fair, reasonable, adequate, and in the best interests of the Settlement Class; (ii) determine whether judgment should be entered pursuant to the Settlement Agreement, dismissing the claims in the Action with prejudice and releasing all Released Claims; (iii) determine whether the Settlement Class should be finally certified; (iv) rule on Settlement Class Counsel's Motion for Attorney's Fees and/or Settlement Class Representative Service Awards; (v) consider any properly filed objections; and (vi) consider any other matters necessary in connection with the final approval of the Settlement Agreement.

18.    By no later than 35 days before the Final Approval Hearing, Settlement Class Counsel shall file their Motion for Final Approval of the Settlement Agreement.

19.    Any oppositions (if any) to the Motion for Final Approval shall be filed 14 days after the service of the Motion for Final Approval.

20.    Any replies in further support of the Motion for Final Approval (if any) shall be filed 14 days after the service of the brief(s) opposing the Motion for Final Approval

21.     The Court may, in its discretion, modify the date, time, and/or location of the Final Approval Hearing.  In the event the Court changes the date, time, and/or location of the Final Approval Hearing, the new date and time shall be posted on the Settlement Website.

22.     If the Settlement Agreement, including any amendment made in accordance therewith, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement Agreement and any actions taken or to be taken in connection therewith (including this Preliminary Approval Order and any judgment entered herein), shall be terminated and shall become null and void and of no further force and effect except for (i) any obligations to pay for any expense incurred in connection with Notice and administration as set forth in the Settlement Agreement, and (ii) any other obligations or provisions that are expressly designated in the Settlement Agreement to survive the termination of the Settlement Agreement.

23.     Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, including matters relating to Settlement Class Counsel's Motion for Attorney's Fees and Settlement Class Representative Service Awards, all proceedings in the Action are hereby stayed and suspended until further order of this Court.

24.     Pending final determination of whether the Settlement Agreement should be finally approved, Settlement Class Representatives, all Settlement Class Members, and Releasing Parties (and any persons purporting to act on their behalf) are barred and enjoined from filing, commencing, prosecuting, maintaining, or enforcing any Released Claims against the Released Parties, directly or indirectly (including in any action purportedly brought on behalf of the general public of the United States or of a particular state, district, or territory therein), in any judicial, administrative, arbitral, or other forum.  This bar and injunction are necessary to protect and

10

effectuate the Settlement Agreement and this Preliminary Approval Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction.

25.    This Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not constitute, be described as, construed as, offered, or received against Capital One or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by any plaintiff in the Action; (b) any liability, negligence, fault, or wrongdoing of Capital One or the Released Parties; or (c) that this or any other action may be properly certified as a class action for litigation, non-settlement purposes.

26.    The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement according to its terms should it be finally approved.

27.    The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Settlement Class Members. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this Preliminary Approval Order.

28.    The following chart summarizes the dates and deadlines set by this Preliminary Approval Order:

| Notice Date | No later than 60 days after entry of this Preliminary Approval Order |
|---|---|
| Last day for Settlement Class Counsel to file Motion for Attorney's Fees and Settlement Class Representative Service Awards | 90 days after entry of this Preliminary Approval Order |

| Claims Submission Deadline | **120 days after entry of this Preliminary Approval Order** |
|---|---|
| Exclusion/Objection Deadline | **120 days after entry of this Preliminary Approval Order** |
| Last day for Settlement Class Counsel to file motion for final approval of the Settlement | **35 days before Final Approval Hearing** |
| Last day to file oppositions (if any) to the motion for final approval of the Settlement | **21 days before Final Approval Hearing** |
| Last day to file any replies in further support of the motion for final approval of the Settlement | **7 days before Final Approval Hearing** |
| Final Approval Hearing | **, 2026, which is 174 days after entry of this Preliminary Approval Order** |

**IT IS SO ORDERED.**

DATED: _____.

_____
Hon. Anthony J. Trenga
United States District Judge

# **<u>Exhibit B</u>**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| *In re Capital One Financial Corporation, Affiliate Marketing Litigation* | Case No. 1:25-cv-00023-AJT-WBP |

## **[PROPOSED] FINAL APPROVAL ORDER**

This matter came before the Court for hearing on [date], 2026, pursuant to the Court's Preliminary Approval Order dated [date], 2025, ECF No. X, and on the motion ("Motion") for Final Approval of the Class Action Settlement Agreement and Release, dated [date], 2026, entered into by the Parties (the "Settlement Agreement"), ECF No. X, as well as Settlement Class Counsel's Motion for Attorney's Fees and for Settlement Class Representative Service Awards ("[Name] Motions"), ECF No. X.

Due and adequate notice having been given to the Settlement Class Members of the proposed Settlement and the pending motions, as directed by the Court's Preliminary Approval Order, and upon consideration of all papers filed and proceedings had herein, and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1.      Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

2.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), and has personal jurisdiction over the Parties and the Settlement Class Members. Venue is proper in this District.

3.      The "Settlement Class" for purposes of this Final Approval Order means:

All persons (including entities) in the United States who participated in an affiliate commission program with an online merchant that also partnered with Capital One Shopping during the Class Period, and who were involved in a transaction in which Capital One Shopping was also involved. Excluded from the Settlement Class are the entities listed in Exhibit H to the Settlement Agreement.

4.    The Court finds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this matter.

5.    The Court finds that the Notice program for disseminating notice to the Settlement Class, provided for in the Settlement Agreement and previously approved and directed by the Court, has been implemented by the Settlement Administrator and the Parties.  The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of the Action, the definition of the Settlement Class certified, the class claims and issues, the opportunity to enter an appearance through an attorney if the member so desires, the opportunity, the time, and the manner for requesting exclusion from the Settlement Class, and the binding effect of a class judgment; (c) constituted due, adequate, and sufficient notice to all persons and entities entitled to notice; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, due process under the U.S. Constitution, and any other applicable law.

6.    The Court APPROVES Notice and Settlement Administration Costs in the amount of [$ amount], with such costs to be paid by Capital One pursuant to Section 2.4 of the Settlement Agreement.

7.    The Court hereby finds that all Settlement Class Members and all persons who fall within the definition of the Settlement Class have been adequately provided with an opportunity to exclude themselves from the Settlement Class by submitting a request for exclusion in

conformance with the terms of the Settlement Agreement and this Court's Preliminary Approval Order.  A list of those persons and entities who submitted timely and valid requests for exclusion is attached as Exhibit __.  All persons and entities listed on Exhibit __ are not bound by this Final Approval Order and Judgment and are entitled to no relief under the Settlement.  All other persons who fall within the definition of the Settlement Class are Settlement Class Members and part of the Settlement Class, and shall be bound by this Final Approval Order and corresponding Judgment and the Settlement Agreement.

8.    The Court reaffirms that the Action is properly maintained as a class action, for settlement purposes only, pursuant to Federal Rules of Civil Procedure 23(b)(3).

9.    The Court finds that, for settlement purposes only, the Settlement Class, as defined above, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3).  Specifically, this Court finds that (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are questions of law and fact common to Settlement Class Members; (3) Settlement Class Representatives' claims are typical of those of the Settlement Class Members; (4) Settlement Class Representatives and Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Settlement Class Members; and (5) for purposes of settlement only, the Settlement Class meets the predominance and superiority requirements of Rule 23(b)(3).

10.    The Court reaffirms its appointment of Ahntourage Media LLC, Just Josh, Inc., Storm Productions LLC, TechSource Official, and ToastyBros, LLC as Settlement Class Representatives to represent the Settlement Class, and reaffirms its appointment of Settlement Class Counsel to represent the Settlement Class.

11.    The Court finds that the Settlement Agreement warrants final approval pursuant to

Rule 23(e)(2) because the Court finds the Settlement Agreement is fair, reasonable, and adequate and is in the best interest of the Settlement Class, after weighing the relevant considerations. First, the Court finds that the Settlement Class Representatives and Settlement Class Counsel have adequately represented the Settlement Class, and will continue to do so through Settlement implementation. Second, the proposed Settlement Agreement was reached as a result of arms-length negotiations through an experienced mediator, the Honorable Jay Gandhi (Ret.), and comes after adequate investigation of the facts and legal issues and the filing of an Amended Consolidated Class Action Complaint by the Settlement Class Representatives, a daylong mediation session, and extended arm's-length negotiations thereafter. Third, the Court finds that the relief proposed to be provided for the Settlement Class is fair, reasonable, and adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' claims; and (iii) the terms of the requested Attorney's Fees and Costs Award. Fourth, the Court finds that the Settlement Agreement treats Settlement Class Members equitably relative to each other. As set forth more fully in the Settlement Agreement, each Settlement Class Member that submitted a timely and valid Claim Form will be sent either Proof Payments equivalent to any amount of commissions for transactions that qualify, or an Alternative Payment.

12.    In granting final approval of the Settlement Agreement, the Court has also considered the factors that courts in this Circuit consider in evaluating proposed class settlements—which overlap considerably with the factors to be considered under Rule 23(e)(2)—including "(1) the posture of the case at the time the settlement was proposed; (2) the extent of discovery that had been conducted; (3) the circumstances surrounding the negotiations; and (4) the experience of counsel in the area of the class action litigation," as well as "(1) the relative strength

of the plaintiffs' case on the merits; (2) the existence of any difficulties of proof or strong defenses

the plaintiffs are likely to encounter if the case goes to trial; (3) the anticipated duration and

expense of additional litigation; (4) the solvency of the defendant and the likelihood of recovery

on a litigated judgment; and (5) the degree of opposition to the settlement." *In re Lumber

Liquidators Chinese-Manufactured Flooring Prods. Mktg., Sales Pracs. & Prods. Liab. Litig.*, 952

F.3d 471, 484 (4th Cir. 2020) (citing *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 159 (4th Cir. 1991)

(cleaned up).

13.    [*Discussion of factors, as appropriate*]

14.    The Motion is hereby GRANTED, and the Settlement Agreement and its terms are

hereby found to be and APPROVED as fair, reasonable, and adequate and in the best interest of

the Settlement Class.  The Parties and Settlement Administrator are directed to consummate and

implement the Settlement Agreement in accordance with its terms, including distributing Proof

Payments and Alternative Payments to eligible Settlement Class Members, distributing the

Settlement Class Representative Service Awards (discussed below), and paying the Notice and

Settlement Administration Costs.

15.    The Action, including each of the individual complaints ultimately consolidated

into the Action, are hereby dismissed with prejudice and without costs to any Party, other than as

specified in the Settlement Agreement, this Final Approval Order and corresponding Judgment,

and any order(s) by this Court regarding Settlement Class Counsel's Motion for Attorney's Fees

and Settlement Class Representative Service Awards.

16.    In consideration of the benefits provided under the Settlement Agreement, and for

other good and valuable consideration set forth in the Settlement Agreement, each of the

Settlement Class Members and Releasing Parties shall, by operation of this Final Approval Order

and Judgment, have fully, finally, and forever released, relinquished, acquitted, and discharged all Released Claims against each of the Released Parties in accordance with Section 3.6 of the Settlement Agreement, the terms of which section are incorporated herein by reference. The terms of the Settlement Agreement, which are incorporated by reference into this Order, shall have *res judicata* and other preclusive effects as to the Released Claims as against the Released Parties. The Released Parties may file the Settlement Agreement and/or this Order in any other litigation to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any similar defense or counterclaim.

17.     All Settlement Class Members and Releasing Parties (including any persons purporting to act on their behalf) have covenanted not to sue any Released Party with respect to any Released Claim and shall be permanently barred and enjoined from instituting, commencing, prosecuting, continuing, or asserting any Released Claim against any Released Party, directly or indirectly (including in any action purportedly brought on behalf of the general public of the United States or of a particular state, district, or territory therein). This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement and this Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. Notwithstanding the foregoing, nothing in this Order and judgment shall preclude an action to enforce the terms of the Settlement Agreement.

18.     Pursuant to the terms of the Settlement Agreement, Settlement Class Representatives, Settlement Class Counsel, Capital One, and Capital One's Counsel have, and shall be deemed to have, released each other from any and all Claims relating in any way to any Party or counsel's conduct in the Action, including but not limited to any Claims arising out of the institution, prosecution, assertion, or resolution of the Action, including Claims for attorney's fees,

costs of suit, or sanctions of any kind except as otherwise expressly set forth in Sections 3.4 and 3.5 of the Settlement Agreement.

19.     This Final Approval Order and corresponding Judgment is the final, appealable judgment in the Action as to all Released Claims.  The time to appeal from this Final Approval Order and Judgment shall commence upon its entry.

20.     Without affecting the finality of this Final Approval Order and Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement Agreement and the terms of the Settlement Agreement; (b) Settlement Class Counsel's Motion for Attorney's Fees and Settlement Class Representative Service Awards ; (c) distribution of the settlement payments, Settlement Class Counsel's Attorney's Fees and Costs Award, and any Settlement Class Representative Service Awards; and (d) all other proceedings arising out of or related to the implementation, interpretation, validity, administration, consummation, and enforcement of the terms of the Settlement Agreement, including enforcement of the Releases provided for in the Settlement Agreement.

21.     In the event that the Effective Date does not occur, this Final Approval Order and Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Settlement Class Representatives, Settlement Class Members, and Capital One.

22.     This Final Approval Order and Judgment, the Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement Agreement, and any matters arising in connection with settlement negotiations, proceedings, or agreements shall not constitute, be described as, construed as, offered or received against Capital One or the other Released Parties as evidence or an admission of: (a) the truth of

any fact alleged by Settlement Class Representatives in the Action; (b) any liability, negligence, fault, or wrongdoing of Capital One or the Released Parties; or (c) that this Action or any other action may be properly certified as a class action for litigation, non-settlement purposes.

23.     The Motion for Attorney's Fees and Settlement Class Representative Service Awards is also hereby GRANTED.   The Court APPROVES: (a) payment of Settlement Class Counsel's Attorney's Fees and Costs Award in the total amount of $[_____] (consisting of $[_____] in attorney's fees, plus $[_____] in reimbursement of litigation expenses); and (b) payment of service awards in the amount of $[_____] each to Settlement Class Representatives Ahntourage Media LLC, Just Josh, Inc., Storm Productions LLC, TechSource Official, and ToastyBros, LLC to compensate them for their commitment and effort on behalf of the Settlement Class pursuant to Section 3.3 of the Settlement Agreement.

24.     The Court finds that the fees and litigation expenses requested by Settlement Class Counsel are reasonable and appropriate under applicable standards and justified by the circumstances of this case.

25.     [*Discussion of factors, as appropriate*]

26.     With respect to the requested Settlement Class Representative Service Awards for Settlement Class Representatives, the Court finds that such awards are appropriate, and that the amount requested is within the range regularly awarded by Fourth Circuit courts and justified by the circumstances in this case.  *See, e.g.*, *McCune v. Faneuil Inc.*, 2024 WL 3811411, at *5 (E.D. Va. Aug. 13, 2024) (collecting cases).

27.     The Court also notes that [__] Settlement Class Member[s] objected to the Settlement or to the requested Attorney's Fees and Costs Award or Settlement Class Representative Service Awards—the requested amounts of which were included in the class

notice.

28.    [*Discussion of objections, as necessary.*]

29.    Pursuant to Rule 54, the Court finds that there is no just reason for delay and expressly directs this Final Approval Order and Judgment and immediate entry by the Clerk of the Court.


**IT IS SO ORDERED.**

DATED: _____.

_____
Hon. Anthony J. Trenga
United States District Judge

# **<u>Exhibit C</u>**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| *In re Capital One Financial Corporation,*<br>*Affiliate Marketing Litigation* | Case No. 1:25-cv-00023-AJT-WBP |

**[PROPOSED] JUGDMENT**

This matter came before the Court for hearing on [date], 2026, pursuant to the Court's

Preliminary Approval Order dated [date], 2025, ECF No. X, and on the Motion ("Motion") for

Final Approval of the Class Action Settlement Agreement and Release, dated [date], 2026, entered

into by the Parties (the "Settlement Agreement"), ECF No. X, as well as Settlement Class

Counsel's Motion for Attorney's Fees and for Settlement Class Representative Service Awards

("[Name] Motions"), ECF No. X.

For the reasons set forth in the accompanying Final Approval Order, **IT IS HEREBY**

**ORDERED, ADJUDGED, AND DECREED** as follows:

1. Settlement Class Representatives' Motion for Final Approval of the Class Action

Settlement Agreement and Release, dated [_____], 2026, entered into by the Parties (the

"Settlement Agreement"), is hereby GRANTED.  The parties are ORDERED to comply with the

terms of the Settlement Agreement.

2. Settlement Class Representatives' Motion for Attorney's Fees and Settlement Class

Representative Service Awards is hereby GRANTED.  Pursuant to Section 3.4 of the Settlement

Agreement, Capital One shall pay Settlement Class Counsel an Attorney's Fees and Costs Award

in the amount of $_____.  Pursuant to Section 3.3 of the Settlement Agreement, Capital One

shall pay Settlement Class Representatives a Settlement Class Representative Service Award, each in the amount of $_____.

3.      The Action, including each of the individual complaints ultimately consolidated into the Action, are hereby DISMISSED WITH PREJUDICE.

4.      Without affecting the finality of this Final Approval Order and Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement Agreement and the terms of the Settlement Agreement; (b) Settlement Class Counsel's Motion for Attorney's Fees and Settlement Class Representative Service Awards ; (c) distribution of the settlement payments, Settlement Class Counsel's Attorneys' Fees and Costs Award, and any Settlement Class Representative Service Awards; and (d) all other proceedings arising out of or related to the implementation, interpretation, validity, administration, consummation, and enforcement of the terms of the Settlement Agreement, including enforcement of the Releases provided for in the Settlement Agreement.

5.      This is a final and appealable judgment.


**IT IS SO ORDERED.**

DATED: _____.


_____
Hon. Anthony J. Trenga
United States District Judge

# __Exhibit D__

**IF YOU ADVERTISED ONLINE WITH MERCHANTS AND AFFILIATE NETWORKS
TO ADVERTISE ONLINE, YOU MAY BE ENTITLED TO A PAYMENT FROM A
CLASS ACTION SETTLEMENT**

**A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.**

Capital One Financial Corporation, Wikibuy LLC, and Wikibuy Holdings, LLC (collectively "Defendants") have agreed to a proposed class action settlement to resolve claims in a lawsuit called *in re Capital One Financial Corporation, Affiliate Marketing Litigation*, No. 1:25-cv-00023-AJT-WBP (E.D. Va.) (the "Settlement"), which involves legal claims relating to the affiliate marketing industry.

The Settlement Class is defined as all persons (including entities) in the United States who participated in an affiliate commission program with an online merchant that also partnered with Capital One Shopping between January 6, 2020 and [the date on which the Court enters the Preliminary Approval Order], and who were involved in a transaction in which Capital One Shopping was also involved.

If you are a member of the Settlement Class, the purpose of this notice is to inform you of the proposed class action settlement so you may decide what to do.  Your legal rights under the Settlement are affected even if you do nothing, so please read this notice carefully.

If approved, the Settlement will provide compensation and other benefits to Settlement Class Members who submit a valid Claim Form.  Settlement Class Members who submit a valid Claim Form are eligible for only one of the following two payments:

- **Proof Payment:**  Settlement Class Members who demonstrate that they have one or more qualifying transactions within the Capital One Shopping Data by submitting a valid and timely Proof Payment Claim Form shall receive the greater of (i) a monetary payment equivalent to the amount of commission received by Capital One Shopping for all qualifying transactions posted on or after November 1, 2023, or (ii) the Alternative Payment. (**NOTE**:  If your affiliate data is associated only with transactions that were posted prior to November 1, 2023, you are not eligible for a Proof Payment, but you *are* still eligible for an Alternative Payment.)

- **Alternative Payment:**  Settlement Class Members who submit a valid and timely Alternative Payment Claim Form and do not receive a Proof Payment will receive $20. No Settlement Class Member will receive more than one Alternative Payment.

Eligibility for a Proof Payment or Alternative Payment will be determined using the Capital One Shopping Data.  Some entities are excluded from the Settlement Class; the list of such entities can be found on the Settlement Website at www.influencermarketingclaims.com.

For their work in Securing this Settlement, the attorneys representing the Settlement Class (known as "Settlement Class Counsel") will separately request up to $3,950,000 in attorneys' fees and costs.

Questions? Visit www.influencermarketingclaims.com or call toll-free at            .

This notice provides a summary of the Settlement, and it is important that you review it carefully to understand your legal rights.  The full details of the Settlement, including the Class Action Agreement and other important case documents, are available on the Settlement Website at www.influencermarketingclaims.com.  Please visit the website regularly for further updates about the Settlement.

## WHAT THIS NOTICE CONTAINS

### BASIC INFORMATION

**1.    WHAT IS THIS NOTICE?**

The Court overseeing this case authorized this notice to inform you about a class action settlement in a lawsuit named *In re Capital One Financial Corporation, Affiliate Marketing Litigation*, No. 1:25-cv-00023-AJT-WBP, which is pending before the Honorable Anthony J. Trenga in the United States District Court for the Eastern District of Virginia.

Plaintiffs Ahntourage Media LLC, Just Josh, Inc., Storm Productions LLC, TechSource Official, and ToastyBros, LLC (together, "Plaintiffs" or "Settlement Class Representatives") allege that Defendants received affiliate marketing commissions that Settlement Class Members should have received.

Defendants deny Plaintiffs' allegations and any and all alleged wrongdoing associated with Plaintiffs' claims, and they maintain that Capital One Shopping is an industry leader that works closely and transparently with its affiliate network and advertising partners.  Defendants are confident that, if this Action moved forward, Defendants would have prevailed on the merits.  This Settlement does not reflect any findings by the Court that Capital One Shopping engaged in any wrongdoing.

The Court has not decided who is right or wrong.  Instead, the Parties have agreed to the Settlement to avoid the costs, risk, and delays associated with continuing this complex and time-consuming litigation.

This notice summarizes the Settlement and your legal rights and options under it.  The deadlines listed in this notice may be modified, so please check the Settlement Website, www.influencermarketingclaims.com, regularly for updates and further details.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **PARTICIPATE BY FILING A CLAIM** | To obtain compensation under this Settlement, you must submit a valid claim. Please refer to **Question 5** for details on how to submit a valid claim. |
| | You can submit your claim now.  Under the current schedule, claims must be submitted electronically by ▮▮▮▮.  This schedule may change, so please visit the Settlement Website (www.influencermarketingclaims.com) regularly for updates. |
| **REQUEST EXCLUSION** | If you wish to exclude yourself from the Settlement, you must submit a request to exclude yourself from, or "opt out" of, the Settlement, by ▮▮▮▮.  If you do so, you will receive no compensation under this Settlement, but you will preserve your rights to bring claims against |

| | Defendants over the claims being resolved by this Settlement. Please refer to **Questions 11-13** for further detail. |
|---|---|
| **OBJECT** | If you wish to object to the Settlement, you may write to the Court and explain what you dislike about the Settlement. You must submit your objection by ▮▮▮▮. If you object to the Settlement, you are expressing your views about the Settlement, but you will remain a member of the Settlement Class (if you are otherwise eligible) and you will still release the claims covered by this Settlement. If you make an objection, you must still submit a claim to receive compensation under the Settlement. Please refer to **Questions 16 & 17** for further details. |
| | If you object to the Settlement as described above, you may ask to speak in Court about the fairness of the Settlement. Please refer to **Questions 18-20** for further details. |
| **DO NOTHING** | If you do nothing, you will receive no payment in this Settlement and you will give up your right to assert claims against Defendants arising from or related to in any to Defendants, the conduct alleged in the Action, or conduct arising from the factual predicate of the Action. |

## WHO IS IN THE SETTLEMENT CLASS

**2.      AM I PART OF THE SETTLEMENT CLASS?**

The Settlement Class consists of all persons (including entities) in the United States who participated in an affiliate commission program with an online merchant that also partnered with Capital One Shopping between January 6, 2020 and [the date on which the Court enters the Preliminary Approval Order], and who were involved in a transaction in which Capital One Shopping was also involved.

Eligibility for a Proof Payment or Alternative Payment will be determined using the Capital One Shopping Data. Some entities are excluded from the Settlement Class; the list of such entities can be found on the Settlement Website www.influencermarketingclaims.com.

## SETTLEMENT BENEFITS – WHAT SETTLEMENT CLASS MEMBERS GET

**3.      WHAT DOES THE SETTLEMENT PROVIDE?**

If approved, the Settlement will provide compensation and other benefits to Settlement Class Members who submit a valid Claim Form. Settlement Class Members who submit a valid Claim Form are eligible for one of two mutually exclusive payments:

- **Proof Payment:** Settlement Class Members who can demonstrate that they have one or more qualifying transactions within the Capital One Shopping Data by submitting a valid and timely Proof Payment Claim Form shall receive the greater of (i) a monetary payment equivalent to the amount of commission received by Capital One Shopping for all

qualifying transactions posted on or after November 1, 2023, or (ii) the Alternative Payment. (**NOTE**: If your affiliate data is associated only with transactions that were posted prior to November 1, 2023, you are not eligible for a Proof Payment, but you ***are*** still eligible for an Alternative Payment.). In order to be eligible for a Proof Payment, there must be a sufficient indication in the data that Capital One received a commission in connection with a transaction where the consumer had clicked the Claimant's affiliate link prior to clicking on Capital One's affiliate link, and Capital One's receipt of that commission may have been inconsistent with industry standards.

- **Alternative Payment:** Settlement Class Members who submit a valid and timely Alternative Payment Claim Form and do not receive a Proof Payment shall receive $20. In order to be eligible for an Alternative Payment, there must be a sufficient indication of the Claimant's affiliate information in Capital One's data.

Defendants will also make certain commitments with respect to its business practices, which are described below and also are available in the Settlement available on the Settlement Website.

**Questions 4-7** below describe these benefits in more detail.

## 4.     HOW MUCH WILL I RECEIVE IF I FILE A CLAIM?

The amount that each Settlement Class Member is entitled to is variable and depends on the information provided by the Settlement Class Member on their Claim Form.

Settlement Class Members eligible for a **Proof Payment** will get an amount equal to the commission received by Capital One Shopping for qualifying transactions posted on or after November 1, 2023. If a Settlement Class Member's Proof Payment would be less than $20, the Settlement Class Member will receive an Alternative Payment instead. If a Settlement Class Member receives an Alternative Payment, they will not receive a Proof Payment.

Settlement Class Members eligible for an **Alternative Payment** will receive $20. No Settlement Class Member shall receive more than one Alternative Payment.

The total amount paid, and individual payments to all valid Claimants, will not be reduced by the number of people who submit claims.

## 5.     HOW DO I SUBMIT A CLAIM FOR CASH COMPENSATION?

You must timely submit a valid Claim Form to receive a settlement payment.

Your claim must be submitted online through the portal available at www.influencermarketingclaims.com or by mailing it to the Settlement Administrator. To complete a Claim Form, you will need to provide, at a minimum: (1) your name and contact information, including mailing address, phone number, email address; (2) your Social Security Number or Taxpayer Identification Number; (3) information sufficient to demonstrate that you partnered with a merchant that also partnered with Capital One Shopping using the same affiliate network; and (4) information sufficient to demonstrate that you have a qualifying transaction in

the Capital One Shopping Data, including your trade name, publisher ID, affiliate ID, URLs (short and/or long form), and/or click IDs. The Settlement Administrator will only search the Capital One Shopping Data for identifiers you provide. Not all identifiers are included for every transaction in the Capital One Shopping Data, so submitting incomplete information may result in the Administrator being unable to locate your transaction(s). Additionally, while you will not be required to submit click IDs with your Claim Form, click IDs are an important piece of evidence that can demonstrate ownership and eligibility for payment, and failure to provide click IDs could make it difficult to locate transactions in the Capital One Shopping data or establish ownership and eligibility for payment.

## 6.    WHEN WILL I GET MY PAYMENT?

The Settlement Administrator will calculate the payment amount for each timely and valid and complete Claim Form, and send out payments after the Settlement's "Effective Date," consistent with the schedule set forth in the Settlement.

The "Effective Date" will depend on when the Court enters its order finally approving the Settlement and its Judgment, and whether there is an appeal of the Judgment.

Please check www.influencermarketingclaims.com after the Final Approval Hearing (*see* **Questions 18-20**) for information concerning the timing of Settlement payments.  The Parties anticipate that the Court will hold its Final Approval Hearing in ████ 2026.

## 7.    WHAT COMMITMENTS WILL DEFENDANTS MAKE IN CONNECTION WITH THE SETTLEMENT REGARDING ITS BUSINESS PRACTICES?

Defendants shall implement for at least two years the following changes.

- Use its best efforts to ensure that the Capital One Shopping Browser Extension is designed and functions so that it complies with the stand-down rules and policies established by affiliate networks and merchants that partner with Capital One Shopping, including reviewing the work of Settlement Class Representatives' expert to determine if any affiliate links that were not included in Capital One Shopping's affiliate_redirect_match table should have triggered a stand down.
- Formalize a process whereby Defendants periodically review applicable stand-down rules established by its partner networks and merchants and monitors compliance with those rules.
- Identify an ombudsman within Capital One with a published email address who can serve as a point of contact for merchants, affiliate networks, and publishers to contact with concerns about whether Capital One Shopping is complying with the terms of this Agreement.
- Abide by a process where bona fide, non-frivolous issues brought to the attention of the ombudsman are evaluated in order to determine whether they require any changes to the Capital One Shopping Browser Extension. This obligation shall not apply to communications involving individuals or entities perceived to be making false or

fraudulent claims, automatically generated messages, or messages sent on behalf of others (other than legal counsel for a Settlement Class Member).

- In instances where Defendants determine that changes should be made to the Capital One Shopping Browser Extension, Defendants will evaluate whether the issue being addressed is of such significance that it needs to be addressed globally (*i.e.*, across multiple merchants and/or affiliate networks, if consistent with those merchants or networks' standdown rules), or whether it should be addressed only at a website-, merchant-, or other non-global level.

In the event technological or industry developments or intervening changes in law make compliance by Defendants with any provision impossible or technically impractical, the Parties agree to negotiate in good faith as to appropriate modifications to such provision. If the Parties reach a mutual agreement that the elimination or modification of a provision is appropriate, they may jointly petition the Court to eliminate or modify such provision. If the Parties fail to reach an agreement, Defendants may ask the Court to eliminate or modify such provision.

## UNDERSTANDING THE CLASS ACTION PROCESS

**8.    WHAT IS A CLASS ACTION?**

In a class action, one or more people called "class representatives" sue on behalf of people and/or companies who have similar claims.  All these people are a "class" or "class members."  When a class action is settled, the Court resolves the issues in the lawsuit for all class members, except for those who request to be excluded from (or "opt out" of) the class.  Opting out means that you will not receive benefits under the Settlement.  The opt out process is described in **Questions 11-13** below.

**9.    WHAT AM I GIVING UP TO REMAIN A MEMBER OF THE CLASS?**

If the Settlement becomes final and you do not exclude yourself, you will release Defendants and the Released Parties from liability for all Released Claims and you will not be able to sue them about the issues in the lawsuit.  Under the Settlement, "Released Claims" are defined as follows:

> (i) any and all Claims that the Releasing Parties ever had, now have, or hereafter can, shall, or may have, individually, representatively, derivatively, or in any other capacity, against Defendants, arising from or related in any way to Capital One Shopping, the conduct alleged in this Action, or conduct arising from the factual predicate of this Action, from the beginning of time through the date of the Preliminary Approval Order, as well as (ii) any and all claims the Releasing Parties may have in the future that relate to the same factual predicate as asserted in this Action or the operation of the Capital One Shopping Browser Extension where Capital One Shopping complies with the applicable network's or merchant's stand-down rules in effect at the time of a transaction involving a Released Party.

The Settlement Agreement at Section 3.6 describes the Released Claims in necessary legal terminology, so read it carefully.  The Settlement Agreement is available at www.influencermarketingclaims.com.

Questions? Visit www.influencermarketingclaims.com or call toll-free at ▆▆▆▆▆▆.

You can talk to one of the lawyers listed in **Question 14** below for free or you can, of course, talk to your own lawyer at your own expense.

## 10.    WHAT HAPPENS IF I DO NOTHING AT ALL?

If you do nothing, you will not get a payment from the Settlement, but Defendants will still implement the business practice commitments.

You will still be bound by all terms of the Settlement, which means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants about the legal issues in this case.

## <u>EXCLUDING YOURSELF FROM THE SETTLEMENT</u>

## 11.    HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

If you do not want to receive benefits from the Settlement and/or you want to retain the right to sue the Defendants about the legal issues in this case, then you must take steps to remove yourself from the Settlement.  You may do this by asking to be excluded from the Settlement, which is sometimes referred to as "opting out."

To opt out of the Settlement, you must mail a letter or other written document to the Settlement Administrator.  Your request must include:

- The Settlement Class Member's full name, mailing address, and telephone number;
- A clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class;
- The name of the Action: "*In re Capital One Financial Corporation, Affiliate Marketing Litigation*, No. 1:25-cv-00023;"
- Your personal, wet signature. Electronic signatures, including DocuSign, are invalid and will not be considered personal signatures. Attorneys may not sign an exclusion request on a Settlement Class Member's behalf unless the Settlement Class Member is not a natural person and the attorney is employed by that Settlement Class Member.

Your exclusion Request must be postmarked no later than ▉▉▉▉ to:

Address Line 1
Address Line 2
Address Line 3 (if necessary)
City, State Zip
Email

## 12.    IF I DO NOT EXCLUDE MYSELF, CAN I SUE THE DEFENDANTS FOR THE SAME THING LATER?

No.  If you do not timely submit your request for exclusion or fail to include the required information in your request for exclusion, you will remain a Settlement Class Member and will

not be able to sue the Defendants about the claims that the Settlement resolves.  If you do not exclude yourself from the Settlement, you will be bound like all other Settlement Class Members by the Court's orders and judgments in this class action lawsuit, even if you do not file submit a Claim Form.

**13.    IF I EXCLUDE MYSELF, CAN I STILL GET A SETTLEMENT PAYMENT?**

No. You will not get money from the Settlement if you exclude yourself.  If you exclude yourself from the Settlement, do not send in a Claim Form asking for benefits from the Settlement.

<u>**THE LAWYERS REPRESENTING YOU**</u>

**14.    DO I HAVE A LAWYER IN THE CASE?**

Yes.  The Court has appointed the law firms of Hausfeld LLP; Berger Montague PC; Cohen Milstein Sellers & Toll PLLC; and Stueve Siegel Hanson LLP to represent Settlement Class Members as Settlement Class Counsel.  Their contact information is as follows:

| | |
|---|---|
| James J. Pizzirusso<br>Hausfeld LLP<br>1200 17th Street N.W.<br>Suite 600<br>Washington DC 20036<br>Tel: (202) 540-7154<br>Email: jpizzirusso@hausfeld.com | E. Michelle Drake<br>Berger Montague PC<br>1229 Tyler Street, NE, Suite 205<br>Minneapolis, MN 55413<br>Tel: (612) 594-5933<br>Email: emdrake@bm.net |
| Douglas J. McNamara<br>Cohen Milstein Sellers & Toll LLP<br>1100 New York Avenue, NW, Suite 800<br>Washington, DC 20005<br>Tel: (202) 408-4651<br>Email: DMcNamara@cohenmilstein.com | Norman E. Siegel<br>Stueve Siegel Hanson LLP<br>460 Nichols Road, Suite 200<br>Kansas City, MO 64112<br>Tel: (816) 714-7100<br>Email: siegel@stuevesiegel.com |

If you want to be represented by your own Lawyer, you may hire one at your own expense.

**15.    HOW WILL THE LAWYERS BE PAID?**

Settlement Class Counsel will ask the Court to award up to $3,950,000 in attorneys' fees and reasonable costs, for litigating this case and securing this settlement for the Settlement Class.

The Court must approve Settlement Class Counsel's requests for fees and costs.  Settlement Class Counsel will submit their request for fees by ████████, and that document will be available at www.influencermarketingclaims.com shortly after it is filed with the Court or by the time the Settlement Website is operational, whichever is later.  The amount of fees that the Court ultimately awards to Settlement Class Counsel, if any, will not affect the amount of compensation to be paid to Settlement Class Members.

Questions? Visit www.influencermarketingclaims.com or call toll-free at ████████.

Settlement Class Members will have an opportunity to comment on and/or object to the request for attorneys' fees and costs, as explained further in **Question 16**.

Any attorney fee award is ultimately determined by the Court. Please check www.influencermarketingclaims.com regularly for updates regarding their request for attorneys' fees and expenses.

## OBJECTING TO THE SETTLEMENT

**16.    HOW DO I TELL THE COURT IF I DO NOT LIKE THE SETTLEMENT?**

If you do not exclude yourself from the Settlement, you may object to it. The Court will consider your views in deciding whether to approve or reject this Settlement. If the Court does not approve the Settlement, no settlement payments will be sent, and the lawsuit will continue.

To comment on or to object to the Settlement or to Settlement Class Counsel's request for attorneys' fees and/or costs, you or your attorney must submit your written objection to the Court with the following information:

To object to the Settlement, you must send a written objection that includes the following:
- The case name and number (*In re Capital One Financial Corporation, Affiliate Marketing Litigation*, No. 1:25-cv-00023)
- Your full name, mailing address, and telephone number;
- A detailed statement of your objection(s) and who it applies to, as well as the specific reasons, if any, for each such objection;
- A statement about if you intend to appear at the Final Approval Hearing either in person or through counsel, and;
- Your signature, or the signature or affirmation of a person authorized to act on your behalf.

If you object through your own hired lawyer at your own expense, your objection must also include:
- The name, address, bar number, and telephone number of your counsel, and;
- A detailed description of all evidence you will offer at the Final Approval Hearing, including copies of any and all exhibits that you may introduce at the Final Approval Hearing

Your objection along with any supporting material you wish to submit, must be filed with the Court and delivered to the Clerk of the Court at the address below, by ▮▮▮▮▮.

| CLERK OF THE COURT |
| --- |
| Office of the Clerk<br>United States District Court for the Eastern District of Virginia, Alexandria Division<br>401 Courthouse Square<br>Alexandria, VA 22314 |

Questions? Visit www.influencermarketingclaims.com or call toll-free at ▮▮▮▮▮.

**17.    WHAT IS THE DIFFERENCE BETWEEN OBJECTING TO THE SETTLEMENT AND EXCLUDING MYSELF FROM THE SETTLEMENT?**

Excluding yourself is telling the Court that you do not want to be part of the Settlement Class and do not want to receive any benefits under the Settlement or release any of the claims resolved by the Settlement.  If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

Objecting is telling the Court that you do not like something about the Settlement, the requested fees and/or costs.  You may object only if you stay in the Settlement Class.  You do not need to submit a Claim Form to object, but if you make an objection, you must still submit a Claim Form to receive compensation under the Settlement.

<u>**THE COURT'S FINAL APPROVAL HEARING**</u>

**18.    WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?**

The Court will hold a Final Approval Hearing on �ना at ▒▒, in Courtroom ▒ of the United States District Court for the Eastern District of Virginia, Alexandria Division, 401 Courthouse Square, Alexandria, Virginia 224314.

At the hearing, the Court will consider whether to give final approval to the Settlement and grant Settlement Class counsel's request for attorneys' fees and costs.  We do not know how long these decisions will take.

**19.    DO I HAVE TO COME TO THE HEARING?**

No, you do not need to attend the Final Approval Hearing.  Settlement Class Counsel will answer any questions the Court may have.  If you wish to attend the hearing, you are welcome to come at your own expense.  If you submit an objection to the Settlement, you do not have to come to Court to talk about it, but you have the option to do so if you provide advance notice of your intention to appear (see **Question 20** below).  As long as you submitted a written objection with all of the required information on time with the Court, the Court will consider it.  You may have your own lawyer attend at your expense, but it is not required.

**20.    MAY I SPEAK AT THE HEARING?**

You may ask the Court for permission to speak at the Final Approval Hearing.  To do so, you must file with the Court, on or before ▒▒, a written notice of intent to appear at the Final Approval Hearing.  The address for the Court is provided in **Question 18** above.

If you do not provide a notice of intention to appear in complete accordance with the deadline and specifications provided above, you may not be allowed to speak or otherwise present any views at the Final Approval Hearing.

## **GETTING MORE INFORMATION**

**21.     HOW DO I GET MORE INFORMATION?**

This notice summarizes the proposed Settlement.  For more information, including important documents related to the Settlement, visit www.influencermarketingclaims.com.

You may also contact the Settlement Administrator for more information by emailing ▮▮▮▮▮, calling toll-free at ▮▮▮▮▮, or writing ▮▮▮▮▮▮▮▮.

For definitions of any capitalized terms used in this notice, please see the Settlement Agreement, available   on   the   Important   Documents   page   of   the   Settlement   Website, www.influencermarketingclaims.com.

# **Exhibit E**

*Capital One Shopping*

*Affiliate Marketing Litigation*

## Banner Advertisement

**300x250 Online Display Banner**



**Social Media Graphics**



**Facebook Newsfeed**
**Headline (30 characters w/spaces limit):** Class Action Lawsuit
**Description (125 characters w/spaces limit):** Have you promoted products on your platform and believe your commissions were diverted? You may be eligible for a payment.

**Facebook Right Hand Column**
**Headline (30 characters w/spaces limit):** Class Action Lawsuit

# **<u>Exhibit F</u>**

# If you advertised online with merchants and affiliate networks who partnered with Capital One Shopping, you may be entitled to a payment from a class action settlement

### The Claim deadline is Month/Day, 2026

**Visit www.influencermarketingclaims.com or call [number] for more information.**

A proposed settlement has been reached in a class action lawsuit alleging that Defendants Capital One Financial Corporation, Wikibuy LLC, and Wikibuy Holdings LLC ("Defendants") received affiliate marketing commissions that other affiliate marketers should have received. Defendants deny that they did anything wrong. The Settlement, if approved, resolves the lawsuit and provides benefits to Settlement Class Members who do not exclude themselves from the Settlement Class.

**Who is included?** The Settlement Class consists of all persons (including entities) in the United States who participated in an affiliate commission program with an online merchant that also partnered with Capital One Shopping between January 6, 2020 and [the date on which the Court enters the Preliminary Approval Order], and who were involved in a transaction in which Capital One Shopping was also involved. Eligibility for a payment will be determined using the Capital One Shopping Data. Some entities are excluded from the Settlement Class. The list of excluded entities can be found at www.influencermarketingclaims.com.

**What benefits does the Settlement provide?** If approved, the Settlement will provide payments and other benefits to Settlement Class Members who submit a valid Claim Form. Settlement Class Members who submit a valid Claim Form are eligible for one of the following payment types:

- **Proof Payment:** Settlement Class Members who can demonstrate that they have one or more qualifying transactions within the Capital One Shopping Data by submitting a valid and timely Proof Payment Claim Form will receive the greater of (i) the amount of commission received by Capital One Shopping for all qualifying transactions posted on or after November 1, 2023, or (ii) the $20 Alternative Payment. (**NOTE**: If your affiliate data is associated only with transactions that were posted prior to November 1, 2023, you are not eligible for a Proof Payment, but you *are* still eligible for an Alternative Payment.)

  **OR**

- **Alternative Payment:** Settlement Class Members who submit a valid and timely Alternative Payment Claim Form and do not receive a Proof Payment will receive $20. No Settlement Class Member can receive more than one Alternative Payment.

Defendants will also make certain commitments regarding it business practices, which are described in the Settlement available on the Settlement Website.

**What are the options?** You <u>must</u> submit a valid Claim Form by **Month Day, 2026** to receive a payment under the Settlement.

If you are a Settlement Class Member and do nothing, and the Settlement is approved and becomes final, you will <u>not</u> receive any payment under this Settlement, and you will give up your right to bring your own lawsuit against Defendants about the issues in the lawsuits. If you exclude yourself from the Settlement Class (sometimes referred to as "opting out"), you will give up your right to receive a Settlement payment but will retain any right you may have to sue a Defendants about the issues in this action. To exclude yourself, you must mail a signed, written request for exclusion, postmarked no later than **[120 days after entry of Preliminary Approval Order]**, to: [**settlement administrator address**]. Requests for exclusion must be specific to individual Settlement Class Members, and Settlement Class Members cannot request exclusion as a class or group. If you do not exclude yourself, you may object to or comment on the Settlement and/or to Settlement Class Counsel's request for attorneys' fees and litigation expenses and/or for a service award to the plaintiffs who brought this class action proceeding on behalf of the Settlement Class. To do so, you must send to the Court at the address below a written objection that is postmarked or filed no later than **[120 days after entry of Preliminary Approval Order]**. For more information, including as to what any request for exclusion or objection must contain, visit www.influencermarketingclaims.com.

**What happens next?** The Court will hold a hearing on **[DATE, 2026]** at the United States District Court for the Eastern District of Virginia, Albert V. Bryan U.S. Courthouse, Room 900, 401 Courthouse Square, Alexandria, Virginia, 22314, to decide whether to approve the Settlement, how much attorneys' fees and expenses to award the attorneys who worked representing the Settlement Class (up to $3.95 million), and whether to award a service award of up to $10,000 to each Settlement Class Representative who brought this case on behalf of the Settlement Class. If you are a Settlement Class Member, you or your attorney may ask permission to speak at the hearing at your own cost. The date and time of this hearing may change without further notice. Please check www.influencermarketingclaims.com for updates.

**Who represents the Settlement Class?** The Court has appointed the following lawyers at the following law firms to represent the Settlement Class: James J. Pizzirusso at Hausfeld LLP; E. Michelle Drake at Berger Montague PC; Douglas J. McNamara at Cohen Milstein Sellers & Toll LLP; and Norman E. Seigel at Stueve Siegel Hanson LLP. Together, these lawyers are called Settlement Class Counsel. Settlement Class Members do not need to pay these lawyers out of their pocket; instead, these lawyers will apply for compensation under the terms of the Settlement Agreement. If you are a Settlement Class Member and want to be represented by your own lawyer, you may hire one at your own expense.

**How do I get more information?** For more information, including to view copies of case documents including a detailed notice about your rights under the proposed Settlement, the full Settlement agreement, the complaints in the lawsuits, and Settlement Class Counsel's Motion for Attorney's Fees and Settlement Class Representative Service Awards, as well as any court orders related to the Settlement (once they are filed), visit www.influencermarketingclaims.com or call [**settlement administrator number**]. **PLEASE DO NOT CONTACT THE COURT.**

# **<u>Exhibit G</u>**

# CLAIM FORM
## *In re Capital One Shopping, Affiliate Marketing Litigation*

| INSTRUCTIONS |
| --- |

Before filling out this Claim Form, please carefully read the instructions below and the full Notice available at www.influencermarketingclaims.com.

The Settlement Class is defined as "all persons (including entities) in the United States who participated in an affiliate commission program with an online merchant that also partnered with Capital One Shopping during the Class Period, and who were involved in a transaction in which Capital One Shopping was also involved."

You **must** file a claim to receive a payment under the Settlement. This is an electronic Claim Form. A Claim Form will not be accepted by mail unless you request, from the Settlement Administrator, a paper Claim Form. Do not fill out a paper and electronic Claim Form. The instructions for completing a paper and mail-in Claim Form are different. The fastest way to submit a claim is via this online Claim Form.

As set forth in the Settlement Agreement, Settlement Class Members are eligible for one of two mutually exclusive payments:

1. **Proof Payment**: To receive a Proof Payment equal to the amount of commissions earned by Capital One on certain transactions, a Settlement Class Member must submit a Claim Form with sufficient information to demonstrate that the Settlement Class Member has at least one transaction within the Capital One Shopping Data that qualifies under the agreed-upon list of rules and parameters mutually developed by the Parties.
2. **Alternative Payment**: To receive an Alternative Payment of $20, a Settlement Class Member must submit a Claim Form with sufficient information to demonstrate that an identifier of theirs is present in a URL within the page_view data (such as a publisher ID, affiliate ID, affiliate link, or trade name) of the Capital One Shopping Data, and evidence indicating that both Capital One and the Settlement Class Member both partner with the same merchant through affiliate networks that Capital One Shopping also partners with.

Settlement Class Members who qualify, as set forth in the Settlement Agreement, for a Proof Payment shall receive the greater of (i) the Proof Payment, or (ii) the Alternative Payment. No Settlement Class Member shall receive both the Proof Payment and the Alternative Payment, and no Settlement Class Member may receive more than one Alternative Payment.

At all times, the burden is on the Settlement Class Member to establish ownership of the identifier locatable in Capital One Shopping's data, and to entitlement to any payment under the Settlement Agreement.

If you have questions about this Claim Form, please visit the Settlement Website for additional information. You may also contact the Settlement Administrator at [toll-free helpline number].

To complete your Claim Form, you must include the following:
1. **Claim Information**: Please type the requested information as set forth in each section. You may submit claims on behalf of only one entity per Claim Form. To receive a Proof Payment or Alternative Payment, you must provide sufficient information as set forth herein and in the Settlement Agreement.
2. **Claim Submission**: The fastest way to submit a claim is via this online Claim Form. Your electronic claim form must be submitted by [==Claims Submission Deadline==].

**Claim Verification**: All claims are subject to verification by the Settlement Administrator, and Capital One maintains the right to challenge any claimant's eligibility to payment. The Settlement Administrator will contact you if additional information or documentation is needed to verify your claim. Failure to complete all required information, including any subsequent request for supporting documentation, may result in denial of your Claim, delay its processing, or otherwise adversely affect the Claim. The Settlement Administrator will also review for, reject, and report false or fraudulent claims. Duplicate claims seeking payment for the same publisher or affiliate IDs or multiple claims associated with the same publisher or affiliate IDs but different personal information may be rejected.

**Assistance**: If you have questions concerning this Claim Form, please contact the Settlement Administrator at [==to add Settlement Administrator address==], or by calling [==toll-free helpline number==].

### PLEASE KEEP A COPY OF YOUR CLAIM FORM FOR YOUR RECORDS.

| IDENTIFYING INFORMATION |
|---|

The below information is required to submit a valid claim form eligible for payment. Submitting this information does not guarantee that you are eligible for any payment. (* = Required Field). If this claim is being submitted on behalf of a corporation, you must provide the corporation's name here.

**First Name\***: _____ MI: _____ **Last Name\***:_____
**Corporate Name**: _____
**Address\***: _____
**Unit/Apt**: _____ **City\***: _____ **State\***: _____
**Zip Code\***: _____
**Phone Number\***: _____
**Email Address\***: _____

**Period of Activity\*.** Provide the approximate date range during which you were active as an affiliate.

**Start\*: Month** [_____] **Year** [_____]

**End\*: Month** [_____] **Year** [_____]

**You must also provide <u>one</u> of the following**: (1) your Social Security Number (SSN); your Individual Taxpayer Identification Number (ITIN); or (3) the Employer Identification Number (EIN) of the business entity on whose behalf you are submitting a claim.

Identification Form:

Enter Number:

| | | |
|---|---|---|
| [                    ] | ✚ | [                    ] |

| |
|---|
| **SETTLEMENT PAYMENT ELECTION** |

Settlement Class Members can only receive a Proof Payment or an Alternative Payment, and not both. Settlement Class Members who qualify for a Proof Payment shall receive the greater of (i) the Proof Payment, or (ii) the Alternative Payment.

You must identify which payment you are seeking. While you may not receive both a Proof Payment and Alternative Payment, you can seek both forms of payment by checking the box for Proof Payment and Alternative Payment.

☐ **Proof Claim**: I am seeking payment equal to 100% of the commissions received by Capital One for transactions that (i) are associated with my affiliate data and (ii) were posted on or after November 1, 2023. (**NOTE**: If your affiliate data is associated only with transactions that were posted prior to November 1, 2023, you are not eligible for a Proof Payment, but you *are* still eligible for an Alternative Payment.)

☐ **Alternative Payment**: I am seeking the $20 payment based on evidence that (i) my identifiers appear in Capital One Shopping's page_view data and (ii) I partner with one or more merchants that Capital One also partners with.

| |
|---|
| **MERCHANT PARTNERSHIP INFORMATION** |

To be a Settlement Class Member, you must provide information sufficient to identify at least one merchant partner that both you and Capital One Shopping partner with through one or more of the same affiliate networks. You must also provide the domain name for each merchant partner. The domain name and merchant and affiliate network partner(s) should meet the below qualifications:

1. **Merchant Partner(s)**: You must list any merchants that you have partnered with previously. Only list partners with whom you were eligible to earn a commission via a commissionable affiliate link.
2. **Affiliate Network Partner(s)**: You must list any affiliate networks with whom the merchant partners you worked with to earn commissions were partnered. Only list affiliate networks used during partnerships where you were eligible to earn commissions.
3. **Domain name**: You must list the domain name for each merchant partner. The domain name is what appears after "www." and before ".com". For example, the domain name

for Capital One Shopping's website—www.capitaloneshopping.com—is "capitaloneshopping".

For every merchant partner you list, you must also list the corresponding affiliate network for that merchant partner. In other words, you should list the affiliate network that the merchant partner used for their affiliate marketing program. If any merchant partner had more than one affiliate network partner during the time of your partnership, please create a separate entry for each affiliate network, listing the same merchant partner and domain name where applicable.

Merchant Partner*              Affiliate Network Partner*              Domain Name*

[                    ] ✚      [                    ] ✚      [                    ] ✚

| **REQUIRED TRANSACTION IDENTIFYING INFORMATION** |
| --- |

The Settlement Administrator will use the below information to determine whether you are eligible for any payment and, if so, whether you are eligible for an Alternative Payment or a Proof Payment.

***You must provide at least one of the following categories of information to prove that (1) one of your owned affiliate publisher identifiers is present in Capital One Shopping's transaction data, (2) you are the true owner of that publisher account, and (3) you partner with the same merchants through the same affiliate networks as Capital One Shopping.*** Although you are not required to submit *all* of the categories of information listed below, the Settlement Administrator will only search the data for identifiers you provide. Not all identifiers are included for every transaction in the data, so submitting incomplete data may result in the Administrator being unable to locate your transaction(s). Additionally, although you are not required to submit click IDs, click IDs are an important piece of evidence that can demonstrate ownership and eligibility for payment, and failure to provide click IDs could make it difficult to locate transactions in the Capital One Shopping Data or establish ownership and eligibility for payment.

**Affiliate ID(s)**: List any known affiliate IDs that associated with you or your business. Please list each affiliate ID in a separate entry.

[                                                        ] ✚

**Publisher ID(s)**: List any known publisher IDs that were associated with you or your business. Please list each publisher ID in a separate entry.

[                                                        ] ✚

**Affiliate Link(s)**: List any affiliate links that are or have been commissionable and that were associated with you or your business. Please list each affiliate link in a separate entry. If possible, please expand any short-form links to their full long form (preferable, but not required).

[                                                        ] ✚

**Click ID(s)**:  List any click IDs generated by someone besides yourself or your business clicking on any affiliate IDs that are or have been commissionable and that were associated with you or your business.  Please list each click ID in a separate entry.

**Trade Name(s)**:  If you are submitting a claim on behalf of a corporate entity, you may list any trade names under which that corporate entity does business.  If you choose to do so, please list each Trade Name in a separate entry.

---

**PROOF OF OWNERSHIP**

To qualify for any payment, you must provide documentation sufficient to prove that you (or the business entity on whose behalf you are submitting this claim) own the identifiers (*i.e.*, the Affiliate IDs, Publisher IDs, affiliate links, etc.) that are associated with the claim.  This documentation, along with the information that you provide in response to the sections above, will be reviewed by the Settlement Administrator to determine, among other things, whether a given settlement claim is potentially fraudulent.

There is no specific document that you must submit to make this showing; you may attach any document (or documents) that you wish.  Some examples of potentially acceptable documentation include:

- a screenshot of your (or your business's) online dashboard on the applicable affiliate network(s) website(s)
- a payment report of your (or your business's) commissions earned from the applicable affiliate network(s)
- a copy of your (or your business's) contract(s) with the applicable affiliate network(s)
- correspondence (*i.e.*, a letter or email) from the applicable affiliate network(s) that includes the applicable Affiliate ID(s) or Publisher ID(s), or otherwise shows an existing relationship between you (or your business) and the affiliate network
- a recent bank statement that includes a deposit from the applicable affiliate network(s)a sworn declaration attesting to ownership

In any event, the Settlement Administrator reserves the right to request additional (or different) proof, in its discretion, based on the nature of the proof (or other information) that you submit in connection with this claim.

**Documents**.  You may attach up to 20 documents in JPG, PNG, or PDF formats.  Please attach each file separately.

---

**PAYMENT METHOD**



Please select your preferred payment method for your claim. If you do not make an election or if you elect more than one option, any payment you receive will be via a digital prepaid MasterCard.

☐ Digital prepaid MasterCard    Virtual Debit Card Email: _____
☐ PayPal                        PayPal Email: _____
☐ Zelle                         Zelle Email: _____
☐ Venmo                         Venmo Phone Number: _____

| **CERTIFICATION AND SIGNATURE** |
| --- |

By signing below, I certify that all the information that I supplied in this Claim Form is true and correct to the best of my knowledge and belief, and, to the best of my knowledge and belief, no other person or entity has a claim to any payment I am seeking in connection with this Settlement. If submitting on behalf of an entity, I further attest I have sufficient authority to submit a claim for this entity, and no other person is submitting a claim for the same entity. I understand that the information I submit in this Claim Form is subject to verification and the Settlement Administrator may reach out to me for further information or documentation to verify my claim, and may reject my claim if the information provided is insufficient. Anyone who knowingly submits a false claim, makes a false statement, or otherwise commits perjury could be subject to criminal and/or civil penalties, including confinement and/or fines.

**Printed Name**

☐

**Electronic Signature**

☐

**Title (if submitting on behalf of a company)**

☐

**Date**

☐

# **<u>Exhibit H</u>**

## ENTITIES AND INDIVIDUALS EXCLUDED FROM SETTLEMENT CLASS DEFINITION

- Rakuten
- Honey
- Pie
- Microsoft Shopping
- Fat Coupon
- RetailMeNot
- Coupert
- Offers.com
- Savings.com
- Klarna
- Affirm
- NextGen Shopping
- Coupon Cabin
- Ibotta
- Wildfire Systems
- Karma
- Coupon Birds
- BeFrugal.com
- Top Cashback
- Slickdeals.com
- Prodege LLC
- Gocashback.com
- PriceBlink
- Mypoints.com
- CNET
- CouponFollow
- Swagbucks
- Webravo_SRL
- eBay
- Google
- Airline loyalty programs: Delta SkyMiles, American Airlines AA Advantage, United MileagePlus, Southwest Rapid Rewards, and Alaska Airlines Mileage Plan Shopping
- Capital One, including any entity in which Capital One has a controlling interest, and Capital One's officers, directors, legal representatives, successors, subsidiaries, and assigns
- Any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff