IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| *In re Capital One Financial Corporation, Affiliate Marketing Litigation* | Case No. 1:25-cv-00023-AJT-WBP |

### ORDER GRANTING
### PRELIMINARY APPROVAL OF CLASS SETTLEMENT

Before the Court is Plaintiffs' Motion for Preliminary Approval (the "Motion"). Plaintiffs Ahntourage Media LLC, Just Josh, Inc., Storm Productions LLC, TechSource Official, and ToastyBros, LLC (collectively, "Settlement Class Representatives") and Defendants Capital One Financial Corporation, Wikibuy LLC, and Wikibuy Holdings, LLC ("Capital One")[1] have entered into a Class Action Settlement Agreement and Release, dated December 8, 2025 (the "Settlement Agreement").

Having thoroughly reviewed the Settlement Agreement, including the proposed forms of class notice and other exhibits thereto, the Motion, and the papers and arguments in connection therewith, THE COURT HEREBY FINDS, CONCLUDES, AND ORDERS THE FOLLOWING:

1. Capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

---

[1] During the pendency of the Action, names of entities Wikibuy LLC and Wikibuy Holdings, LLC were changed to Capital One Shopping LLC and Capital One Shopping Holdings, LLC, respectively.

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), and has personal jurisdiction over the Parties and the Settlement Class Members. Venue is proper in this District.

3. The Motion is GRANTED.

4. The Court hereby provisionally certifies, for settlement purposes only, a "Settlement Class," pursuant to Rule 23(b)(3), consisting of

> All persons (including entities) in the United States who participated in an affiliate commission program with an online merchant that also partnered with Capital One Shopping during the Class Period, and who were involved in a transaction in which Capital One Shopping was also involved. Excluded from the Settlement Class are the entities listed in Exhibit H to the Settlement Agreement.

5. The Court hereby preliminarily approves the Settlement Agreement and the terms embodied therein pursuant to Rule 23(e)(1). The Court finds that it will likely be able to approve the Settlement Agreement under Rule 23(e)(2) and to certify the Settlement Class for purposes of judgment on the proposed Settlement. The Court preliminarily finds that the Settlement is fair, reasonable, and adequate as to the Settlement Class Members under the relevant considerations. The Court finds that proposed Settlement Class Representatives and proposed Settlement Class Counsel have adequately represented, and will continue to adequately represent, the Settlement Class. The Court further finds that the Settlement Agreement is the product of arm's length negotiations by the Parties through an experienced mediator, the Honorable Jay Gandhi (Ret.), and comes after adequate investigation of the facts and legal issues, the filing of multiple individual complaints by proposed Settlement Class Representatives that were consolidated into the Action, a day-long mediation session, and extended arm's-length negotiations thereafter. The Court preliminarily finds that the relief provided to the Settlement Class is adequate taking into account, *inter alia*, the costs, risks, and delay of trial and appeal and the proposed method of distributing

compensation to the Settlement Class. The Court further finds that the Settlement Agreement treats the Settlement Class Members equitably relative to one another. As set forth more fully in the Settlement Agreement, each Settlement Class Member that submits a timely and valid Claim Form will be sent either Proof Payments equivalent to any amount of commissions for transactions that qualify, or an Alternative Payment. The Court will fully assess any request for an Attorneys' Fees and Costs Award or a Settlement Class Representative Service Award after receiving a motion from proposed Settlement Class Representatives and Settlement Class Counsel supporting such request. At this stage, the Court finds that the plan to request these awards creates no reason not to direct notice to the Settlement Class, especially because any motion for any such award must be filed before the deadline to object or opt-out of the Settlement.

6. The Court finds that, for settlement purposes only, the Settlement Class, as defined above, meets the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3). Specifically, the Court finds that (1) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (2) there are questions of law and fact common to Settlement Class Members; (3) proposed Settlement Class Representatives' claims are typical of those of the Settlement Class Members; (4) proposed Settlement Class Representatives and Settlement Class Counsel have fairly and adequately represented, and will continue to fairly and adequately represent, the interests of the Settlement Class Members; and (5) for purposes of settlement only, the Settlement Class meets the predominance and superiority requirements of Rule 23(b)(3).

7. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect, and the Parties preserve all rights and defenses regarding class

certification in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

8. The Court hereby appoints Plaintiffs Ahntourage Media LLC, Just Josh, Inc., Storm Productions LLC, TechSource Official, and ToastyBros, LLC as Settlement Class Representatives to represent the Settlement Class.

9. The Court hereby appoints the following lawyers at the following firms as Settlement Class Counsel for the Settlement Class: James J. Pizzirusso at Hausfeld LLP; E. Michelle Drake at Berger Montague PC; Douglas J. McNamara at Cohen Milstein Sellers & Toll, LLP; and Norman E. Siegel at Stueve Siegel Hanson LLP.

10. The Court hereby appoints Epiq Class Action & Claims Solutions, Inc. ("Epiq") as Settlement Administrator and directs Epiq to carry out all duties and responsibilities of the Settlement Administrator as specified in the Settlement Agreement and herein.

Notice Program

11. Pursuant to Rule 23(e)(1) and Rules 23(c)(2)(A) and 23(c)(2)(B), the Court approves the proposed Notice program set forth at Section 4.3 of the Settlement Agreement, including the form and content of the proposed forms of class notice attached as Exhibits D and F to the Settlement Agreement. The Court finds that the proposed Notice program meets the requirements of due process under the U.S. Constitution and Rule 23; and that such Notice program, which includes the establishment of a Settlement Website, the establishment of a toll-free telephone helpline, the publication of notice online through an appropriate programmatic network, which will include advertising on search engines and social media, and publication of notice of the proposed Settlement over a newsline for direct distribution into newsrooms, is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all

persons entitled thereto. The Court further finds that the proposed form and content of the Notice are adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement Class, the right to object or opt out, and the proposed Settlement and its terms. The Court finds that the Notice clearly and concisely states in plain, easily understood language, *inter alia*: (i) the nature of the Action; (ii) the definition of the Settlement Class; (iii) the class claims and issues; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Settlement Class Member must submit a timely claim via a valid Claim Form to be eligible to receive compensation under the Settlement; (vi) the time and manner for submitting a Claim Form; (vii) that the Court will exclude from the Settlement Class any member who timely and validly requests exclusion; (viii) the time and manner for requesting exclusion; and (ix) the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3). The parties may make non-material changes to the proposed Notice program, including the form and content of the Notice, without seeking further approval of the Court.

12. The Court directs the Settlement Administrator and the Parties to implement the Notice program as set forth in the Settlement Agreement. As soon as practicable and no later than 60 days after entry of this Preliminary Approval Order, the Settlement Administrator shall do the following:

    a. <u>Settlement Website</u>: The Settlement Administrator shall establish a Settlement Website hosted at www.influencermarketingclaims.com that is dedicated to the Settlement. The Settlement Website shall contain the Long Form Notice (in substantially the same form attached as Exhibit D to the Settlement Agreement), in both downloadable PDF format and HTML format; a Contact Information page that includes the address for the Settlement

Administrator and addresses and telephone numbers for Settlement Class Counsel; the telephone helpline number; the Settlement Agreement; this Order; an online version of the Claim Form; and all other material filings by the Parties or the Court regarding the Settlement, including Settlement Class Counsel's Motion for Attorney's Fees and/or Settlement Class Representative Service Awards, the Motion for Final Approval of the Settlement, and any orders with respect to such applications and motions. The Settlement Website shall remain accessible until at least 120 days after all monetary payments to eligible Settlement Class Members have been distributed.

        b.    <u>Toll-free telephone helpline</u>: The Settlement Administrator shall establish a toll-free telephone helpline, which shall be posted on the Settlement Website, and to which Settlement Class Members may refer for information about the Action and the Settlement Agreement. The toll-free helpline shall remain active until at least 120 days after all monetary payments to eligible Settlement Class Members have been distributed

        c.    <u>Online Notice</u>: The Settlement Administrator shall cause the Online Notice to be published through a Digital Notice Campaign (including targeted advertising and social media advertising through Google, Facebook, and YouTube, as appropriate) and acquire sponsored search listing on the major internet search engines.

        d.    <u>Publication Notice</u>: The Settlement Administrator shall cause the Publication Notice to be distributed over a newsline for direct distribution into newsrooms.

        13.    By no later than 7 days before the Motion for Final Approval is due under the terms of the Settlement Agreement, the Settlement Administrator shall provide to Settlement Class Counsel for filing in connection with the Motion for Final Approval an affidavit affirming that the Notice program has been implemented in accordance with the Settlement Agreement and this

Order (including CAFA notice) and identifying any Settlement Class Members who timely and validly requested exclusion from the Settlement Class.

Opt-Out and Objection Procedures

14. Settlement Class Members may exclude themselves from the Settlement Class by following the procedures set forth in Section 4.5 of the Settlement Agreement. As set forth more fully in the Settlement Agreement, Settlement Class Members shall mail to the Settlement Administrator a written request for exclusion that is postmarked no later than 120 days after entry of this Preliminary Approval Order (the "Exclusion/Objection Deadline"). To be effective, the request for exclusion must include (a) the Settlement Class Member's full name, telephone number, and mailing address; (b) a clear and unequivocal statement that the Settlement Class Member wishes to be excluded from the Settlement Class; (c) the name of the Action: "*In re Capital One Financial Corporation, Affiliate Marketing Litigation*, No. 1:25-cv-00023"; and (d) the Settlement Class Member's signature, or the like signature or affirmation of an individual authorized to act on the Settlement Class Member's behalf. Upon the Settlement Administrator's receipt of a timely and valid exclusion request, the Settlement Class Member shall be deemed excluded from the Settlement Class and shall not be entitled to any benefits of this Settlement. A Settlement Class Member may request to be excluded from the Settlement only on the Settlement Class Member's own behalf; a Settlement Class Member may not request that other Settlement Class Members (or a group or subclass of Settlement Class Members) be excluded from the settlement.

15. Any Settlement Class Member who does not request exclusion from the Settlement Class has the right to object to the proposed Settlement and/or to Settlement Class Counsel's Motion for Attorney's Fees and Settlement Class Representative Service Awards. To be

considered valid, an objection must be in writing, must be filed with or sent to the Court, must be postmarked or filed no later than 120 days after entry of this Preliminary Approval Order (the Exclusion/Objection Deadline), and must include the following: (a) the case name and case number: "*In re Capital One Financial Corporation, Affiliate Marketing Litigation*, No. 1:25-cv-00023"; (b) the full name, mailing address, and telephone number of the Settlement Class Member objecting to the Settlement (the "Objector"); (c) the Objector's signature, or the like signature or affirmation of an individual authorized to act on the Objector's behalf; (d) a statement of the specific grounds for the objection; (e) a statement whether the objection applies only to the Objector, to a specific subset of the class, or to the entire class; (f) the name, address, bar number, and telephone number of counsel for the Objector, if represented by an attorney in connection with the objection; and (g) a statement whether the Objector intends to appear at the Final Approval Hearing, either in person or through counsel. If the Objector or his or her attorney intends to present evidence at the Final Approval Hearing, the objection must contain the following information: a detailed description of all evidence the Objector will offer at the Final Approval Hearing, including copies of any and all exhibits that the Objector may introduce at the Final Approval Hearing. If an objection is not submitted in accordance with this paragraph, this Court may in the exercise of its discretion refuse to consider it. Any Settlement Class Member who does not timely submit an objection in accordance with this paragraph shall waive the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the proposed Settlement or to Settlement Class Counsel's Motion for Attorney's Fees and Settlement Class Representative Service Awards.

16.  By no later than 90 days after the entry of the Preliminary Approval Order, Settlement Class Counsel shall file their Motion for Attorney's Fees and Settlement Class

Representative Service Awards. Any such motions shall be posted to the Settlement Website within two business days after filing.

Final Approval Hearing

17.  The Court will hold a Final Approval Hearing on June 10, 2026 [at least 174 days after entry of this Preliminary Approval Order] at 10 a.m./p.m., in the United States District Court for the Eastern District of Virginia, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314. The purposes of the Final Approval Hearing will be to: (i) determine whether the proposed Settlement Agreement should be finally approved by the Court as fair, reasonable, adequate, and in the best interests of the Settlement Class; (ii) determine whether judgment should be entered pursuant to the Settlement Agreement, dismissing the claims in the Action with prejudice and releasing all Released Claims; (iii) determine whether the Settlement Class should be finally certified; (iv) rule on Settlement Class Counsel's Motion for Attorney's Fees and/or Settlement Class Representative Service Awards; (v) consider any properly filed objections; and (vi) consider any other matters necessary in connection with the final approval of the Settlement Agreement.

18.  By no later than 35 days before the Final Approval Hearing, Settlement Class Counsel shall file their Motion for Final Approval of the Settlement Agreement.

19.  Any oppositions (if any) to the Motion for Final Approval shall be filed 14 days after the service of the Motion for Final Approval.

20.  Any replies in further support of the Motion for Final Approval (if any) shall be filed 14 days after the service of the brief(s) opposing the Motion for Final Approval

21. The Court may, in its discretion, modify the date, time, and/or location of the Final Approval Hearing. In the event the Court changes the date, time, and/or location of the Final Approval Hearing, the new date and time shall be posted on the Settlement Website.

22. If the Settlement Agreement, including any amendment made in accordance therewith, is not approved by the Court or shall not become effective for any reason whatsoever, the Settlement Agreement and any actions taken or to be taken in connection therewith (including this Preliminary Approval Order and any judgment entered herein), shall be terminated and shall become null and void and of no further force and effect except for (i) any obligations to pay for any expense incurred in connection with Notice and administration as set forth in the Settlement Agreement, and (ii) any other obligations or provisions that are expressly designated in the Settlement Agreement to survive the termination of the Settlement Agreement.

23. Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, including matters relating to Settlement Class Counsel's Motion for Attorney's Fees and Settlement Class Representative Service Awards, all proceedings in the Action are hereby stayed and suspended until further order of this Court.

24. Pending final determination of whether the Settlement Agreement should be finally approved, Settlement Class Representatives, all Settlement Class Members, and Releasing Parties (and any persons purporting to act on their behalf) are barred and enjoined from filing, commencing, prosecuting, maintaining, or enforcing any Released Claims against the Released Parties, directly or indirectly (including in any action purportedly brought on behalf of the general public of the United States or of a particular state, district, or territory therein), in any judicial, administrative, arbitral, or other forum. This bar and injunction are necessary to protect and

effectuate the Settlement Agreement and this Preliminary Approval Order, and this Court's authority to effectuate the Settlement, and is ordered in aid of this Court's jurisdiction.

25. This Preliminary Approval Order, the Settlement Agreement, and all negotiations, statements, agreements, and proceedings relating to the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not constitute, be described as, construed as, offered, or received against Capital One or the other Released Parties as evidence or an admission of: (a) the truth of any fact alleged by any plaintiff in the Action; (b) any liability, negligence, fault, or wrongdoing of Capital One or the Released Parties; or (c) that this or any other action may be properly certified as a class action for litigation, non-settlement purposes.

26. The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement according to its terms should it be finally approved.

27. The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Settlement Class Members. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this Preliminary Approval Order.

28. The following chart summarizes the dates and deadlines set by this Preliminary Approval Order:

| | |
|---|---|
| Notice Date | No later than 60 days after entry of this Preliminary Approval Order |
| Last day for Settlement Class Counsel to file Motion for Attorney's Fees and Settlement Class Representative Service Awards | 90 days after entry of this Preliminary Approval Order |

11

| | |
|---|---|
| Claims Submission Deadline | 120 days after entry of this Preliminary Approval Order |
| Exclusion/Objection Deadline | 120 days after entry of this Preliminary Approval Order |
| Last day for Settlement Class Counsel to file motion for final approval of the Settlement | 35 days before Final Approval Hearing |
| Last day to file oppositions (if any) to the motion for final approval of the Settlement | 21 days before Final Approval Hearing |
| Last day to file any replies in further support of the motion for final approval of the Settlement | 7 days before Final Approval Hearing |
| Final Approval Hearing | June 10, 2026, which is 174 days after entry of this Preliminary Approval Order |

**IT IS SO ORDERED.**

DATED: December 18, 2025

/s/
Anthony J. Trenga
Senior United States District Judge

Hon. Anthony J. Trenga
United States District Judge